**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FOREVER 21, INC., *et al.*,[1] | ) | Case No. 19-12122 (KG) |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | **Re: Docket No. 11** |

# INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") (a) authorizing, but not directing, the Debtors to (i) pay certain prepetition employee wages, salaries, other compensation, reimbursable employee expenses, and (ii) continue Employee Benefits Programs in the ordinary course, including payment of certain prepetition obligations related thereto (b) scheduling a final hearing to consider approval of the Motion on a final basis and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on October 28, 2019, at 2:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on October 21, 2019, and shall be served on: (a) the Debtors, 3880 N. Mission Road, Los Angeles, California 90031, Attn: Scott Hampton (scott.hampton@Forever21.com); (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com) and Aparna Yenamandra (aparna.yenamandra@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Anup Sathy, P.C. (asathy@kirkland.com); (c) proposed co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones (ljones@pszjlaw.com), James E. O'Neill (jo'neill@pszjlaw.com), and Timothy P. Cairns (tcairns@pszjlaw.com); (d) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35,

Wilmington, Delaware 19801, Attn: Juliet M. Sarkessian (Juliet.M.Sarkessian@usdoj.gov); (e) counsel to any statutory committee appointed in these chapter 11 cases; (f) counsel to the administrative agent under the Debtors' prepetition revolving credit facility and the Debtors' proposed debtor in possession ABL financing facility, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn: Julia Frost-Davies (Julia.frost-davies@morganlewis.com) and Christopher L. Carter (christopher.carter@morganlewis.com) and Richards, Layton & Finger, PA, One Rodney Square, 920 North King St., Wilmington, Delaware 19801, Attn: Mark D. Collins (collins@rlf.com); and (g) counsel to the administrative agent under the Debtors' proposed debtor in possession term loan facility, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris (Adam.Harris@srz.com), Frederic L. Ragucci (Frederic.Ragucci@srz.com), and Marc B. Friess (Marc.Friess@srz.com). In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, in their sole discretion, to continue, modify, change, and discontinue the Employee Compensation and Benefits in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law and the terms of this Interim Order; provided, however, that the Debtors shall seek Court approval, on notice, of any modification or change that would implicate any portion of section 503(c) of the Bankruptcy Code.

4. The Debtors are authorized, but not directed, in their sole discretion, to pay and honor prepetition amounts outstanding under or related to the Employee Compensation and Benefits Programs in the ordinary course of business that become due and owing prior to entry of the final order on the Motion, up to the amounts set forth in paragraph 5 below; *provided* that,

notwithstanding any other provision of this Interim Order, pending entry of the Final Order, the Debtors shall not pay to or on behalf of any individual Employee or Temporary Staff member, on account of prepetition obligations, any amounts that exceed the amounts set forth in sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code; *provided, further*, that, pending entry of the Final Order, the Debtors are not authorized to honor obligations under the Non-Insider Severance Program, the Deferred Compensation Plan, the Non-Insider Retention Bonus Program, the Store Employee Bonus Program, the Corporate Non-Management Bonus Program, the Corporate Management Bonus Program, or the Referral Bonus Program, or to make any other payment of bonuses, incentive or severance to any employee, or to pay any Director Compensation. Nothing herein shall be deemed to authorize the payment of any amounts which violate, implicate, or are otherwise subject to section 503(c) of the Bankruptcy Code. The Debtors will seek approval of any management or insider bonus or incentive programs, if any, under separate motion under section 503(c) of the Bankruptcy Code.[3]

5. Notwithstanding anything to the contrary herein, pending entry of the Final Order, the Debtors are authorized, but not directed, in their sole discretion, to pay, remit, or reimburse, as applicable, the following amounts that become due and owing prior to entry of the final order on the Motion:

---

3 To the extent that any Employee whose title includes "Vice President" is contemplated to be paid pursuant to the Final Order under the Deferred Compensation Plan, Corporate Management Bonus Program, and Non-Insider Severance Program, all parties' rights are reserved with respect to an assertion that such Employee is an "insider" as that term is defined under the Bankruptcy Code at any time prior to the entry of the Final Order.

| Employee Obligation | Interim Amount |
|---|---|
| **Employee Compensation** | **$21,731,000** |
| Unpaid Compensation | $14,800,000 |
| Unpaid Temporary Staff Compensation | $1,800,000 |
| Unpaid Withholding Obligations | $4,500,000 |
| Unpaid Payroll Processing Fees | $140,000 |
| Unpaid Reimbursable Expenses | $219,000 |
| Unpaid Corporate Credit Card Expenses | $272,000 |
| **Employee Benefits Programs** | **$3,304,000** |
| Unpaid Health Benefit Plan Amounts | $1,305,000 |
| Unpaid FSA Costs | $27,000 |
| Unpaid HSA Costs | $9,000 |
| Unpaid Basic Life Amounts | $7,000 |
| Unpaid Disability Benefits | $54,000 |
| Unpaid 401(k) Expenses | $302,000 |
| Unpaid Paid Time Off | $1,600,000 |
| **Total** | **$25,035,000** |

6. Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum, and the Debtors are authorized, but not directed, to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

7. The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

8. The Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative and processing costs and similar payments subject to the caps set forth in this Interim Order.

9. Nothing herein shall be deemed to authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which violate or implicate section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

10. Nothing herein shall be deemed to authorize the Debtors to cash out unpaid Paid Time Off except upon termination of an employee, if applicable state law requires such payment.

11. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations.

12. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Interim Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such

liens. Any payment made pursuant to this Interim Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

13. Notwithstanding anything to the contrary contained herein, any payments made or to be made by the Debtors under this Interim Order, and any authorization contained in this Interim Order, shall be in compliance with, and shall be subject to, any applicable budget and/or cash collateral authorization requirements set forth in any order approving the Debtors' postpetition financing facilities and/or use of cash collateral.

14. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

15. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the Employee Compensation and Benefits Programs.

16. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

20. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Mary F. Walrath

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated:** October 1, 2019
**Wilmington, Delaware**