**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FOREVER 21, INC., *et al.*,[1] | ) Case No. 19-12122 (KG) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: Docket Nos. 17 & 103** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO PAY PREPETITION CLAIMS OF (A) CRITICAL VENDORS, (B) FOREIGN
VENDORS, AND (C) 503(B)(9) CLAIMANTS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") (a) authorizing the Debtors to pay prepetition claims held by certain (i) Critical Vendors, (ii) Foreign Vendors, and (iii) 503(b)(9) Claimants, in an amount not to exceed the Final Order Cap, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration and the Goulding Vendor Declaration and the Goulding Supplemental Vendor Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to pay all or part of, on a case-by-case basis, the Obligations, in an aggregate amount not to exceed $100 million, broken down as follows:

| Claim | Amount |
| --- | --- |
| Critical Vendors Claims | $14 million |
| Foreign Vendors Claims | $24 million |
| 503(b)(9) Claims | $62 million |

3. For any individual payments greater than $1 million on account of the Obligations (the "Proposed Payment"):

   a. the Debtors shall provide notice to the official committee of unsecured creditors' (the "Committee") professionals, on a professional's eyes only basis, three (3) business days prior to disbursing any such Proposed Payment;

   b. the Committee's professionals shall have until 5:00 p.m. prevailing Eastern Time on the third business day after receipt of the notice of the Proposed Payment to review the Proposed Payment (the "Payment Review Period") and notify the Debtors in writing, which may be by electronic mail, of any issues (the "Issues") with respect to the Proposed Payment;

      c.      if the Committee does not notify the Debtors of any Issues by the expiration of the Payment Review Period, or if the Committee consents to the Proposed Payment before expiration of the Payment Review Period, the Debtors shall be permitted to make the Proposed Payment, subject to the terms of this Final Order;

      d.      if the Committee timely notifies the Debtors of any Issue with respect to the Proposed Payment (thereafter, a "Questioned Payment") prior to the expiration of the Payment Review Period, then the Debtors shall not make the Proposed Payment, and the Debtors and the Committee shall attempt to resolve the Issues surrounding such Questioned Payment consensually. If no consensual resolution is reached by the date that is three (3) business days following delivery of notice of an Issue (the "Resolution Date"), the Committee may file a formal objection on the docket (under seal or in redacted form) and any such objection shall be resolved by the Court at a hearing to be scheduled at the Court's earliest convenience; *provided, however* that nothing herein shall be interpreted as shifting the burden of proof with respect to establishing support for the approval of any such Proposed Payment. If the Committee fails to object within two (2) business days of the Resolution Date, the Debtors shall be authorized to make the Proposed Payment without further Court Order.

    4.    Notwithstanding anything to the contrary in this Final Order, the Debtors are not authorized to pay any Critical Vendor Claims that are bound by an executory contract to continue to supply goods or services to the Debtors, except for (i) the Critical Vendor Claims contemplated to be paid pursuant to the Prepetition Vendor Agreements and (ii) 503(b)(9) Claims which, for the avoidance of doubt, the Debtors shall be authorized to pay pursuant to this Final Order subject to the Final Order Cap; *provided, however*, that if the Debtors deem it necessary to make a prepetition payment to a Critical Vendor who is a party to an executory contract to avoid material harm to the Debtors' estates, the Debtors are authorized to make such a payment provided that the Debtors shall, within 20 business days of making such a payment, file an adversary proceeding or motion seeking enforcement of this Final Order and disgorgement of the payment. Notwithstanding anything contained herein to the contrary, any Critical Vendor who is a party to an executory contract with the Debtors and receives a postpetition payment from the Debtors for prepetition debt shall be subject to a disgorgement proceeding before this Court; *provided further*, that no

affiliate (as that term is defined in section 101(2) of the Bankruptcy Code) of a Debtor may be considered a Critical Vendor.

5. For the avoidance of doubt, payment of the Obligations may be made either (a) directly to the Critical Vendors, Foreign Vendors, or 503(b)(9) Claimants or (b) to the applicable Factor.[3]

6. The Debtors are authorized, as applicable, to (i) assume the Prepetition Vendor Agreements, substantially in the form attached to the Motion as <u>Exhibit C</u>, (ii) assume the Prepetition Vendor Agreements as amended by the Vendor Support Agreements, or (iii) enter into the Vendor Support Agreements. For the avoidance of doubt, payments made pursuant to the Prepetition Vendor Agreements shall be subject to the caps set forth in this Final Order.

7. The Debtors are authorized, but not directed, to use their commercially reasonable efforts to obtain from any Critical Vendor, Foreign Vendor, or Factor, as a prerequisite to obtaining payment pursuant to this Final Order, written acknowledgement of its obligation to continue providing services to the Debtors on Customary Trade Terms, substantially in the form attached to the Motion as <u>Exhibit D</u> (the "<u>Vendor Support Agreement</u>"), which shall require, among other things, that the Customary Trade Terms shall be no less favorable than the most favorable trade terms provided by the Critical Vendor, Foreign Vendor, or Factor to the Debtors in the three

---

[3] Factors, as defined herein, shall mean: (i) those factors that, prior to the Petition Date, purchased accounts receivable solely from the Debtors' Critical Vendors, Foreign Vendors, or 503(b)(9) Claimants, thereby giving rise to a Critical Vendor Claim, Foreign Vendor Claim, or 503(b)(9) Claim, as applicable, held by the applicable Factor against the Debtor; or (ii) those factors that hold a letter of credit from JPMorgan Chase Bank, N.A. ("<u>JPMorgan</u>"), the Debtors' DIP ABL Agent (as defined in the DIP Motion) as security for their Financial Accommodations, which, upon presenting such letter of credit for payment on account of a Factor Client Vendor claim, Critical Vendor Claim, Foreign Vendor Claim, or 503(b)(9) Claim, would require the Debtors to reimburse JPMorgan pursuant to any order entered authorizing the relief in the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition ABL Secured Parties, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 24] (the "<u>DIP Motion</u>").

months prior to the Petition Date; *provided*, *however*, that such payment shall not prejudice the Debtors' right to challenge, as a violation of the automatic stay or otherwise, a Critical Vendor's, Foreign Vendor's, or Factor's refusal to provide postpetition goods or services on Customary Trade Terms; *provided further* that the Debtors' failure to request such an acknowledgment shall not be, and shall not be deemed to be, a waiver of the Debtors' rights hereunder.

8. The form Vendor Support Agreement, attached to the Motion as <u>Exhibit D</u>, is approved; *provided, however*, that the Debtors are authorized to modify the Vendor Support Agreement if a particular situation so requires. For the avoidance of doubt (and notwithstanding anything to the contrary in a Vendor Support Agreement or Prepetition Vendor Agreement), a Critical Vendor, Foreign Vendor, or Factor shall have no obligation to continue to provide goods or services to the Debtors following: (a) the conversion of the chapter 11 cases to cases under chapter 7 of the Bankruptcy Code; (b) the announcement of a liquidation of the Debtors or cessation of the Debtors' business operations; or (c) a default under any of the Debtors' debtor-in-possession financing facilities that results in the Debtors losing access to funds available under any such facility.

9. The Debtors are authorized, but not directed, in their reasonable business judgment, to pay the Obligations, in whole or in part, upon such terms and in the manner provided in this Final Order; *provided, however*, that if any Critical Vendor, Foreign Vendor, or Factor accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with the Customary Trade Terms, then: (a) the Debtors may seek to cause such Critical Vendor, Foreign Vendor, or Factor to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor, Foreign Vendor, or Factor; (b) upon recovery by the Debtors, any prepetition claim of such party

shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may seek to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and the Debtors may take appropriate steps to cause such supplier or vendor to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise; *provided*, that nothing in this paragraph shall prevent or restrict a party from challenging the Debtors' determination with respect to such payment and any dispute between the Debtors and such party with respect to such payment shall be resolved by the Bankruptcy Court on an expedited basis.

10. Nothing herein shall impair or prejudice the Committee's rights, which the Committee expressly reserves, to object to any payment to a Critical Vendor that is an insider (as such term is defined in section 101(31) of the Bankruptcy Code), or an affiliate of an insider, of the Debtors. To the extent the Debtors intend to make a payment to a Critical Vendor that is an insider or an affiliate of an insider of the Debtors, the Debtors shall provide three (3) business days' advance notice to, and opportunity to object by, the Committee; *provided*, that if the Committee objects to the payment, the Debtors shall not make such payment without further order of the Court or written consent from counsel to the Committee.

11. Nothing herein shall impair or prejudice the Debtors' or the Committee's ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of the Obligations. The Debtors and the Committee do not concede that any claims satisfied pursuant to this Final Order are valid, and the Debtors and the Committee expressly reserve all rights to contest

the extent, validity, or perfection or to seek the avoidance of all such liens or the priority of such claims.

12. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Final Order; (e) except as specifically provided for in this Final Order, a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion or this Final Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens. Any payment made pursuant to this Final Order should not be construed as admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

13. Notwithstanding anything to the contrary contained herein, any payments made or to be made by the Debtors under this Final Order, and any authorization contained in this Final Order, shall be in compliance with, and shall be subject to, any applicable budget and/or cash collateral authorization requirements set forth in any order approving the Debtors' postpetition financing facilities and/or use of cash collateral.

14. Notwithstanding anything to the contrary herein, the Debtors are authorized to provide a waiver of causes of action existing as of the Petition Date against the Factors under chapter 5 of the Bankruptcy Code; *provided*, *however*, that with respect to any proposed waiver of chapter 5 causes of action existing as of the Petition Date to be provided to a Factor (a "Proposed Waiver"):

   a. the Debtors shall notify the Committee professionals before granting such waiver (the "Notice of Proposed Waiver"), with such Notice of Proposed Waiver to include evidence demonstrating why the waiver is appropriate (including evidence supporting the Debtors' assessment of whether there exist any causes of actions to be waived or defenses to such causes of action). The Committee professionals shall have until 5:00 p.m. prevailing Eastern Time on the third business day after receipt of the Notice of Proposed Waiver to review the Proposed Waiver (the "Proposed Waiver Review Period") and notify the Debtors in writing, which may be by electronic mail, of any issues (the "Waiver Issues") with respect to the Proposed Waiver;

   b. if the Committee professionals do not notify the Debtors of any Waiver Issues by the expiration of the Proposed Waiver Review Period, or if the Committee professionals consent to the Proposed Waiver before expiration of the Proposed Waiver Review Period, the Debtors shall be permitted to grant the Proposed Waiver, subject to the terms of this Final Order;

   c. if the Committee professionals timely notify the Debtors of any Waiver Issue with respect to any Proposed Waiver (thereafter, a "Questioned Waiver") prior to the expiration of the Proposed Waiver Review Period, then the Debtors shall not grant the Questioned Waiver, and the Debtors and the Committee professionals shall attempt to resolve the Waiver Issues surrounding such Questioned Waiver consensually. If no consensual resolution is reached by the date that is ten (10) business days following delivery of notice of a Waiver Issue (the "Waiver Resolution Date"), the Committee may file a formal objection on the docket and any such objection shall be resolved by the Court at a hearing to be scheduled at the Court's earliest convenience; *provided*, *however*, that nothing herein shall be interpreted as shifting the burden of proof with respect to establishing support for the approval of any such waiver. If the Committee fails to object within two (2) business days of the Waiver Resolution Date, the Debtors shall be authorized to grant the Proposed Waiver without further Court Order.

15.     The Debtors shall provide a weekly report of all payments made to Critical Vendors on account of Critical Vendor Claims to the Committee professionals.

16.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order without a duty of further inquiry and without liability for following the Debtors' instructions.

17.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the Obligations.

18.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

21. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: October 28th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**