**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FOREVER 21, INC., *et al.*,[1] | ) | Case No. 19-12122 (KG) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket Nos. 11 & 107** |

**SECOND INTERIM ORDER**
**(I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a second interim order (this "Second Interim Order") (a) authorizing, but not directing, the Debtors to (i) pay certain prepetition employee wages, salaries, other compensation, reimbursable employee expenses, and (ii) continue Employee Benefits Programs in the ordinary course, including payment of certain prepetition obligations related thereto, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a second interim order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, to continue, modify, change, and discontinue the Employee Compensation and Benefits in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law and the terms of this Second Interim Order; provided, however, that the Debtors shall seek Court approval, on notice, of (a) any modification or change that would implicate any portion of section 503(c) of the Bankruptcy Code and (b) any material modification to any Employee Compensation and Benefits program.

3. The Debtors are authorized, but not directed, in their sole discretion, to pay and honor prepetition amounts outstanding under or related to the Employee Compensation and Benefits Programs in the ordinary course of business up to the amounts set forth in paragraph 4 below; *provided* that, notwithstanding any other provision of this Second Interim Order, the

Debtors shall not pay to or on behalf of any individual Employee or Temporary Staff member, on account of prepetition obligations, any amounts that exceed the amounts set forth in sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code. Nothing herein shall be deemed to authorize the payment of any amounts which violate, implicate, or are otherwise subject to section 503(c) of the Bankruptcy Code. If the Debtors seek approval of any bonus, incentive or severance programs or payments to any "insider," as such term is defined under the Bankruptcy Code, the Debtors shall do so by way of a separate motion under section 503(c) of the Bankruptcy Code.

4. Notwithstanding anything to the contrary herein, the Debtors are authorized, but not directed, in their sole discretion, to pay, remit, or reimburse, as applicable, not more than:

| Employee Obligation | Final Amount |
|---|---|
| **Employee Compensation** | **$23,531,000** |
| Unpaid Compensation | $14,800,000 |
| Unpaid Temporary Staff Compensation | $3,600,000 |
| Unpaid Withholding Obligations | $4,500,000 |
| Unpaid Payroll Processing Fees | $140,000 |
| Unpaid Reimbursable Expenses | $219,000 |
| Unpaid Corporate Credit Card Expenses | $272,000 |
| **Non-Insider Deferred Compensation Plan** | **$135,531** |
| **Non-Insider Employee Incentive Programs** | **$42,054** |
| Unpaid Referral Bonus Payments | $7,000 |
| Unpaid Non-Insider Retention Bonus Payments | $14,000 |
| Unpaid Store Employee Bonus Payments | $21,054 |
| **Employee Benefits Programs** | **$13,154,000** |
| Unpaid Health Benefit Plan Amounts | $2,255,000 |
| Unpaid FSA Costs | $27,000 |
| Unpaid HSA Costs | $9,000 |
| Unpaid Basic Life Amounts | $7,000 |
| Unpaid Disability Benefits | $54,000 |
| Unpaid 401(k) Expenses | $302,000 |
| Unpaid Paid Time Off | $10,500,000 |

| Employee Obligation | Final Amount |
|---|---|
| **Total** | **$36,862,585** |

5. All of the relief requested herein is granted on final basis, except with respect to those payments to Employees whose title includes "Vice President" as provided in paragraph 6.

6. For the avoidance of doubt, no Employee whose title includes "Vice President" is to be paid pursuant to this Second Interim Order. To the extent that any Employee whose title includes "Vice President" is contemplated to be paid any bonus, incentive, or severance payment pursuant to the Corporate Management Bonus Program, Non-Insider Retention Bonus Program, Non-Insider Severance Program, or otherwise, the Debtors shall do so by way of a final order to be heard at the hearing to be held at 1:00 p.m. prevailing Eastern time on November 5, 2019. The Debtors', the United States Trustee for the District of Delaware's, and the official committee of unsecured creditors' rights are reserved with respect to an assertion that such Employee is an "insider" as that term is defined under the Bankruptcy Code at any time prior to the entry of such final order.

7. The automatic stay of section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby lifted to permit: (a) current and former employees to proceed with their claims (whether arising before or after the Petition Date) under the Workers' Compensation Program[3] in the appropriate judicial or administrative forum; (b) insurance carriers and third party administrators to handle, administer, defend, settle and/or pay workers' compensation claims and direct action claims; (c) the Debtors to continue the Workers' Compensation Program and pay all amounts related thereto in the ordinary course; and (d) any insurance carriers and third party

[3] For the avoidance of doubt, the term Workers' Compensation Program shall include all workers' compensation insurance policies issued or providing coverage at any time to the Debtors or their predecessors, whether expired, current or prospective, and any agreements related thereto.

administrators providing coverage for any workers' compensation or direct action claims to draw on any and all collateral provided by or on behalf of the Debtors therefor without further order of the Bankruptcy Court if and when the Debtors fail to pay and/or reimburse any insurance carriers and third party administrators for any amounts in relation thereto. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program and direct action claims.

8. Nothing herein (a) alters or amends the terms and conditions of the Workers' Compensation Program; (b) relieves the Debtors of any of their other obligations under the Workers' Compensation Program; (c) creates or permits a direct right of action against an insurance carrier or third party administrator; or (d) precludes or limits, in any way, the rights of any insurance carrier to contest and/or litigate the existence, primacy and/or scope of available coverage under the Workers' Compensation Program.

9. The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

10. The Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative and processing costs and similar payments specified in the Motion.

11. Nothing herein shall be deemed to authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which violate or implicate section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

12. Nothing herein shall be deemed to authorize the Debtors to cash out unpaid Paid Time Off except upon termination of an employee, if applicable state law requires such payment.

13. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations.

14. Notwithstanding the relief granted in this Second Interim Order and any actions taken pursuant to such relief, nothing in this Second Interim Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Second Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Second Interim Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Second Interim Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

15. Notwithstanding anything to the contrary contained herein, any payments made or to be made by the Debtors under this Second Interim Order, and any authorization contained in this Second Interim Order, shall be in compliance with, and shall be subject to, any applicable

budget and/or cash collateral authorization requirements set forth in any order approving the Debtors' postpetition financing facilities and/or use of cash collateral.

16. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Second Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

17. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the Employee Compensation and Benefits Programs.

18. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Second Interim Order are immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Second Interim Order in accordance with the Motion.

21. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Second Interim Order.

**Dated: October 28th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**