## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FOREVER 21, INC., *et al.*,[1] | ) Case No. 19-12122 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 188** |

**ORDER AUTHORIZING THE DEBTORS, PURSUANT TO
11 U.S.C. §§ 105(a) AND 363(b), TO (I) RETAIN ALVAREZ & MARSAL
NORTH AMERICA, LLC TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING
OFFICER AND CERTAIN ADDITIONAL PERSONNEL AND (II) DESIGNATE
JONATHAN GOULDING AS CHIEF RESTRUCTURING OFFICER FOR THE
DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to retain Alvarez & Marsal North America, LLC ("A&M") to provide the Debtors with a Chief Restructuring Officer and certain Additional Personnel (as described in the Application) and designate Jonathan Goulding as the Debtors' CRO, *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter annexed to the Application as Exhibit B and the Goulding Declaration annexed to the Application as Exhibit C, and the supplemental Goulding Declaration

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

filed in support of the Application all as more fully described in the Application; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 12, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Application and Hearing (as defined below) to the Notice Parties; and the Court having held a hearing to consider the requested relief (the "Hearing"), and having considered any responses to the Application, and the record of the Hearing, and all of the proceedings before the Court; the Debtors have provided due and proper notice of the Application and Hearing and no further notice is necessary; the legal and factual bases set forth in the Application establish just and sufficient cause to grant the set forth, it is ORDERED that:

1. The Application is GRANTED as modified herein.

2. The Debtors are authorized to engage A&M to provide the Debtors with a Chief Restructuring Officer and certain Additional Personnel and to designate Jonathan Goulding as the Debtors' Chief Restructuring Officer, *nunc pro tunc* to the Petition Date on the terms described in the Application, subject to the following terms, which apply notwithstanding anything in the Application or any exhibits related thereto to the contrary:

    (a.) A&M and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

(b.) In the event the Debtors seek to have A&M personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c.) A&M shall file with the Court with copies to the United States Trustee ("U.S. Trustee") and all official committees a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

(d.) No principal, employee or independent contractor of A&M and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

(e.) A&M shall file with the Court, and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each

task in half hour increments (provided that time increments shall be rounded to the closest half an hour, up or down) and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in one hour increments. Parties in interest shall have 14 days after the date each report is served to object to such report. In the event an objection is raised and not consensually resolved, the portion of the staffing report objected to shall be subject to review by the Court. Notwithstanding the foregoing, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, the monthly compensation and expenses invoiced by A&M, provided, however, that all such fees and expenses shall be subject to disgorgement if the Court sustains an objection to them.

(f.) Success fees, transaction fees, or other back-end fees (including the Incentive Fee (as defined in the Application)) shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee (including the Incentive Fee (as defined in the Application)) shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

(g.) The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' director and officer (D&O) policy.

(h.) There shall be no indemnification of A&M or its affiliates during the course of these bankruptcy cases.

(i.) For a period of three years after the conclusion of the engagement, neither A&M nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

(j.) A&M shall disclose any and all facts that may have a bearing on whether A&M, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

(k.) The Dispute Resolution Procedures attached as Exhibit D to the Application may be used to resolve any controversy or claim between the Debtors and A&M, but shall not bind the U.S. Trustee, the Official Committee of Unsecured Creditors, any individual creditor or other party in interest in these cases, or any chapter 11 or chapter 7 trustee that may be appointed in these cases; provided, however, that any party may voluntarily agree to such Dispute Resolution Procedures.

3. A&M shall apply any retainer remaining at the time of allowance of its final fee application in satisfaction of compensation and reimbursement awarded with respect to such application, and promptly pay to the Debtors' estates any retainer remaining after such application.

4. To the extent there is inconsistency between the terms of the Engagement Letter, the Application or any of its exhibits, and this Order, the terms of this Order shall govern.

5. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, the Engagement Letter and/or the services provided by the Retention Personnel during the course of the bankruptcy cases.

**Dated: November 4th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**