IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FOREVER 21, INC., *et al.*,[1] | ) Case No. 19-12122 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 200** |

**ORDER (I) SETTING BAR
DATES FOR FILING PROOFS OF CLAIM,
INCLUDING REQUESTS FOR PAYMENT UNDER
SECTION 503(B)(9), (II) SETTING A BAR DATE FOR THE FILING OF
PROOFS OF CLAIM BY GOVERNMENTAL UNITS, (III) ESTABLISHING
AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE,
(IV) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM,
(V) APPROVING NOTICE OF BAR DATES, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these chapter 11 cases, (b) establishing the Governmental Bar Date, (c) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (d) approving the proposed Proof of Claim Form, (e) approving proposed Bar Date Notice, (f) approving the proposed form of Publication Notice, and (g) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

**I.    The Bar Dates and Procedures for Filing Proofs of Claim.**

2.    Each person or entity[3] that asserts a claim against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410.[4] Specifically, the following bar dates ("Bar Date" or "Bar Dates," as applicable) are established:

---

[3]    Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]    Copies of Official Form 410 may be obtained by: (a) calling the Debtors' restructuring hotline at 877-510-9565 (toll free) or 917-947-5437 (international); (b) visiting the Debtors' restructuring website at:

    a.    Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all Proofs of Claim must be filed **so they are actually received on or before January 13, 2020, at 5:00 p.m., prevailing Eastern Time, (the "Claims Bar Date") at the addresses and in the form set forth herein**. For the avoidance of doubt, the Bar Date Notice will expressly set forth the date on which all Proofs of Claims must be filed. The Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims that are subject to one of the other Bar Dates set forth below, or are specifically exempt from complying with the applicable Bar Dates, as set forth in this Order.

    b.    All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such Proofs of Claim **so they are actually received on or before March 27, 2020, at 5:00 p.m., prevailing Eastern Time, (the "Governmental Bar Date") at the addresses and in the form set forth herein**.

    c.    If the Debtors amend or supplement the Schedules after having given notice of the Bar Dates, the Debtors shall give notice by first-class mail of any amendment or supplement to holders of claims affected thereby, and the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of (i) the Claims Bar Date or the Governmental Bar Date, as applicable; and (ii) 5:00 p.m., prevailing Eastern Time, on the date that is 21 days from the date of service on the affected creditor of the notice of the filing, amendment, or supplement (or another time period as may be fixed by this Court) (the "Amended Schedules Bar Date").

    d.    Unless otherwise ordered, all persons or entities asserting claims arising from the rejection of executory contracts or unexpired leases of the Debtors shall file a Proof of Claim on account of such rejection by the later of: (i) the Claims Bar Date; (ii) 5:00 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (A) the deadline for objections to such rejection, if no objection is filed and (B) the date of service of notice of entry of an order

---

https://cases.primeclerk.com/Forever21; (c) writing to the Debtors' Claims Processing Center, Forever 21, Inc., et al. Claims Processing, c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; and/or (d) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

        authorizing the rejection of any executory contract or unexpired lease of the Debtors and indicating that all such filed objections have either been overruled or withdrawn; *provided* that, with respect to nonresidential real property leases rejected pursuant to the plan filed in these chapter 11 cases (the "Plan"), Proofs of Claim arising from the rejection or repudiation of such lease must be filed with the Notice and Claims Agent within 30 days after date of service of notice of confirmation of the Plan; and (iii) any date that this Court may fix in the applicable order approving such rejection (the "Rejection Damages Bar Date").

    e.    For the avoidance of doubt, a counterparty to an executory contract or unexpired lease is permitted to file a single Proof of Claim on account of its claims arising under the applicable contract or lease agreement (including claims for prepetition defaults and rejection damages) by the Rejection Damages Bar Date.

3.    All Proofs of Claim must be filed so as to be actually received by Prime Clerk LLC ("Prime Clerk"), the notice and claims agent retained in these chapter 11 cases, on or before the applicable Bar Date.

## II. Parties Exempted from the Bar Date.

4.    The following categories of claimants shall not be required to file a Proof of Claim by the applicable Bar Date:

    a.    any person or entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of this Court or with Prime Clerk in a form substantially similar to Official Form 410 or **Exhibit 1** hereto;

    b.    any person or entity whose claim is listed on the Schedules if: (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

    c.    any person or entity whose claim has previously been allowed by order of the Court;

4

d. any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e. any Debtor or non-Debtor subsidiary having a claim against another Debtor;

f. any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g. any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at this time; *provided* however, that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a Proof of Claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

h. an employee of the Debtors who was employed as of the Petition Date, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, benefit, health care claim, or severance; *provided* that an employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i. any current or former officer, director, or employee of any Debtor for claims based on indemnification, contribution, or reimbursement;

j. any person or entity holding a claim for which a separate deadline is fixed by this Court;

k. claims for fees and expenses of professionals retained in these chapter 11 cases;

l. any DIP Agent, DIP Lender, or Prepetition ABL Secured Party with regard to claims arising from or relating to the DIP Documents or the Prepetition ABL Documents (each term in this subparagraph as defined in the Debtors' postpetition financing order [Docket No. 133]); and

m. any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy

Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date.

### III. Substantive Requirements of Proofs of Claim.

5.  The following requirements shall apply with respect to filing and preparing each Proof of Claim:

   a. ***Contents.*** Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

   b. ***Section 503(b)(9) Claim.*** Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

   c. ***Original Signatures Required.*** Only *original* Proofs of Claim or claims filed electronically through the interface available at https://cases.primeclerk.com/Forever21 may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

   d. ***Identification of the Debtor Entity.*** Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (No. 19-12122 (KG)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Forever 21, Inc.

   e. ***Claim Against Multiple Debtor Entities.*** Unless otherwise ordered by this Court, each Proof of Claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

f. ***Supporting Documentation.*** Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d). If, however, such documentation is voluminous, such Proof of Claim may instead include a summary of such documentation, and if such documentation is not available, the Proof of Claim shall include an explanation as to why such documentation is not available; *provided* that any creditor that receives a written request from the Debtors for additional documentation shall be required to transmit such documentation to the Debtors' counsel no later than 10 days from the date of such request.

g. ***Timely Service.*** Each Proof of Claim must be filed, including supporting documentation, so as to be *actually received* by the Claims and Notice Agent on or before the Claims Bar Date or the Governmental Bar Date, as applicable (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) either: (i) electronically through the interface available at https://cases.primeclerk.com/Forever21, under the "Submit a Claim" tab or (ii) by first class U.S. mail, by overnight U.S. mail, or other hand delivery system at the following address:

> Forever 21, Inc., et al. Claims Processing
> c/o Prime Clerk LLC
> 850 Third Avenue, Suite 412
> Brooklyn, New York 11232

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h. ***Receipt of Service.*** Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Prime Clerk must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Prime Clerk); and (ii) a self-addressed, stamped envelope to Prime Clerk.

**IV. Identification of Known Creditors.**

6. The Debtors shall mail notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

**V.     Procedures for Providing Notice of the Bar Date.**

**A.     Mailing of Bar Date Notices.**

7.     Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to cause written notice of the Bar Dates, substantially in the form annexed as **Exhibit 2** hereto (the "Bar Date Notice," and, together with the Proof of Claim Form, collectively, the "Bar Date Package") to be mailed via first class mail, no later than 3 business days after the filing of the Schedules, to the following parties:

- a. the U.S. Trustee for the District of Delaware;

- b. the entities listed as holding the 50 largest unsecured claims against the Debtors (on a consolidated basis);

- c. proposed counsel to the Committee;

- d. counsel to the administrative agent and the lenders under the Debtors' postpetition debtor-in-possession financing facility;

- e. the administrative agent and lenders under the Debtors' prepetition revolving loan facility and counsel thereto

- f. all known creditors and other known holders of claims against the Debtors, and their counsel (if known), including all entities listed in the Schedules as holding claims against the Debtors, including claims that the Debtors list as contingent, unliquidated, or disputed;

- g. all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

- h. all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the Bar Date Order;

- i. all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered (whose Bar Date Package shall not contain a Proof of Claim Form);

- j. all known entities who are party to executory contracts and unexpired leases with the Debtors;

- k. all known entities who are party to litigation with the Debtors, and their counsel, if known;

l.  all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

m.  all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

n.  the Office of the Attorney General for each state in which the Debtors maintain or conduct business;

o.  the United States Internal Revenue Service; and

p.  all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

8. The Debtors shall provide all known creditors listed in the Debtors' Schedules and, upon any amendment to the Debtors' Schedules, each of the creditors affected by such amendment, with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled the creditors' claim in the Schedules, including, without limitation: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority. Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete. Additionally, any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

9. After the initial mailing of the Bar Date Packages, the Debtors may, in their sole discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants

become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the relevant Bar Date being applicable to the recipient creditors.

**B.     Publication of the Bar Date Notice.**

10.     The Debtors shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors. Specifically, the Debtors shall cause the Bar Date Notice to be published, modified for publication in substantially the form annexed hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in *The Financial Times* (international edition), *USA Today* (national edition), and *The Wall Street Journal* (national edition) on or before December 23, 2019, thus satisfying the requirements of Bankruptcy Rule 2002(a)(7) that such notice be published at least 21 days before the Claims Bar Date.

11.     Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**VI.     Consequences of Failure to File a Proof of Claim.**

12.     Absent further order of this Court to the contrary, any person or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting, in these chapter 11 cases, such claim against the Debtors (or filing a Proof of Claim), shall be prohibited from

voting to accept or reject any plan filed in these chapter 11 cases, shall not participate in any distribution in these chapter 11 cases on account of such claim, and, upon the effective date of a confirmed chapter 11 plan of reorganization, the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim; *provided, however,* that this does not limit any rights a person or entity may or may not have under Bankruptcy Rule 3003(c)(2); *provided further* that late-filed Proofs of Claim shall be treated in accordance with section 726(a)(3) of the Bankruptcy Code; *provided further* that a holder of a claim shall be able to assert and vote upon any undisputed, noncontingent, and liquidated claims identified in the Schedules on behalf of such holder, in the amount set forth in the Schedules, and receive distributions under any plan of reorganization or liquidation in these chapter 11 cases on account of such scheduled claims. Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified in the Schedules as not contingent, not disputed, and not liquidated.

13. Notice of the Bar Dates as set forth in this Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**VII.  Miscellaneous.**

14. To the extent the Debtors discontinue the Gift Cards Program in the ordinary course of business (each term in this paragraph as defined in the Debtors' customer programs motion [Docket No. 15]), holders of the Gift Cards provided notice of such discontinuation pursuant to

the *Final Order (I) Authorizing the Debtors to Maintain and Administer Their Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto and (II) Granting Related Relief* shall have 21 days following service of the notice of discontinuance of the Gift Cards Program to file a Proof of Claim, notwithstanding the Bar Date approved herein. For the avoidance of doubt, absent such discontinuation of the Gift Cards Program, a holder of a Gift Card issued prepetition shall not be obligated to file a Proof of Claim.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

16. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: Nov. 5, 2019
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE