**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FOREVER 21, INC., *et al.*,[1] | ) | Case No. 19-12122 (KG) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket Nos. 11, 107, & 336** |

# FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") (a) authorizing, but not directing, the Debtors to (i) pay certain prepetition employee wages, salaries, other compensation, reimbursable employee expenses, and (ii) continue Employee Benefits Programs in the ordinary course, including payment of certain prepetition obligations related thereto, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration and the Goulding Wages Declaration; and this Court having jurisdiction over this matter pursuant to

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion or the *Declaration of Jonathan Goulding in Support of Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief*, filed contemporaneously herewith (the "Goulding Wages Declaration"), as applicable.

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. Based on the evidence presented in the Goulding Wages Declaration, which rebuts the presumption that such Employees are "insiders" as that term is defined under section 101(31) of the Bankruptcy Code, the Debtors are authorized to pay any bonus, incentive, or severance pursuant to the Corporate Management Bonus Program, Non-Insider Retention Bonus Program, and Non-Insider Severance Program to the Non-Insider Vice Presidents and to continue such programs in the ordinary course of business pursuant to this Final Order, without implicating section 503(c) of the Bankruptcy Code; *provided* that no retention or severance payments to the Non-Insider Directors or Non-Insider Vice Presidents pursuant to the Non-Insider Retention Bonus Program or Non-Insider Severance Program shall exceed $20,000 on an individual basis. To the

extent that the Debtors wish to pay a retention or severance bonus pursuant to the Non-Insider Retention Bonus Program or Non-Insider Severance Program to a Non-Insider Director or Non-Insider Vice President in excess of $20,000 on an individual basis, they shall do so by way of separate motion. For the avoidance of doubt, payments made to Non-Insider Directors and Non-Insider Vice Presidents pursuant to the Corporate Management Bonus Program shall not be subject to the $20,000 cap set forth in this paragraph 2.

3. To the extent that an Employee received a retention bonus payment pursuant to the Non-Insider Retention Bonus Program in the 90 days preceding the Petition Date, if the Debtors seek to pay an additional retention bonus payment pursuant to the Non-Insider Retention Bonus Program to such Employee, the Debtors shall give the official committee of unsecured creditors 3 days' notice of such payment.

4. Nothing herein shall be deemed to authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which violate or implicate section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

5. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations.

6. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or

authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Final Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Final Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

7. Notwithstanding anything to the contrary contained herein, any payments made or to be made by the Debtors under this Final Order, and any authorization contained in this Final Order, shall be in compliance with, and shall be subject to, any applicable budget and/or cash collateral authorization requirements set forth in any order approving the Debtors' postpetition financing facilities and/or use of cash collateral.

8. Nothing contained herein is intended or should be construed to modify or supersede any of the relief granted on a final basis pursuant to the *Second Interim Order (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 336].

9. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors'

designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: November 13th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**