# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FOREVER 21, INC., *et al.*,[1] | ) Case No. 19-12122 (KG) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: Docket No. 543** |

**ORDER (I) AUTHORIZING
THE EMPLOYMENT AND RETENTION OF
CONNOR GROUP GLOBAL SERVICES, LLC
AS ACCOUNTING SERVICES PROVIDER TO THE
DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE
*NUNC PRO TUNC* TO THE PETITION DATE, (II) APPROVING THE TERMS
OF CONNOR GROUP AGREEMENTS, AS MODIFIED BY THIS ORDER, AND (III)
GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(h): (a) authorizing the employment and retention of Connor Group Global Services, LLC ("Connor Group") as accounting services provider *nunc pro tunc* to the Petition Date, on the terms set forth in the Connor Group Agreements; (b) approving the terms of the Connor Group Agreements; and (c) granting related relief, all as more fully set forth in the Application; and the Declaration of Jeff Pickett (the "Pickett Declaration") filed in support of the same; and this Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that the Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is approved as set forth in this Order.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-1 and 2016-2(h), the Debtors are authorized to employ and retain Connor Group in accordance with the terms and conditions set forth in the Connor Group Agreements, as modified herein, effective *nunc pro tunc* to the Petition Date.

3. To the extent there is any inconsistency between the terms of the Connor Group Agreements, the Application, the Pickett Declaration, and this Order, the terms of this Order shall govern.

4. Connor Group shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable U.S. Trustee guidelines, and any other applicable procedures and orders of the Court.

5. Notwithstanding anything in this Order, the Application, the Connor Group Agreements, or the Pickett Declaration to the contrary, Connor Group and any of its affiliates or subsidiaries performing services for the Debtors shall comply with all requirements of Bankruptcy Rule 2016(a) and Local Rule 2016-2, including all information and time keeping requirements of subsection (d) of Local Rule 2016-2, including but not limited to keeping time in increments of a tenth of an hour.

6. Notwithstanding anything in this Order, the Application, the Connor Group Agreements, or the Pickett Declaration to the contrary, all parties in interest in these cases, including but not limited to, the United States Trustee for the District of Delaware, shall have and retain all rights to object to Connor Group's fees and requests for reimbursement based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7. Notwithstanding anything in the Connor Group Agreements to the contrary, the indemnification provisions set forth in the general business terms attached to the Engagement Letter (the "Indemnification Provisions") are hereby approved, subject to the following modifications with respect to the services performed thereunder from the Petition Date to the earlier of the effective date of any chapter 11 plan of the Debtors, or dismissal of the Debtors' cases:

a.  Connor Group[3] shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services other than those set forth in the Connor Group Agreements, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court;
;

b.  notwithstanding any provisions of the Connor Group Agreements to the contrary, the Debtors shall have no obligation to indemnify Connor Group or provide contribution or reimbursement to Connor Group (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Connor Group's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of Connor Group's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), *infra*, to be a claim or expense for which Connor Group should not receive indemnity, contribution or reimbursement under the terms of the Connor Group Agreements, as modified by this Order; and

c.  if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, Connor Group believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Connor Group Agreements, as modified by this Order, Connor Group must file an application therefor in this Court, and the Debtors may not pay any such amounts to Connor Group before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request by Connor Group for compensation and expenses by Connor Group for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify, or to make contributions or reimbursements to, Connor Group. All parties in interest shall retain the right to object to any demand by Connor Group for indemnification, contribution and/or reimbursement.

---

[3] For the purpose of paragraph 7 of this Order only, the term "Connor Group" shall include each person and entity to be indemnified pursuant to the fourth paragraph under the heading "Limitation of Liability" in the Engagement Letter.

4

8.     Notwithstanding anything to the contrary in this Order, the Application, the Connor Group Agreements, or the Pickett Declaration, to the extent that Connor Group uses the services of independent contractors or subcontractors (each a "<u>Contractor</u>" and collectively, the "<u>Contractors</u>") in these cases, Connor Group shall ensure that the Contractors are subject to the same conflicts checks as required for Connor Group, and file with this Court such disclosures required by Bankruptcy Rule 2014(a) with respect to such Contractor, and, Connor Group shall (i) pass through the cost of such Contractors to the Debtors at the same rate that Connor Group pays the Contractors; and (ii) seek reimbursement for actual costs of the Contractors only.

9.     The limitation of liability set forth in the third paragraph under the heading "Limitation of Liability" in the Engagement letter shall have no force or effect with respect to any services performed by Connor Group, its affiliates, subsidiaries or Contractors, between the Petition Date and the earlier of the effective date of any chapter 11 plan of the Debtors, or dismissal of the Debtors' cases.

10.    To the extent that any affiliate or subsidiary of the Connor Group or any Contractor performs any services for the Debtors between the Petition Date and the earlier of the effective date of any chapter 11 plan or dismissal of the Debtors' cases, the fourth and fifth sentences of the second paragraph under the heading "Limitation of Lability" in the Engagement Letter, which prohibits the Debtors from asserting claims against any such affiliate, subsidiary or Contractor, shall have no force or effect.

11.    In the event that, during the pendency of these cases, Connor Group seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Connor Group's fee applications and such invoices and time records shall be in compliance with Rule 2016-2(f) of the Local Rules of this Court, and shall

be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330 (a)(3)(C) of the Bankruptcy Code; provided, however, that Connor Group shall not seek reimbursement of any fees incurred defending any of Connor Group's fee applications in these cases.

12. The provision for late charges set forth in the Engagement Letter shall have no force or effect for any services rendered between the Petition Date and the earlier of the effective date of any chapter 11 plan of the Debtors or dismissal of the Debtors' cases.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

16. Notwithstanding anything to the contrary in the Connor Group Agreements, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Debtors' engagement of Connor Group for services rendered between the Petition Date and the earlier of the effective date of any chapter 11 plan of the Debtors or dismissal of the Debtors' cases.

**Dated: December 30th, 2019**
**Wilmington, Delaware**

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE