IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FOREVER 21, INC., *et al.*,[1] | ) Case No. 19-12122 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DECLARATION OF DISINTERESTEDNESS OF NAM & NAM
PURSUANT TO THE ORDER (I) AUTHORIZING THE DEBTORS
TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE
ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

I, Ben YUU, declare under penalty of perjury:

1. I am Managing Partner of NAM & NAM, located at Kwang Hwa Moon P.O. Box 58, Seoul, Korea (the "Firm").

2. Forever 21, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide intellectual property (specifically, trademark) services to the Debtors, and the Firm has consented to provide such services.

3. This Declaration is submitted in compliance with the *Order (I) Authorizing The Debtors To Retain And Compensate Professionals Utilized In The Ordinary Course Of Business And (II) Granting Related Relief* (the "OCP Order"), which OCP Order I have reviewed. I understand the limitations on compensation and reimbursement under such OCP Order.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

4. The Firm is a legal services firm, practicing in the area of intellectual property law in Korea.

5. The Firm has provided services to the Debtors prior to the Petition Date of September 29, 2019.

6. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to the Debtors or these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm, however, does not perform services for any such person in connection with the Debtors or these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

7. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

8. Neither I nor any principal, partner, director, officer, [etc.] of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

9. Neither I nor any principal, partner, director, officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

10. The Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

11. The Firm intends to bill the Debtors for professional services rendered in connection with these chapter 11 cases, in accordance with the OCP Order, with such bill to include compensation for services based on the hourly rates set forth below, plus reimbursement of actual and necessary expenses and other charges incurred by the Firm. The principals designated to represent the Debtors and their current standard rates are:

Sung-Yeon CHO (Patent & Trademark Attorney): $250/hr

Yoon-Jung SHIN (Attorney-at-Law): $300/hr

(The majority of trademark services are provided using a flat-fee or capped-fee structure rather than hourly rates. Representative professional fees — *excluding* official fees and other disbursements — are as follows: new trademark filing $570 per class; trademark renewal $350 + $100 per extra class; recordal of assignment/merger etc. $540 per mark; trademark opposition $2,300-4,300)

12. The Firm keeps time records in one-tenth of an hour increments in the ordinary course of business.

13. As of the Petition Date, the Firm does not hold any prepetition retainer.

14. The Debtors do not owe the Firm any money for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C.

15. As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm was not party to an agreement for indemnification with certain of the Debtors.

16. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its

employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: December 18, 2019

Ben Yuu