## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FOREVER 21, INC., *et al.*,[1] | ) Case No. 19-12122 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## DEBTORS' MOTION TO APPROVE PROCEDURES FOR
## SETTLEMENT OF DE MINIMIS CLAIMS HELD BY OR AGAINST THE DEBTORS

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] respectfully state as follows in support of this motion (this "Motion"):

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") authorizing and approving settlement procedures (as described herein, the "Settlement Procedures") for settling certain prepetition threatened or actual claims and causes of action brought by or against the Debtors in a judicial, administrative, arbitral, or other action or proceeding (each a "De Minimis Claim" and together, the "De Minimis Claims"), pursuant to the procedures outlined below, for an amount not to exceed $3,000,000 on behalf of one De Minimis

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928).  The location of the Debtors' service address is:  3880 N. Mission Road, Los Angeles, California 90031.

[2]     A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Jonathan Goulding, Chief Restructuring Officer of Forever 21, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on September 29, 2019 (the "Petition Date").  Capitalized terms used but not otherwise defined in this Motion shall have the meanings given to them in the First Day Declaration.

Claim or in satisfaction of multiple related De Minimis Claims in the aggregate (such settled amount, the "Settled Amount").[3]

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019.

## Background

5.      The Debtors are a specialty fashion retailer of women's and men's apparel and accessories.  As of the Petition Date, the Debtors operated 549 stores across the United States, and 251 stores are operated internationally by non-Debtor affiliates.  Of the 251 international

---

[3]    For the purposes of determining the applicable dollar amount of a De Minimis Claim in order to permit the settlement of such claim pursuant to the Settlement Procedures, the Debtors propose that the settlement payment, transfer of rights, or difference between the applicable scheduled claim and settlement amount equal the dollar amount that the Debtor(s) and the applicable Settling Party (as defined herein) ultimately agree upon to resolve such De Minimis Claim.

stores, 181 are owned and operated exclusively by the non-Debtor affiliates, 54 are franchises, and 16 are operated as joint ventures.  The Debtors also maintain a substantial online presence, with their e-commerce platform accounting for approximately 16 percent of all sales.  In addition to the 534 stores operated under the Forever 21 brand, the Debtors formed a beauty and wellness brand, Riley Rose, in 2017, which operates 15 stores in the United States.

6.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 99].  No party has requested the appointment of a trustee or examiner in these chapter 11 cases.  On October 11, 2019, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee") [Docket No. 197].

**De Minimis Claims**

7.      The Debtors hold various prepetition claims and causes of action against numerous third parties that they have asserted or will assert through litigation, administrative action, or arbitration in appropriate forums.  Similarly, third parties hold various prepetition claims and causes of action against the Debtors that have been or will be asserted through litigation, administrative action, or arbitration.  To minimize expenses and maximize value for the creditors of the Debtors' estates, the Debtors seek authority to resolve the De Minimis Claims through the Settlement Procedures.

8.      If the Debtors were required to obtain prior approval of this Court to settle each De Minimis Claim, they would incur significant costs associated with preparing, filing, and

serving separate motions for each proposed settlement, especially considering the size of the list

of parties that have requested notice and service of papers in these chapter 11 cases.  Similarly, the

Debtors would likely suffer the delays incumbent with obtaining such Court approval while

complying with the required notice periods and available hearing schedules and, in some cases,

lose significant negotiating leverage in resolving such claims as a result.  Therefore, the Debtors

desire to establish Settlement Procedures in these chapter 11 cases that will allow them to enter

into settlements on a more cost-effective and expeditious basis while preserving an oversight

function for key parties in interest.[4]

## Proposed Settlement Procedures

9.    The Debtors propose that the following Settlement Procedures apply to De Minimis

Claims brought or threatened by or against non-insider[5] third parties (each, a "Settling Party," and

collectively, the "Settling Parties"), as well as any cross-claims and counter-claims asserted

against any of the Debtors by a Settling Party or against a Settling Party by any of the Debtors in

connection with such De Minimis Claims:

a.    No settlement will be effective unless it is executed by an authorized representative of the Debtors;

b.    A full release of the Debtors and/or the Settling Party may be included in the settlement;

c.    With regard to any Settled Amount that is equal to or less than $500,000 for:  (i) the settlement of a De Minimis Claim, or (ii) in satisfaction of a series of related De Minimis Claims in the aggregate:

---

[4]    Pursuant to various other orders that have been or may be entered in these chapter 11 cases, the Court has granted or may grant the Debtors the authority to settle various other claims and causes of actions asserted by or against the Debtors.  This Motion and the Order requested hereby will apply only to prepetition claims and causes of action that are not addressed in other Court orders.  Nothing in this Motion or the Order requested hereby will affect the authority granted to the Debtors in such other orders, and all terms and conditions set out in such orders will continue to apply to settlements reached pursuant to such other orders.

[5]    "Non-insiders" are those that do not meet the definition of "insider" under 11 U.S.C. § 101(31).

(i)    A Debtor is authorized to settle such De Minimis Claim or De Minimis Claims if the terms of the settlement are reasonable in the judgment of the affected Debtor upon consideration of:  (A) the probability of success if the claim is litigated or arbitrated; (B) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (C) other factors relevant to assessing the wisdom of the settlement; and (D) the fairness of the settlement to such Debtor's estate, creditors, and shareholders; and

(ii)    Such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court.

d.    With regard to any Settled Amount that is greater than $500,000 but does not exceed $3,000,000, for:  (i) the settlement of a De Minimis Claim, or (ii) in satisfaction of a series of related De Minimis Claims in the aggregate:

(i)    A Debtor is authorized to settle such De Minimis Claim or De Minimis Claims if the terms of the settlement are reasonable in the judgment of the affected Debtor upon consideration of:  (A) the probability of success if the claim is litigated or arbitrated; (B) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (C) other factors relevant to assessing the wisdom of the settlement; and (D) the fairness of the settlement to such Debtor's estate, creditors, and shareholders, subject only to the noticing and objection procedures set forth herein;

(ii)    The Debtors shall provide written notice of the material terms of the settlement of such De Minimis Claim or De Minimis Claims to (A) the Office of the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Juliet Sarkessian; (B) each affected Settling Party; (C) counsel to the Creditors' Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn:  Adam C. Rogoff, Robert T. Schmidt, and Nathaniel Allard and Saul Ewing Arnstein & Lehr LLP, 1201 North Market Street, Suite 2300, Wilmington, Delaware 19801, Attn: Lucian Murley; (D) counsel to the administrative agent under the Debtors' prepetition revolving credit facility and the Debtors' proposed debtor in possession ABL financing facility, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn: Julia Frost-Davies (julia.frost-davies@morganlewis.com) and Christopher L. Carter (christopher.carter@morganlewis.com) and Richards, Layton & Finger, Pennsylvania, One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attn:  Mark D. Collins

5

(collins@rlf.com) (collectively, the "Notice Parties") in substantially the form of the settlement notice (the "Settlement Notice"), attached hereto as Exhibit 1 to **Exhibit A**;

(iii)    If, within fourteen (14) days after the date of service of the Settlement Notice, no written objection from any Notice Party is filed with this Court and served on counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Aparna Yenamandra, and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Anup Sathy, P.C, and co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Timothy P. Cairns, and James E. O'Neill such affected Debtor may, in its discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court; and

(iv)    If any of the Notice Parties properly and timely object to any settlement in writing within fourteen (14) days after the date of service of the notice of such proposed settlement, and the Debtor, in its sole discretion, still desires to enter into the proposed settlement with the Settling Party, the execution of the settlement shall not proceed except upon (A) resolution of the objection by the parties in question, or (B) further order of the Court after notice and a hearing.

e.    Any settlement that is not authorized pursuant to the foregoing procedures, or pursuant to any other order of this Court, will be authorized only upon separate order of this Court upon a motion of the appropriate Debtor(s) served upon the necessary parties in interest.

f.    On a bi-monthly basis, beginning thirty (30) days after entry of this Order, the Debtors will provide the Notice Parties a report of all settlements that the Debtors entered into during the previous two (2) months pursuant to the Settlement Procedures. Such reports will set forth the names of the parties with whom the Debtors have settled a De Minimis Claim, the asserted claim amount (if applicable), the types of De Minimis Claims asserted by each settling party, and the terms and amounts for which the De Minimis Claims were settled.

g.    With respect to De Minimis Claims asserted *by* the Debtors, or in satisfaction of multiple De Minimis Claims in the aggregate brought by the Debtors against a non-debtor third party where (i) the asserted De Minimis Amount (the "Asserted Amount"), or if an amount is not asserted, a reasonable estimate of the value of the De Minimis Claim as asserted, determined by the Debtors in the exercise of their business judgement, does

6

not exceed $500,000, or (ii) (a) the amount of the Settlement is 60 percent or more of the Asserted Amount, and (b) the Asserted Amount exceeds $500,000 but does not exceed $3,000,000:

(i)     A Debtor is authorized to settle such De Minimis Claim or De Minimis Claims if the terms of the settlement are reasonable in the judgment of the affected Debtor upon consideration of:  (A) the probability of success if the claim is litigated or arbitrated; (B) the complexity, expense, and likely duration of any litigation or arbitration with respect to the claim; (C) other factors relevant to assessing the wisdom of the settlement; and (D) the fairness of the settlement to such Debtor's estate, creditors, and shareholders, subject only to the noticing and objection procedures set forth herein; and

(ii)    Such affected Debtor may, in its discretion, enter into, execute, and consummate, a written agreement of settlement that will be binding on it and its estate without notice by such Debtor to any third party or further action by this Court.

10.    The Settlement Procedures shall not apply to (a) claims asserted against the Debtors by an insider or affiliate within the meaning of sections 101(31) and 101(2) of the Bankruptcy Code, respectively, (b) asserted by the Debtors against any insider or affiliate within the meaning of sections 101(31) and 101(2) of the Bankruptcy Code, respectively, or (c) claims arising under chapter 5 of the Bankruptcy Code (other than administrative expense claims under section 503(b) of the Bankruptcy Code, and priority claims under section 507(a) of the Bankruptcy Code).

## Basis for Relief

11.    The Debtors seek approval of the Settlement Procedures and authority for them to agree to settle De Minimis Claims pursuant to Bankruptcy Rule 9019 and sections 105 and 363 of the Bankruptcy Code.

12.    Bankruptcy Rule 9019(a) authorizes the Court to approve settlements.  Fed. R. Bankr. P. 9019(a).  Before doing so, a court must determine that the proposed settlement is in the best interest of the estate.  *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) ("[T]he ultimate inquiry [is]

7

whether the compromise is fair, reasonable, and in the interest of the estate.") (citation and internal quotations omitted).  To reach this determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement.  *See Martin*, 91 F.3d at 393.  This requires court consideration of the following criteria: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."  *Id.*  Settlements should only be rejected if they fall below the "lowest point in the range of reasonableness."  *In re Wash. Mut., Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011) (quoting *In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004)).

13.    In addition to the general authority granted in Bankruptcy Rule 9019(a), Bankruptcy Rule 9019(b) also authorizes the streamlining of settlements in the manner proposed herein: "[a]fter a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice."

14.    Section 105(a) of the Bankruptcy Code grants the Court further authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

15.    Section 363(b) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  A debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code should be approved so long as it is supported by a "legitimate business justification."  *See, e.g.*, *Martin*, 91 F.3d at 395 (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d

513, 515 (7th Cir. 1991)); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *Comm. of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Del. & Hudson R.R. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (applying the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)).

16.     As described above, in the ordinary course of business, a number of De Minimis Claims have been threatened or filed against the Debtors, and the Debtors themselves possess a number of De Minimis Claims against third parties.  Although the Debtors believe that many of the De Minimis Claims can be resolved consensually, the process of drafting, filing, serving, and conducting hearings on each individual settlement of a De Minimis Claim, as otherwise would be required under Bankruptcy Rule 9019(a), would be impractical, unduly expensive, and administratively burdensome for the Debtors' estates and the Court.  The Debtors seek approval of the Settlement Procedures to allow for the settlement of De Minimis Claims, within the parameters set forth herein, in a cost-effective and streamlined manner.  Moreover, authorization to settle the De Minimis Claims in accordance with the Settlement Procedures will encourage parties to resolve as many of the De Minimis Claims as possible, thereby further eliminating unnecessary time, cost, and expense with respect to those claims.  *See In re Heldor Indus., Inc.*, 131 B.R. 578, 583 (Bankr. D.N.J. 1991) ("The settlement of time consuming and burdensome litigation is encouraged, especially in bankruptcy cases.") (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968)).

17.     Furthermore, the notice and objection procedures contained in the Settlement Procedures are reasonable and justified under the circumstances.  The Settlement Procedures are designed to allow the Debtors, in consultation with key parties in interest, to resolve the De Minimis Claims in a manner that minimizes expenses and thus maximizes the value of

9

the Debtors' estates.  Because the De Minimis Claims resulting in settlements are expected to be of a relatively de minimis value, the usual process of obtaining Court approval of each individual settlement would impose unnecessary administrative burdens on the Court, would be prohibitively expensive to the Debtors' estates, and, in some instances, could hinder the Debtors' ability to take advantage of settlement opportunities that are available only for a limited time.

18.    In addition, the manner of notice proposed in the Settlement Procedures is sufficient, provides adequate notice to interested parties, and preserves such parties' due process rights.  Finally, the "notice and a hearing" requirements contained in section 363 of the Bankruptcy Code and Bankruptcy Rule 9019 are satisfied where there is an opportunity for a hearing and no party in interest timely requests a hearing.  11 U.S.C. § 102(1).

19.    Accordingly, the Debtors believe that approval of the Settlement Procedures is in the best interest of the Debtors and their estates and will not prejudice the rights of any party in interest in these chapter 11 cases.

**<u>Notice</u>**

20.    The Debtors will provide notice of this Motion to:  (a) the U.S. Trustee for the District of Delaware; (b) the administrative agent under the Debtors' prepetition revolving credit facility and the Debtors' debtor in possession ABL financing facility and counsel thereto; (c) the administrative agent under the Debtors' debtor in possession term loan facility and counsel thereto; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the state attorneys general for all states in which the Debtors conduct business; (g) counsel to certain majority equity holders for Debtor Forever 21, Inc.; (h) counsel to the Creditors' Committee; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

10

### **No Prior Request**

21.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated:  January 6, 2020
Wilmington, Delaware

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        ljones@pszjlaw.com
              joneill@pszjlaw.com
              tcairns@pszjlaw.com

-and-

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com
              aparna.yenamandra@kirkland.com

-and-

Anup Sathy, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        asathy@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*