**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| FOREVER 21, INC., *et al.*,[1] | ) | Case No. 19-12122 (MFW) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Objection Deadline: 3/18/2020 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: 3/25/2020 at 11:30 a.m. (ET)** |

**MOTION OF IVT PARKE CEDAR PARK, LLC FOR ORDER COMPELLING
DEBTORS TO IMMEDIATELY COMPLY WITH 11 U.S.C. § 365(d)(3)
AND PAY POST-PETITION LEASE OBLIGATIONS**

IVT Parke Cedar Park, LLC ("Landlord"), by and through its undersigned counsel, hereby moves ("Motion") this Court for entry of an order that compels the above-captioned debtors ("Debtors") to immediately pay to Landlord the post-petition obligations due and owing under the Lease (as hereinafter defined) in an amount not less than $143,076.43 plus attorneys' fees and late charges. In support hereof, Landlord respectfully represents as follows:

**BACKGROUND**

1. On September 29, 2019 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Landlord is a party to a lease ("Lease") of non-residential real property with Debtor Forever 21 Retail, Inc. for premises located at 5001 183 Toll Road, Cedar Park, Texas ("Premises"). To date, the Debtors have neither assumed nor rejected the Lease, and the Lease remains in full force and effect.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

3. Pursuant to the terms of the Lease, the Debtors are responsible for various charges related to the Premises, including, but not limited to, annual rent, real estate tax charges, and various other obligations that accrue and become due under the Lease. Specifically, the Debtors are required to, among other things, pay annual rent "in equal monthly installments, in advance upon the first day of each and every month for the duration of the Lease term."

4. The Debtors have failed to remit the rent payment due post-Petition from November 1, 2019 through March 2020.

5. To date, the current amount outstanding under the Lease attributable to the post-Petition Date period is $143,076.43, plus attorney's fees and late charges ("Outstanding Post-Petition Amounts").[2]

## RELIEF REQUESTED

6. Landlord respectfully requests that the Court enter an order that compels the Debtors to immediately comply with their post-petition obligations under the Lease and pay the Outstanding Post-Petition Amounts.

7. Section 365(d)(3) of the Bankruptcy Code requires the Debtors to "timely perform all the obligations … arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected…." 11 U.S.C. § 365(d)(3). Section 365 of the Bankruptcy Code is unequivocal: it says that a debtor "shall" timely perform. 11 U.S.C. § 365(d)(3). Courts have continually held that a landlord is entitled to immediate payment of post-petition, pre-rejection rental payments, pursuant to 11 U.S.C. § 365(d)(3). *See, e.g., In re Valley Media, Inc.*, 290 B.R. 73, 77 (Bankr. D. Del. 2003). When obligations arise

---

[2] The Outstanding Post-Petition Amounts are subject to increase as additional obligations accrue, and payments become due, under the terms of the Lease.

including, but not limited to, payments that become due, under a non-residential real property lease during the post-petition period, the debtor is required to timely and fully comply with those obligations when they become due. *See In re Pudgie's Dev. of NY, Inc.*, 239 B.R. 688, 693 (S.D.N.Y. 1999) ("The plain meaning of § 365(d)(3) requires that the landlord obtain payment as lease obligations come due.").

8. Pursuant to the terms of the Lease, payment for rent is due in advance on the first day of each month of the term of the lease.

9. The Debtors failed to remit rent due for November 1, 2019 through March 2020, as required under the terms of the Lease. Accordingly, the Debtors should be compelled to immediately comply with their post-petition Lease obligations and pay to Landlord the Outstanding Post-Petition Amounts, as described more fully above, pursuant to 11 U.S.C. § 365(d)(3).

WHEREFORE, Landlord respectfully requests that this Court enter an order in the form attached hereto (a) directing the immediate payment of the Outstanding Post-Petition Amounts in an amount no less than $143,076.43 plus attorney's fees and late charges; and (b) granting Landlord such other further relief as this Court deems just and equitable.

Dated: March 9, 2020
      Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

 /s/ *Matthew P. Ward*
Matthew P. Ward (DE Bar No. 4471)
S. Alexander Faris (DE Bar No. 6278)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:   (302) 252-4320
Facsimile:    (302) 252-4330
Email:        matthew.ward@wbd-us.com
              alexander.faris@wbd-us.com

-and-

**CHAPMAN AND CUTLER LLP**

James P. Sullivan (*pro hac vice* to be filed)
111 West Monroe Street
Chicago, Illinois  60603
Telephone:   (312) 845-3000
Facsimile:    (312) 701-2361
Email:        jsullivan@chapman.com

*Attorneys for IVT Parke Cedar Park, LLC*