## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FOREVER 21, INC., *et al.*,[1] | ) | Case No. 19-12122 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket Nos. 1232, 1274** |

### DEBTORS' REPLY TO
### THE UNITED STATES TRUSTEE'S RESPONSE
### AND RESERVATION OF RIGHTS TO DEBTORS' SECOND
### MOTION FOR ENTRY OF AN ORDER (I) FURTHER EXTENDING
### THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN
### AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121
### OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2]

submit this reply (this "Reply") to the response and reservation of rights [Docket No. 1274]

(the "Response") of the United States Trustee for the District of Delaware (the "U.S. Trustee"),

filed in connection with the *Debtors' Second Motion for Entry of an Order (I) Further Extending*

*the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptance Thereof Pursuant*

*to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 1232]

(the "Motion") seeking entry of an order (the "Order") authorizing the Debtors to further extend

---

1   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928).  The location of the Debtors' service address is:  3880 N. Mission Road, Los Angeles, California 90031.

2   A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Jonathan Goulding, Chief Restructuring Officer of Forever 21, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 23] (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on September 29, 2019 (the "Petition Date"). Capitalized terms used but not otherwise defined in this Motion shall have the meanings given to them in the First Day Declaration.

the Debtors' exclusive right to file a chapter 11 plan by 90 days through and including July 26, 2020, and to solicit votes thereon by 90 days through and including September 23, 2020, and granting related relief. In support of the Order and in reply to the Response, the Debtors respectfully state as follows.[3]

## Reply

1.      The U.S. Trustee does not dispute that the Debtors should obtain an extension of their Exclusivity Periods. Rather, the Response focuses on the status of the Debtors' chapter 11 cases. Specifically, the U.S. Trustee states that, following the closing of the sale of substantially all of the Debtors' assets (the "Sale"), the Wind Down Account will be (i) insufficient to pay administrative claims in these chapter 11 cases and (ii) used solely to pay professional fees. The Debtors file this Reply to provide an update on the status of the cases and next steps, as well as to clarify the scope of the Wind Down Account.

2.      Since the Debtors filed the Motion, the Debtors and their advisors have continued to seek a resolution of these chapter 11 cases and evaluate the necessary next steps. At a minimum, a successful wind down of the Debtors' estates requires the completion of certain value-maximizing processes. Specifically, the Debtors anticipate closing a sale for certain real property (the "Warehouse Sale") over the course of the next 60 to 90 days. The Warehouse Sale was previously approved pursuant to a separate motion [Docket No. 956], and, since that time, the Debtors and their advisors have continued to engage and coordinate with the buyer to ensure a successful outcome with respect to this outstanding Warehouse Sale. Additionally, under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), the Debtors anticipate

---

[3]    Capitalized terms used but not defined in this Reply have the meanings used in the Motion.

receiving certain, potentially significant, additional tax refunds, which will increase the ultimate amount of funds available for distribution to the Debtors' administrative creditors.

3.    These two primary value-accretive workstreams, in addition to certain other ongoing value analyses, will ultimately engender to the benefit of the Debtors' administrative claimants.  It is not simply the $5 million in the Wind Down Account, but a variety of other pools of unrestricted cash, that will ultimately form the aggregate amount of distributable value available to holders of allowed administrative claims.  However, until the Administrative Bar Date passes and a clear picture emerges as to the size of the administrative claims pool, the Debtors and their advisors will be unable to evaluate what percentage recovery the administrative claimants may expect.  Asserting at this point that there is insufficient value to support a continued chapter 11 process is short-sighted, particularly in light of the outstanding funds that the Debtors anticipate retaining following consummation of the Warehouse Sale (and payment of outstanding DIP Term Loan Obligations), and pursuant to the CARES Act.

4.    Further, forcing the Debtors to abandon their chapter 11 process would severely inhibit the Debtors' ability to recoup the benefits of the tax refunds provided under the CARES Act.  While certain case law indicates that debtors may not be eligible for certain relief under the CARES Act, involvement in a chapter 11 proceeding is not itself disqualifying.[4]  Although no motion to dismiss or convert the cases has been filed at this time, it is easy to imagine that should such a motion be filed, the Debtors would face potentially insurmountable obstacles in obtaining relief under the CARES Act—relief that is now available to the Debtors as debtors in possession

---

[4]    For example, while the Small Business Administration has released certain forms (Official SBA Form 2483 and Official SBA Form 2484) that indicate debtors are ineligible to receive loans pursuant to the Paycheck Protection Program ("PPP"), such relief is not at issue here, as the Debtors are not seeking PPP loans.

in a chapter 11 bankruptcy process and would ultimately result in additional value for the Debtors'

administrative claimants.

5.        Other than with respect to the ongoing value-accretive workstreams discussed

above, the Debtors have effectively "moth-balled" their cases.  Outside of the work required (i) to

finalize the Warehouse Sale and the CARES Act refunds and (ii) to begin preliminary

administrative claims analysis, professionals have not expended significant time on these

chapter 11 cases since the closing of the Sale.  Although the professionals in these chapter 11 cases

are working diligently and expeditiously towards identifying a value-maximizing pathway for an

orderly wind down of the Debtors' estates, they are also conscious of the limited resources

available.

6.        Raising the specter of a request for dismissal or conversion to a chapter 7 is

untimely.  The Debtors and their advisors continue to find additional pockets of value available to

distribute to the Debtors' administrative claimants.  Interrupting that process at this time would

ultimately harm the very creditors the U.S. Trustee implies are harmed by allowing these

chapter 11 cases to continue.  For the reasons discussed in this Reply, the Debtors respectfully

request that this Court grant the Motion.


[*Remainder of page intentionally left blank.*]

The Debtors respectfully request that the Court grant the Motion and enter the Order, substantially in the form attached to the Motion.

Dated:  May 21, 2020          */s/ Laura Davis Jones*
Wilmington, Delaware          Laura Davis Jones (DE Bar No. 2436)
                              James E. O'Neill (DE Bar No. 4042)
                              Timothy P. Cairns (DE Bar No. 4228)
                              **PACHULSKI STANG ZIEHL & JONES LLP**
                              919 North Market Street, 17th Floor
                              P.O. Box 8705
                              Wilmington, Delaware 19899-8705 (Courier 19801)
                              Telephone:   (302) 652-4100
                              Facsimile:   (302) 652-4400
                              Email:       ljones@pszjlaw.com
                                           joneill@pszjlaw.com
                                           tcairns@pszjlaw.com

                              -and-

                              Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
                              Aparna Yenamandra (admitted *pro hac vice*)
                              **KIRKLAND & ELLIS LLP**
                              **KIRKLAND & ELLIS INTERNATIONAL LLP**
                              601 Lexington Avenue
                              New York, New York 10022
                              Telephone:   (212) 446-4800
                              Facsimile:   (212) 446-4900
                              Email:       jsussberg@kirkland.com
                                           aparna.yenamandra@kirkland.com

                              -and-

                              Anup Sathy, P.C. (admitted *pro hac vice*)
                              **KIRKLAND & ELLIS LLP**
                              **KIRKLAND & ELLIS INTERNATIONAL LLP**
                              300 North LaSalle Street
                              Chicago, Illinois 60654
                              Telephone:   (312) 862-2000
                              Facsimile:   (312) 862-2200
                              Email:       asathy@kirkland.com

                              *Co-Counsel for the Debtors and Debtors in Possession*