IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOREVER 21, INC., *et al.*,[1] | ) | Case No. 19-12122 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Objection Deadline: August 18, 2020 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

## SEVENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL AND CONFLICTS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM APRIL 1, 2020 THROUGH APRIL 30, 2020

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective *nunc pro tunc* to September 29, 2019 by order signed on or about November 4, 2019 |
| Period for which Compensation and Reimbursement is Sought: | April 1, 2020 through April 30, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $119,060.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $    932.70 |

This is a:    x   monthly          interim          final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 02/05/20 | 09/29/19 – 10/13/19 | $289,506.00 | $27,332.38 | $ 289,506.00 | $27,332.38 |
| 02/26/20 | 11/01/19 – 11/30/19 | $156,847.00 | $11,298.88 | $ 156,847.00 | $11,298.88 |
| 03/03/20 | 12/01/19 – 12/31/19 | $136,054.00 | $ 4,028.50 | $135,696.00[2] | $ 4,028.50 |
| 05/29/20 | 01/01/20 – 01/31/20 | $157,831.00 | $ 2,855.18 | $ 126,264.80 | $ 2,855.18 |
| 06/24/20 | 02/01/20 – 02/29/20 | $141,799.00 | $ 9,659.73 | $ 113,439.20 | $ 9,659.73 |
| 07/08/20 | 03/01/20 – 03/31/20 | $123,770.50 | $ 2,461.75 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,295.00 | 21.40 | $27,713.00 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,125.00 | 2.40 | $ 2,700.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,075.00 | 2.70 | $ 2,902.50 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 66.90 | $61,882.50 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar since 2002-2014; 2017-Present | $ 775.00 | 12.10 | $ 9,377.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 20.00 | $ 8,500.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 6.90 | $ 2,415.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 10.20 | $ 3,570.00 |

**Grand Total:** $119,060.50
**Total Hours:** 142.60
**Blended Rate:** $834.93

---

[2] In the Court's Order approving quarterly fee applications for the First Period, the Court approved $582,049.00 in fees which reflects a reduction of $358.00. For the purposes of this application, we have noted the reduction in the last month of that period.

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 22.90 | $22,428.50 |
| Bankruptcy Litigation | 35.30 | $29,841.50 |
| Case Administration | 12.20 | $ 4,517.50 |
| Claims Admin./Objections | 14.90 | $12,890.50 |
| Compensation of Professional | 1.20 | $ 1,393.00 |
| Compensation of Prof./Others | 21.40 | $15,503.00 |
| Executory Contracts | 22.10 | $21,105.50 |
| Financial Filings | 0.20 | $   259.00 |
| Insurance Coverage | 0.30 | $   232.50 |
| Plan & Disclosure Statement | 12.10 | $10,889.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Bloomberg | | $   1.90 |
| Conference Call | AT&T Conference Call; CourtCall | $  88.84 |
| CourtLink | | $  10.46 |
| Court Research | Pacer | $368.30 |
| Reproduction Expense | | $135.50 |
| Reproduction/ Scan Copy | | $327.70 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOREVER 21, INC., *et al.*,[1] | ) | Case No. 19-12122 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Objection Deadline: August 18, 2020 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

# SEVENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL AND CONFLICTS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM APRIL 1, 2020 THROUGH APRIL 30, 2020

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief," signed on or about October 28, 2019 ("Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Co-Counsel and Conflicts Counsel for the Debtors and Debtors in Possession, hereby submits its Seventh Monthly Application for Compensation and for Reimbursement of Expenses for the Period from April 1, 2020 through April 30, 2020 (the "Application").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $119,060.50 and actual and necessary expenses in the amount of $932.70 for a total allowance of $119,993.20 and payment of $95,248.40 (80% of the allowed fees) and reimbursement of $932.70 (100% of the allowed expenses) for a total payment of $96,181.10 for the period April 1, 2020 through April 30, 2020 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

**Background**

1. On September 29, 2019 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about October 28, 2019, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning

with the period ending December 31, 2019 and at three-month intervals thereafter, each of the Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4. The retention of PSZ&J, as Co-Counsel and Conflicts Counsel for the Debtors and Debtors in Possession, was approved effective as of September 29, 2019 by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel and Conflicts Counsel for the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date," signed on or about November 4, 2019 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5. All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors.

6. PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in these cases. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $88,736.00 in connection with its prepetition representation of the Debtors. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J was credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

### Fee Statements

7.     The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

## Actual and Necessary Expenses

8.  A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier.  PSZ&J summarizes each client's photocopying charges on a daily basis.

9.  PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

10.  With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.  PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered

12. The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

### Summary of Services by Project

14. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each category.

### A.  Asset Disposition

15.  This category relates to work regarding sales and other asset disposition issues. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed a buyer's motion to modify sale order; (2) reviewed and analyzed "going out of business" ("GOB") sale issues; (3) performed work regarding a response to motion to amend sale order; (4) performed work regarding an amendment to asset purchase agreement and a notice of amendment; (5) attended to scheduling issues; (6) performed work regarding an amended notice of GOB sales; (7) reviewed and analyzed objections to GOB sale notice; (8) reviewed and analyzed objections, and the reply, to the buyer's motion to modify sale order; (9) prepared for and attended a hearing on April 21, 2020 on the motion to modify sale order; and (10) corresponded and conferred regarding asset disposition issues.

Fees: $22,428.50;    Hours: 22.90

### B.  Bankruptcy Litigation

16.  This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court. During the Interim Period, the Firm, among other things: (1) performed work regarding a foreign claims settlement order; (2) attended to scheduling issues; (3) maintained a work-in-progress memorandum; (4) performed work regarding Agenda Notices and Hearing Binders; (5) performed work regarding a second motion to extend the removal period; (6) attended to issues regarding the Allied adversary proceeding; (7) prepared

for and attended a telephonic hearing on April 21, 2020; and (8) conferred and corresponded regarding bankruptcy litigation issues.

Fees: $29,841.50;    Hours: 35.30

### C. Case Administration

17. This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things: (1) reviewed correspondence and pleadings and forwarded them to the appropriate parties; (2) maintained a memorandum of critical dates; and (3) maintained document control.

Fees: $4,517.50;    Hours: 12.20

### D. Claims Admin/Objections

18. This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things: (1) performed work regarding a foreign claims settlement order; (2) responded to creditor inquiries; (3) reviewed and analyzed issues regarding the Aetna claim; (4) reviewed and analyzed issues regarding an administrative claims bar date; (5) performed work regarding a stipulation with IVT allowing administrative claim; (6) performed work regarding a stipulation relating to the Becool claim; (7) performed work regarding a stipulation with Urban; and (8) corresponded and conferred regarding claim issues.

Fees: $12,890.50;    Hours: 14.90

### E. Compensation of Professionals

19. This category relates to work regarding compensation of the Firm. During the Interim Period, the Firm, among other things, reviewed and analyzed a fee auditor's report

and performed work regarding a response, and performed work regarding its December 2019 fee application.

                Fees: $1,393.00;    Hours: 1.20

**F.    Compensation of Professionals--Others**

    20.    This category relates to work regarding compensation of professionals, other than the Firm. During the Interim Period, the Firm, among other things: (1) performed work regarding the Lazard, Kirkland Ellis and Connor fee applications; (2) performed work regarding the Deloitte Tax, MMW&R and KPMG matters; (3) performed work regarding an Omnibus fee order; and (4) corresponded regarding fee issues.

                Fees: $15,503.00;    Hours: 21.40

**G.    Executory Contracts**

    21.    This category relates to work regarding executory contracts and unexpired leases of real property. During the Interim Period, the Firm, among other things: (1) performed work regarding a motion to assume and assign executory contracts and regarding a related notice; (2) performed work regarding rejection notices; (3) attended to issues regarding rejection of vehicle leases; (4) reviewed and responded to inquiries from landlords regarding GOB and rejection notices; (5) attended to issues regarding a headquarters lease amendment; (6) performed work regarding an amendment to rejection notice; (7) performed work regarding an order relating to extension of designation period; (8) attended to issues regarding a Section 365 time extension; (9) performed work regarding an assignment of the Loteria contract; and (10) corresponded and conferred regarding executory contract issues.

                Fees: $21,105.50;    Hours: 22.10

**H.     Financial Filings**

22.     This category relates to work regarding compliance with reporting requirements. During the Interim Period, the Firm, among other things, corresponded regarding Monthly Operating Reports.

Fees: $259.00;     Hours: 0.20

**I.     Insurance Coverage**

23.     This category relates to work regarding insurance issues. During the Interim Period, the Firm, among other things, reviewed and analyzed insurance issues.

Fees: $232.50;     Hours: 0.30

**J.     Plan and Disclosure Statement**

24.     This category relates to work regarding a Plan of Reorganization and Disclosure Statement. During the Interim Period, the Firm, among other things, performed work regarding a motion to extend the exclusivity periods.

Fees: $10,889.50;     Hours: 12.10

**Valuation of Services**

25.     Attorneys and paraprofessionals of PSZ&J expended a total 142.60 hours in connection with their representation of the Debtors during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,295.00 | 21.40 | $27,713.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,125.00 | 2.40 | $ 2,700.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,075.00 | 2.70 | $ 2,902.50 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 925.00 | 66.90 | $61,882.50 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar since 2002-2014; 2017-Present | $ 775.00 | 12.10 | $ 9,377.50 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 425.00 | 20.00 | $ 8,500.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 350.00 | 6.90 | $ 2,415.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 350.00 | 10.20 | $ 3,570.00 |

**Grand Total:** $119,060.50
**Total Hours:** 142.60
**Blended Rate:** $834.93

26.  The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Debtors during the Interim Period is $119,060.50.

27.  In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period of April 1, 2020 through April 30, 2020, an interim allowance be made to PSZ&J for compensation in the amount of $119,060.50 and actual and necessary expenses in the amount of $932.70 for a total allowance of $119,993.20 and payment of $95,248.40 (80% of the allowed fees) and reimbursement of $932.70 (100% of the allowed expenses) be authorized for a total payment of $96,181.10; and for such other and further relief as this Court deems proper.

Dated: July 27, 2020

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
PO Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Co-Counsel for the Debtors and Debtors in Possession

## VERIFICATION

STATE OF DELAWARE         :
                                            :
COUNTY OF NEW CASTLE  :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as Co-Counsel and Conflicts Counsel to the Debtors.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about October 28, 2019 and submit that the Application substantially complies with such Rule and Order.

_____
Laura Davis Jones

SWORN AND SUBSCRIBED
before me this 28 day of July, 2020.

_____
Notary Public
My Commission Expires:
March 13, 2022

DOCS_DE:229821.1 28709/001