## Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| FOREVER 21, INC., *et al.*,[1] | ) Case No. 19-12122 (MFW) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: Docket No. _____** |

## ORDER (A) APPROVING THE
## DISCLOSURE STATEMENT, (B) ESTABLISHING THE
## VOTING RECORD DATE, VOTING DEADLINE, AND OTHER
## DATES, (C) APPROVING PROCEDURES FOR SOLICITING, RECEIVING,
## AND TABULATING VOTES ON THE PLAN, AND (D) APPROVING THE
## MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") pursuant to sections 105(a), 502, 1123(a), 1124, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, 3020, and 9013, and Local Rules 2002-1, 3003-1, and 3017-1: (a) approving the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"); (b) establishing the voting record date, voting deadline, and other related dates in connection with confirmation of the *Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*

---

1    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928).  The location of the Debtors' service address is:  3880 N. Mission Road, Los Angeles, California 90031.

[Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (d) approving the manner and forms of notice and other related documents as they relate to the Debtors, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted as provided herein.

**I.     Approval of the Disclosure Statement.**

2.     The Disclosure Statement is hereby approved as providing Holders of Claims and Interests entitled to vote on the Plan with adequate information to make an informed decision as

---

[2]    Capitalized terms used but not defined herein have the meaning given to such terms in the Motion, the Plan, or the Disclosure Statement, as applicable.

to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the release, exculpation, and injunction provisions contained in Article IX of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**II.      Approval of the Solicitation Procedures.**

4.      The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the solicitation procedures attached hereto as **Exhibit 1** (the "Solicitation Procedures"), which are hereby approved in their entirety; *provided*, *however*, that the Debtors may amend or supplement the Solicitation Procedures (in consultation with the Official Committee or further order of the Court) where, in the Debtors' best judgment, doing so would facilitate solicitation.

**III.      Approval of the Disclosure Statement Hearing Notice.**

5.      The disclosure statement hearing notice, the form of which is attached hereto as **Exhibit 2 (**the "Disclosure Statement Hearing Notice"), filed by the Debtors and served upon upon (i) any party that has requested service pursuant to Bankruptcy Rule 2002 as of June 11, 2021, and (ii) all known Holders of Claims or Interests that are listed in the Debtors' schedules of assets and liabilities or a filed Proof of Claim that, as of June 11, 2021, has not been expunged, disallowed, disqualified, withdrawn, or superseded beginning on **June 11, 2021**, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement (the "Disclosure Statement Hearing"), the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) may be obtained, and the time fixed for

filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IV.    Approval of the Materials and Timeline for Soliciting Votes on the Plan.**

      **A.    Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

6.    The following dates are hereby established (subject to modification as necessary in consultation with the Official Committee or further order of the Court) with respect to the solicitation of votes to accept or reject the Plan, voting on the Plan, objecting to the Plan, and confirming the Plan (all times prevailing Eastern Time):

| Event | Date |
|---|---|
| Voting Record Date | **July 26, 2021** |
| Solicitation Deadline | **August 2, 2021** |
| Publication Deadline | **August 2, 2021** |
| Voting Deadline | **August 30, 2021** at **4:00 p.m.** prevailing Eastern Time. |
| Plan Objection Deadline | **August 30, 2021** at **4:00 p.m.** prevailing Eastern Time. |
| Deadline to File Confirmation Brief | The date that is three (3) business day prior to the Confirmation Hearing Date (unless otherwise extended by the Court). |
| Deadline to File Voting Report | The date that is three (3) business day prior to the Confirmation Hearing Date (unless otherwise extended by the Court). |
| Confirmation Hearing Date | **September [24]**, **2021** at [●] prevailing Eastern Time. |

**B.    Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

7.      The solicitation packages (the "<u>Solicitation Packages</u>") to be transmitted on or before the Solicitation Deadline to those Holders of Claims or Interests in Class 3A and 3B (collectively, the "<u>Voting Classes</u>") entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.      the ballots for Holders of Claims in Classes 3A and 3B, substantially in the form attached hereto as **Exhibit 3A** and **Exhibit 3B**, respectively, (the "<u>Ballots</u>"), together with detailed voting instructions (as may be modified for particular Voting Classes and with instructions attached thereto) and a pre-addressed, postage prepaid return envelope;

b.      the cover letter, substantially in the form attached hereto as **Exhibit 7** (the "<u>Cover Letter</u>");

c.      solely for Holders of Claims in Class 3A, the letter substantially in the form attached hereto as **Exhibit 11** (the "<u>Class 3A Letter</u>");

d.      the Disclosure Statement (and exhibits attached thereto, including the Plan);

e.      the Solicitation Procedures;

f.      this Order, without exhibits;

g.      the confirmation hearing notice, substantially in the form attached hereto as **Exhibit 8** (the "<u>Confirmation Hearing Notice</u>"); and

h.      such other materials as the Court may direct.

8.      The Solicitation Packages provide the Holders of Claims and Interests entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

9. The Debtors shall distribute Solicitation Packages to all Holders of Claims and Interests entitled to vote on the Plan on or before the Solicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

10. The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement (and exhibits thereto), Solicitation Procedures, and this Order to Holders of Claims and Interests entitled to vote on the Plan in electronic format. The applicable Ballot, the Cover Letter, the Class 3A Letter (if applicable), and the Confirmation Hearing Notice will **_only_** be provided in paper format. On or before the Solicitation Deadline, the Debtors shall provide complete Solicitation Packages to the U.S. Trustee (except for the Ballots).

11. Any party that receives the materials in electronic format but would prefer paper format may contact the Notice and Claims Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

12. The Notice and Claims Agent is authorized to assist the Debtors in (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims and Interests in the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the Solicitation Procedures; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan.

13. The Notice and Claims Agent is also authorized to accept Ballots, Administrative/Priority Claim Consent Forms, and Release Consent Forms via electronic online transmission through a customized online balloting portal on the Debtors' case website. The encrypted ballot data and audit trail created by such electronic submission shall become part

of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

### C. Approval of the Confirmation Hearing Notice.

14. Service of the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 8**, upon (i) any party that has requested service pursuant to Bankruptcy Rule 2002 as of the Voting Record Date, and (ii) all known Holders of Claims or Interests that, as of the Voting Record Date, are listed in the Debtors' schedules of assets and liabilities or a filed Proof of Claim that has not been expunged, disallowed, disqualified, withdrawn, or superseded, on or before five (5) business days after entry of this Order, or as soon as reasonably practicable thereafter, constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication) in: (a) *USA Today* (national edition); (b) *The Wall Street Journal* (national edition); (c) *The Financial Times* (international edition); and (d) on the Debtors' restructuring website, available at https://cases.primeclerk.com/Forever21, in each case no later than the Publication Deadline.

### D. Approval of the Notice of Filing of the Plan Supplement.

15. The Debtors are authorized to send the notice of the filing of the Plan Supplement, substantially in the form attached hereto as **Exhibit 9**, on the date the Plan Supplement is filed pursuant to the terms of the Plan. Notwithstanding the foregoing, the Debtors may amend the documents contained in, and exhibits to, the Plan Supplement through the Effective Date solely in accordance with the Plan.

**E.  Approval of the Form of Notices to Non-Voting Classes.**

16.  Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Classes 1, 2, 4, 5, 6, and 7 (collectively, the "Non-Voting Classes"), as such Holders are not entitled to vote on the Plan. Instead, on or before the Solicitation Deadline, the Notice and Claims Agent shall mail (first-class postage prepaid) a Non-Voting Status Notice (as defined below) in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

a.  <u>Unimpaired Claims – Deemed to Accept</u>:  Holders of Claims in Class 1 are Unimpaired under the Plan and, therefore, are conclusively deemed to have accepted the Plan.  As such, Holders of such Claims will receive a notice, in substantially the form attached hereto as **Exhibit 4** (the "Unimpaired Non-Voting Status Notice"), in lieu of a Solicitation Package.

b.  <u>Impaired Claims and Interests – Deemed to Reject</u>:  Holders of Claims and Interests in Classes 4, 5, 6, and 7 are receiving no distribution under the Plan and, therefore, are conclusively deemed to have rejected the Plan. As such, Holders of such Claims and Interests will receive a notice, in substantially the form attached hereto as **Exhibit 5** (the "Impaired Non-Voting Status Notice"), in lieu of a Solicitation Package.

c.  <u>Unimpaired / Impaired Claims – Deemed to Accept / Reject</u>:  Holders of Other Priority Claims in Class 2 are either Unimpaired or Impaired under the Plan and, therefore, are conclusively deemed to have either accepted or rejected the Plan pursuant to section 1126(f) or (g) of the Bankruptcy Code.  As such, Holders of such Claims are not entitled to vote to accept or reject the Plan.  Holders of Other Priority Claims will receive an Administrative/Priority Claim Consent Form, in substantially the form attached hereto as **Exhibit 10** (the "Unimpaired / Impaired Non-Voting Status Notice"), in lieu of a Solicitation Package.

d.  <u>Disputed Claims</u>:  Holders of Claims that are subject to a pending objection by the Debtors and, therefore, are not entitled to vote the disputed portion of their Claim.  As such, Holders of such Claims will receive a notice, in substantially the form attached hereto as **Exhibit 6** (the "Disputed Claims Notice," and collectively with the Unimpaired Non-Voting Status Notice, the Impaired Non-Voting Status Notice, and the Unimpaired / Impaired Non-Voting Status Notice, the "Non-Voting Status

<u>Notice</u>") (which notice shall be served together with any applicable objection filed after the entry of this Order).

17.     The Debtors are not required to mail Solicitation Packages or other solicitation materials to: (a) Holders of Claims that (i) have already been paid in full during these chapter 11 cases or (ii) are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court or (b) any party to whom the Disclosure Statement Hearing Notice was sent and was subsequently returned as undeliverable. For purposes of serving the Solicitation Packages, the Debtors are authorized to rely on the address information as compiled, updated, and maintained by the Notice and Claims Agent as of the Voting Record Date. Neither the Debtors nor the Notice and Claims Agent are required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including Ballots).

**F.      Approval of the Notice to Holders of Administrative Claims, Priority Tax Claims, and Other Priority Claims.**

18.     The Debtors are authorized to serve the Administrative/Priority Claim Consent Form in the form attached hereto as **<u>Exhibit 10</u>** upon known Holders of General Administrative Claims, other than Administrative Settlement Claimants, and Other Priority Claims on or before the Solicitation Deadline. For the avoidance of doubt, such Holders shall also receive the Confirmation Hearing Notice.

19.     The Debtors are authorized to serve the release consent form attached hereto as **<u>Exhibit 12</u>** (the "<u>Release Consent Form</u>") upon known Holders of General Administrative Claims and Other Priority Claims on or before the Solicitation Deadline, pursuant to which such Holders may affirmatively elect to grant the releases contained in the Plan on account of such Claims. For the avoidance of doubt, Administrative Settlement Claimants will receive the Release Consent Form.

**G. Approval of the Procedures for Filing Objections to the Plan.**

20. Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order. Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, ***must***: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties so as to be ***actually received*** on or before **August 30, 2021,** at **4:00 p.m.** prevailing Eastern Time by each of the notice parties identified in the Confirmation Hearing Notice.

21. The process for Holders of General Administrative Claims and Other Priority Claims to object to the proposed treatment of their respective Allowed Claims under the Plan is set forth in the Confirmation Hearing Notice and the Administrative/Priority Claim Consent Form and is hereby approved.

**H. Approval of Prepayment of the Notice and Claims Agent**

22. As soon as reasonably practicable following entry of this Order, the Debtors shall prepay the Notice and Claims Agent the estimated reasonable costs and out-of-pocket expenses that will be incurred by the Notice and Claims Agent in connection with solicitation of votes on the Plan. Any unused prepaid amounts will be applied against any unpaid Allowed Professional Fee Claims of the Notice and Claims Agent; *provided*, that to the extent the unused prepaid amounts exceed the unpaid Allowed Professional Fee Claims of the Notice and Claims Agent, the Notice and Claims Agent shall repay the Debtors such excess amounts as soon as practicable following a determination by the Court as to the Allowed amount of such Professional Fee Claims in accordance with Article II.A.2 of the Plan. For the avoidance of doubt, the *Order*

*Granting in Part and Denying in Part Motion of Interested Parties Key Vendor Administrative Claimants WeiHai ShangShan Imp. & Exp. Co., Ltd.; Only Star (Ningbo) Co., Ltd.; Regentex Apparel Limited; V & E Accessories Inc.; Hongkong Olive Fashion Co., Limited; LIFU Enterprises Corp.; RGB Imp. & Exp. Trading (Ningbo) Co., Ltd.; Chantex International Limited; Hotkey Inco Limited; & Ebeauty Fashion Co., Limited For Allowance and Immediate Payment of Administrative Claims Pursuant to 11 U.S.C. § 503(b); an Injunction Against the Payment of All Professional Fees Pending Payment; and Related Relief* [Docket No. 1444] shall not limit or otherwise prevent the payments contemplated by this paragraph.

**V.     Miscellaneous.**

23.     The Debtors reserve the right to modify the Plan in accordance with Article XI thereof, including the right to withdraw the Plan as to an individual Debtor at any time before the Confirmation Date.

24.     Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

25.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

27.     For purposes of clarity, the page limit set forth in Local Rule 7007-2(a)(iv) shall not apply to the Debtors in connection with filing any brief or declaration in support of Plan confirmation.

28. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

29. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

30. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2021
    Wilmington, Delaware

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

## **Form of Solicitation Procedures**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Forever 21, Inc., *et al.*,[1] | ) | Case No. 19-12122 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## SOLICITATION PROCEDURES

**PLEASE TAKE NOTICE THAT** on [DATE], 2021 the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) approving the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"); (b) establishing the voting record date, voting deadline, and other related dates in connection with confirmation of the *Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (d) approving the manner and forms of notice and other related documents as they relate to the Debtors.

### A. The Voting Record Date.

The Court has approved **July 26, 2021,** as the record date for purposes of determining which Holders of Claims in Class 3A (Crossover Unsecured Claims) and Class 3B (Other Unsecured Claims) are entitled to vote on the Plan (the "Voting Record Date").

### B. The Voting Deadline.

The Court has approved **August 30, 2021, at 4:00 p.m.** prevailing Eastern Time as the voting deadline (the "Voting Deadline") for the Plan. The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court (in consultation with the Official Committee. To be counted as votes to accept or reject the Plan, all ballots ("Ballots") must be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not defined herein have the meaning given to such terms in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

properly executed, completed, and delivered by: (1) first class mail; (2) overnight courier; (3) personal delivery; or (4) through the E-Ballot Portal (as defined below), so that they are **actually received**, in any case, no later than the Voting Deadline by the Prime Clerk LLC, the notice and claims agent retained by the Debtors in the Chapter 11 Cases (the "Notice and Claims Agent"). All Ballots should be sent: (a) via Paper Ballot to Forever 21, Inc. Ballots Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165; or (b) via E-Ballot Portal to the Notice and Claims Agent's online portal, by visiting https://cases.primeclerk.com/forever21 (the "E-Ballot Portal") and following the instructions therein. Holders of Claims or Interests who cast a Ballot using the E-Ballot Portal should *not* also submit a paper Ballot. In the event a Holder of Claims or Interests casts a Ballot using the E-Ballot Portal and a paper Ballot each prior to the Voting Deadline, the latter vote actually received by the Notice and Claims Agent shall be deemed the effective vote unless otherwise agreed to by the Debtors in their sole and absolute discretion. Delivery of a Ballot to the Notice and Claims Agent by facsimile or electronic means (other than the E-Ballot Portal) shall not be valid.

**C. Form, Content, and Manner of Notices.**

**1.** **The Solicitation Package.**

The following materials shall constitute the solicitation package (the "Solicitation Package"):

a.   the relevant Ballot, substantially in the form annexed as Exhibit 3A or Exhibit 3B to the Disclosure Statement Order, as applicable, together with detailed voting instructions (as may be modified for particular Voting Classes and with instructions attached thereto) and a pre-addressed, postage prepaid return envelope;

b.   the cover letter, substantially in the form annexed as Exhibit 7 to the Disclosure Statement Order;

c.   solely for Holders of Claims in Class 3A, the letter substantially in the form annexed as Exhibit 11 to the Disclosure Statement Order;

d.   the Disclosure Statement (and exhibits attached thereto, including the Plan);

e.   these Solicitation Procedures;

f.   the Disclosure Statement Order, without exhibits;

g.   the *Notice of Hearing to Consider Confirmation of the Chapter 11 Plan Filed By the Debtors and Related Voting and Objection Deadlines*, substantially in the form annexed as Exhibit 8 to the Disclosure Statement Order (the "Confirmation Hearing Notice"); and

h.   any additional documents that the Court has ordered to be made available.

2. **Distribution of the Solicitation Package.**

The Solicitation Package shall provide the Plan, the Disclosure Statement (and exhibits attached thereto, including the Plan), these Solicitation Procedures, and the Disclosure Statement Order (without exhibits) in electronic format, and all other contents of the Solicitation Package, including the Ballot, shall be provided in paper format. Any party that receives the materials in electronic format but would prefer paper format may contact the Notice and Claims Agent by: (a) calling the Debtors' restructuring hotline at (877) 510-9565 (toll free); (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/Forever21; (c) writing to Forever 21 Inc., c/o Prime Clerk LLC, One Grand Central Place. 60 East 42nd Street, Suite 1440, New York, NY 10165; or (d) emailing forever21ballots@primeclerk.com and requesting paper copies of the corresponding materials.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (except for the Ballots) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date in accordance with the Disclosure Statement Order. In addition, the Debtors shall mail, or cause to be mailed, on the date that is within five (5) business days following entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter, Solicitation Packages to all Holders of Claims in classes that are entitled to vote (the "Voting Classes"), as described in section D below.

To avoid duplication and reduce expenses, the Debtors will make reasonable efforts to ensure that any Holder of a Claim that has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

3. **Resolution of Disputed Claims for Voting Purposes; Resolution Event.**

   a. Absent a further order of the Court, the Holder of a Claim in a Voting Class that is the subject of a pending objection on a "reduce and allow" basis shall be entitled to vote such Claim in the reduced amount contained in such objection.

   b. If a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court on or prior to seven days before the Voting Deadline: (i) the Debtors shall cause the applicable Holder to be served with a notice of Disputed Claim, substantially in the form annexed as Exhibit 6 to the Disclosure Statement Order (which notice shall be served together with such objection); and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such claim unless a Resolution Event (as defined herein) occurs as provided herein.

   c. If a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court less than seven days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes, without further action by the Debtors or

the Holder of such Claim and without further order of the Court, unless the Court orders otherwise.

d.  A "Resolution Event" means the occurrence of one or more of the following events no later than two business days prior to the Voting Deadline:

   i.  an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

   ii.  an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

   iii.  a stipulation or other agreement is executed between the Holder of such Claim and the Debtors (a) resolving the objection and allowing such Claim in an agreed upon amount or (b) agreeing upon an amount in which the Holder of such Claim may vote; or

   iv.  the pending objection is voluntarily withdrawn by the objecting party.

e.  No later than two business days following the occurrence of a Resolution Event, the Debtors shall cause the Notice and Claims Agent to distribute via email, hand delivery, or overnight courier service a Solicitation Package to the relevant Holder to the extent such Holder has not already received a Solicitation Package containing a Ballot.

**4.  Procedures For Disputing the Classification of a Class 3A or Class 3B Claim.**

a.  To the extent the Holder of a Claim in Class 3A or Class 3B disagrees with the classification of such Claim in Class 3A or Class 3B, as applicable, such Holder must email counsel to the Debtors, Kirkland & Ellis LLP Attn: (a) Aparna Yenamandra at aparna.yenamandra@kirkland.com; (b) Anne G. Wallice at anne.wallice@kirkland.com; (c) Simon Briefel at simon.briefel@kirkland.com; and (d) Kevin Stuart Rice at kevin.s.rice@kirkland.com, indicating their belief that their Claim was incorrectly classified, along with any supporting documentation (a "Classification Inquiry") so that such Classification Inquiry is actually received no later than **August 16, 2021 at 4:00 p.m.** prevailing Eastern Time (*i.e.*, fourteen (14) days prior to the Voting Deadline).

b.  Following receipt of a timely Classification Inquiry, the Debtors will work in good faith with the applicable Holder to agree on the appropriate classification of such Claim.

c.      If, following the receipt of a timely Classification Inquiry, the Debtors and the applicable Holder agree that the Claim was incorrectly classified, the Notice and Claims Agent shall send the applicable Holder the Ballot for the agreed upon Class (a "<u>New Ballot</u>") and make appropriate adjustments to the Claims Register.

d.      If a New Ballot is sent by the Notice and Claims Agent, such New Ballot must be properly executed, completed, and received by the Notice and Claims Agent no later than the Voting Deadline to be counted as a vote to accept or reject the Plan. A timely submitted New Ballot shall supersede any previously submitted Ballot(s) for the applicable Claims, and such previously submitted Ballot(s) shall not count in connection with Confirmation of the Plan.

e.      If, following the receipt of a timely Classification Inquiry, the parties are unable to agree on the appropriate classification of the Claim, such Holder must file an objection to the Plan on the basis that their Claim was improperly classified prior to the Plan Objection Deadline (a "<u>Classification Objection</u>"). The Court will determine the correct classification of any unresolved, timely filed Classification Objections at the Confirmation Hearing or, with the consent of the Debtors and the applicable Holder, at the next scheduled omnibus hearing after the Confirmation Hearing; *provided,* that the applicable Ballot associated with a timely filed Classification Objection that is unresolved as of the Voting Deadline shall be counted in such Holder's initial Class for the purpose of tabulating votes in connection with Confirmation of the Plan.

f.      Any Holder of Class 3A Crossover Unsecured Claim or Class 3B Other Unsecured Claim that fails to (i) submit a timely Classification Inquiry *and* (ii) file a timely Classification Objection, as necessary, (x) shall be forever barred, estopped, and enjoined from any and all assertions that their Class 3A Crossover Unsecured Claim or Class 3B Other Unsecured Claim, as applicable, was incorrectly classified, and (y) any Ballot timely submitted by such Holder shall be counted in such Holder's initial Class for the purpose of tabulating votes in connection with Confirmation of the Plan.

g.      For the avoidance of doubt, the resolution of a Classification Inquiry or Classification Objection shall not impact the Allowance or amount of the applicable Claim, and the Debtors expressly reserve all rights to object to such Claim on any and all bases permitted by the Plan and applicable law.

**5.      <u>Non-Voting Status Notices for Certain Holders of Claims and Interests.</u>**

Certain Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise deemed to accept the Plan under section 1126(f) of the Bankruptcy

Code will receive only the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Deemed to Accept the Plan*, substantially in the form annexed as <u>Exhibit 4</u> to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding the Ballot).

Certain Holders of Claims and Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Impaired Claims and Equity Interests Deemed to Reject the Plan*, substantially in the form annexed as <u>Exhibit 5</u> to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

### 6. Administrative/Priority Claim Consent Form.

Holders of Other Priority Claims and General Administrative Claims, other than Administrative Settlement Claimants, will receive the Administrative/Priority Claim Consent Form, substantially in the form annexed as <u>Exhibit 10</u> to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding the Ballot).

### 7. Release Consent Form.

Holders of Other Priority Claims and General Administrative Claims will also receive the Release Consent Form, substantially in the form annexed as <u>Exhibit 12</u> to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may affirmatively elect to grant the releases contained in the Plan on account of their General Administrative Claims or Other Priority Claims. For the avoidance of doubt, Administrative Settlement Claimants will receive the Release Consent Form.

### D. Voting and Tabulation Procedures.

### 1. <u>Holders of Claims and Interests Entitled to Vote.</u>

Only the following Holders of Claims and Interests in the Voting Classes shall be entitled to vote with regard to such Claims and Interests:

    a.     Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Court at least seven days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Court;

    b.     Holders of Claims and Interests that are listed in the Debtors' schedules of assets and liabilities (the "<u>Schedules</u>"); *provided* that a Claim that is listed

in the Schedules as contingent, unliquidated, or disputed and for which a Proof of Claim was not (i) filed by the applicable Claims Bar Date for the filing of Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline is not entitled to vote;

c. Holders whose Claims or Interests arise (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court, (ii) in an order entered by the Court or (iii) in a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

d. Holders of any Disputed Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

e. the assignee of any Claim or Interest that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (a) through (d) above; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register as of the Voting Record Date.

**2.** **Establishing Claims or Interests Amounts for Voting Purposes.**

If a Proof of Claim is amended, the last filed Proof of Claim shall be subject to these Solicitation Procedures and will supersede any earlier filed Proof of Claim for voting purposes, and any earlier filed Proof of Claim will be disallowed for voting purposes.

**Class 3A and Class 3B Claims**.

a. The Claims amount of Class 3A Crossover Unsecured Claims and Class 3B Other Unsecured Claims for voting purposes only will be established based on the amount of the applicable positions held by such Claim Holder, as of the Voting Record Date, as evidenced by reference to the Debtors' applicable books and records and the Claims Register.

**Scheduled Claims**. The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim. Moreover, any amounts filled in on Ballots by the Debtors through the Notice and Claims Agent, as applicable, are not binding for purposes of allowance and distribution. In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

b. the Claim amount (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court, (ii) set forth in an order of the Court or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court;

c.     the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under section C.3(d) of these Solicitation Procedures;

d.     the Claim amount contained in a Proof of Claim that has been timely filed (or deemed timely filed by the Court under applicable law) and filed in good faith (in the reasonable discretion of the Debtors), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided*, that any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of (i) a contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Notice and Claims Agent) that is not the subject of an objection will count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (ii) a partially liquidated and partially unliquidated Claim, such Claim will be Allowed for voting purposes only in the liquidated amount; *provided, further,* that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes; *provided, further,* that if the Debtors determine in their reasonable discretion that the Proof of Claim contains any amount that was not asserted in good faith (a "Contested Claim"), the Claim amount listed in the Schedules shall be used for voting purposes only and the Debtors shall notify the Holder of the Contested Claim of such determination as soon as reasonably practicable; *provided, further*, that to the extent the Holder of a Contested Claim disagrees with such determination, the Holder must file any objection with the Court refuting such determination or contact the Debtors to resolve such disagreement within three (3) calendar days following the earlier of:  (x) the date on which such Holder received notice of a determination that its Claim is a Contested Claim, or (y) the date on which the Voting Report is filed; *provided, further*, that if the Holder of the Contested Claim does not file an objection with the Court specifically refuting the determination that its Claim is a Contested Claim and does not contact the Debtors to resolve such disagreement, such Holder shall be deemed to consent to the amendment of its Proof of Claim to the Claim amount listed in the Schedules for voting purposes only and no further action shall be required by the Debtors or Holder; *provided, further,* that if the Debtors determine that any Proof of Claim is a Contested Claim (in the Debtors' reasonable discretion), and the Claim is not listed in the Schedules, the Debtors shall contact the Holder of the Contested Claim to consensually agree upon a Claim amount for voting purposes only and such agreed amount will not require notice or consent of the Court; *provided, further*, that if no agreement is reached regarding the amount of the Contested Claim,

the Debtors may file an objection to the Contested Claim and treat such Contested Claim as a Disputed Claim in accordance with Section C.3 of these Solicitation Procedures;

e.      the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely filed Proof of Claim); *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid; *provided*, *further*, that a Claim that is listed in the Schedules as contingent, unliquidated, or disputed and for which a Proof of Claim was not (i) filed by the applicable Claims Bar Date for the filing of Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline is not entitled to vote; and

f.      in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

### 3.      <u>Voting and Ballot Tabulation Procedures.</u>

The following voting procedures and standard assumptions shall be used in tabulating Ballots, along with the procedures described in the applicable Ballot, subject to the Debtors' right to waive any of the below specified requirements (in the Debtors' sole and absolute discretion and without further order from or notice to the Court, but in consultation with the Official Committee) for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:[3]

a.      except as otherwise provided in these Solicitation Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with Confirmation of the Plan;

b.      the Notice and Claims Agent will date-stamp all Ballots when received. The Notice and Claims Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court;

c.      the Debtors will file a voting report (the "<u>Voting Report</u>") with the Court no less than two (2) business days prior to the Confirmation Hearing. The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions and was excluded from the final voting results (each, an "<u>Irregular Ballot</u>");

---

[3]      The summary provided herein is for illustrative purposes only and is subject to the procedures described in the Ballot in all respects. In the event of any inconsistency between the summary of voting and tabulation procedures as set forth herein and the applicable Ballot, the Ballot will control.

d.	the method of delivery of Ballots to be sent to the Notice and Claims Agent is at the election and risk of each Holder and, except as otherwise provided, a Ballot will be deemed delivered only when the Notice and Claims Agent actually receives the executed Ballot;

e.	an executed Ballot is required to be submitted by the Entity submitting such Ballot. The Notice and Claims Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be valid;

f.	no Ballot should be sent to the Debtors, the Debtors' agents (other than the Notice and Claims Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted;

g.	if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

h.	Holders must vote all of their Claims or Interests within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims or Interests within the same Class, the Debtors may, in their discretion, aggregate the Claims or Interests of any particular Holder within a Class for the purpose of counting votes for numerosity;

i.	a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims or Interests must indicate such capacity when signing;

j.	the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

k.	neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

l.	for purposes of serving the solicitation materials and the Administrative/Priority Claim Consent Form, the Debtors are authorized to rely on the address information for voting and non-voting parties as compiled, updated, and maintained by the Notice and Claims Agent as of the Voting Record Date. The Debtors and the Notice and Claims Agent

are not required to conduct any additional research for updated addresses based on undeliverable solicitation materials (including Ballots);

m.   unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

n.   in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

o.   subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

p.   if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

q.   if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

r.   a Ballot shall not be counted in determining the acceptance or rejection of the Plan if, among other things: (i) it is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) it was transmitted by facsimile or other electronic means (other than the E-Ballot Portal); (iii) it was cast by an entity that is not entitled to vote on the Plan; (iv) it was cast for a Claim listed in the Debtors' schedules as contingent, unliquidated, or disputed for which the applicable Claims Bar Date has passed and no proof of claim was timely filed; (v) it was cast for a Claim that is subject to an objection pending as of the Voting Record Date (unless temporarily allowed in accordance with the Disclosure Statement Order and these Solicitation Procedures); (vi) it was sent to the Debtors, the Debtors' agents/representatives (other than the Notice and Claims Agent), an administrative agent (except as otherwise permitted by the Disclosure Statement Order), or the Debtors' financial or legal advisors instead of the Notice and Claims Agent; (vii) it is unsigned; or (viii) it is not clearly marked to either accept or reject the Plan or it is marked both to accept and reject the Plan;

s.   after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors;

t.  the Debtors are authorized to enter into stipulations with the Holder of any Claim or Interest agreeing to the amount of a Claim or Interest for voting purposes; and

u.  where any portion of a single Claim or Interest has been transferred to a transferee, all Holders of any portion of such single Claim or Interest will be (i) treated as a single creditor or equity holder for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim or Interest collectively to accept or reject the Plan. In the event that (x) a Ballot, (y) a group of Ballots within a Voting Class received from a single creditor or (z) a group of Ballots received from the various Holders of multiple portions of a single Claim or Interest partially reject and partially accept the Plan, such Ballots shall not be counted.

### E.  Amendments to the Plan and Solicitation Procedures.

The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, Disclosure Statement Order, Plan, Ballots, Confirmation Hearing Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution.

*       *       *       *       *

**<u>Exhibit 2</u>**

**Form of Disclosure Statement Hearing Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FOREVER 21, INC., *et al.*,[1] | ) | Case No. 19-12122 (MFW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF DISCLOSURE STATEMENT HEARING

**PLEASE TAKE NOTICE THAT**, on June 11, 2021, the above captioned debtors and debtors in possession (collectively, the "Debtors") filed the (i) *Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as may be modified, amended or supplemented from time to time, the "Plan") and (ii) the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]], including all exhibits and schedules thereto (as may be modified, amended or supplemented from time to time, the "Disclosure Statement").[2]

**PLEASE TAKE FURTHER NOTICE THAT**, on December 18, 2019, the Debtors filed the *Debtors' Motion For Entry of an Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents* [Docket No. 585] (the "Disclosure Statement Motion") (i) scheduling dates and deadlines in connection with the approval of the Disclosure Statement and the confirmation of the Plan and (ii) establishing certain protocols in connection with those proceedings, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** on June 11, 2021, the Debtors filed a revised proposed order granting the Disclosure Statement Motion and (a) approving the Disclosure Statement; (b) approving solicitation packages and procedures for the distribution thereof; (c) approving the form of ballots and manner of notice; (d) approving the voting record date, solicitation deadline, and voting deadline; (e) establishing notice and objection procedures for confirmation of the Plan; and (f) granting other related relief [Docket No. [●]] (as may be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not defined herein have the meaning given to such terms in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

amended, modified, or supplemented from time to time, and including all exhibits thereto, the "Disclosure Statement Order").

PLEASE TAKE FURTHER NOTICE THAT a hearing (the "Disclosure Statement Hearing") will commence before the Honorable Mary F. Walrath, United States Bankruptcy Judge, on **July 22, 2021** at **3:00 p.m.**, prevailing Eastern Time, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Fifth Floor, Courtroom #4, Wilmington, Delaware 19801, (the "Court"), to consider the entry of the Disclosure Statement Order. Please be advised that the Disclosure Statement Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on the list of parties entitled to notice.

PLEASE TAKE FURTHER NOTICE THAT if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Prime Clerk LLC, the voting and claims agent retained by the Debtors in the Chapter 11 Cases by: (a) calling the Debtors' restructuring hotline at (877) 510-9565 (toll free); (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/Forever21; (c) writing to Forever 21 Inc., c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (d) emailing forever21info@primeclerk.com. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

PLEASE TAKE FURTHER NOTICE THAT the deadline for filing objections to the Disclosure Statement is **July 12, 2021** at **4:00 p.m.** prevailing Eastern Time. Any objections to the relief sought at the Disclosure Statement Hearing **must**: (a) be made in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and if practicable, a proposed modification to the Disclosure Statement (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **July 12, 2021** at **4:00 p.m.** prevailing Eastern Time:

| Co-Counsel to the Debtors | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn:  Joshua A. Sussberg, P.C.<br>Attn:  Aparna Yenamandra<br>601 Lexington Avenue<br>New York, New York 10022<br><br>-and-<br><br>**KIRKLAND & ELLIS LLP**<br>Attn:  Anup Sathy, P.C.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Attn:  Laura Davis Jones (DE Bar No. 2436)<br>Attn:  James E. O'Neill (DE Bar No. 4042)<br>Attn:  Timothy P. Cairns (DE Bar No. 4228)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801) |
| *U.S. Trustee* | |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn:  Juliet M. Sarkessian<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 | |
| *Counsel to the Official Committee* | |
| **KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>Attn:  Robert T. Schmidt<br>Attn:  Adam C. Rogoff<br>Attn:  Nathaniel Allard<br>1177 Avenue of the Americas<br>New York, New York 10036 | |

[*Remainder of page intentionally left blank*]

Dated: _____, 2021   /s/ _____
Wilmington, Delaware      Laura Davis Jones (DE Bar No. 2436)
                          James E. O'Neill (DE Bar No. 4042)
                          Timothy P. Cairns (DE Bar No. 4228)
                          **PACHULSKI STANG ZIEHL & JONES LLP**
                          919 North Market Street, 17th Floor
                          P.O. Box 8705
                          Wilmington, Delaware 19899-8705 (Courier 19801)
                          Telephone:    (302) 652-4100
                          Facsimile:    (302) 652-4400
                          Email:        ljones@pszjlaw.com
                                        joneill@pszjlaw.com
                                        tcairns@pszjlaw.com

                          -and-

                          Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
                          Aparna Yenamandra (admitted *pro hac vice*)
                          **KIRKLAND & ELLIS LLP**
                          **KIRKLAND & ELLIS INTERNATIONAL LLP**
                          601 Lexington Avenue
                          New York, New York 10022
                          Telephone:    (212) 446-4800
                          Facsimile:    (212) 446-4900

                          -and-

                          Anup Sathy, P.C. (admitted *pro hac vice*)
                          **KIRKLAND & ELLIS LLP**
                          **KIRKLAND & ELLIS INTERNATIONAL LLP**
                          300 North LaSalle Street
                          Chicago, Illinois 60654
                          Telephone:    (312) 862-2000
                          Facsimile:    (312) 862-2200

                          *Co-Counsel for the Debtors and Debtors in Possession*

## Exhibit 3

**Form of Ballots**

## Exhibit 3A

## Form of Class 3A Ballot

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FOREVER 21, INC., *et al.*,[1] | ) | Case No. 19-12122 (MFW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## BALLOT FOR VOTING TO ACCEPT OR REJECT THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF FOREVER 21, INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

### BALLOT FOR HOLDERS OF CLASS 3A CROSSOVER UNSECURED CLAIMS

---

**The following information is included for Korean, Mandarin, and Cantonese speakers:**

투표 용지 :"[한국어]로이 투표 용지를 보려면 [●]을 방문하십시오. 이 작성 및 서명 된 영어 투표 용지 만 플랜에 투표하는 데 사용할 수 있습니다. [한국어]로 번역 된 투표지는 정보 제공 목적으로 만 제공됩니다.

选票：“若要查阅[国语]版选票，请访问[●]。只能用填妥并签名的英语版选票对本计划投票。[国语]版选票仅用于提供信息。

選票：「若要查閱[粵語]版選票，請訪問[●]。只能用填妥並簽名的英語版選票對本計畫投票。[粵語]版選票僅用於提供資訊。

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE NOTICE AND CLAIMS AGENT BY AUGUST 30, 2021, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE WITH THE FOLLOWING:**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928).  The location of the Debtors' service address is:  3880 N. Mission Road, Los Angeles, California 90031.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes with respect to the *Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") as set forth in the *Disclosure Statement For the Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"). The Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [DATE], 2021 [Docket No. [●]] (the "Disclosure Statement Order"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Class 3A ballot (this "Class 3A Ballot" or "Ballot") because you are a Holder of a Crossover Unsecured Claim (your "Crossover Unsecured Claim") as of July 26, 2021 (the "Voting Record Date"). Accordingly, you have a right to vote to accept or reject the Plan.

The Debtors' records reflect that you have previously returned an opt-in form (the "Opt-In Form") to consent to a settlement with the Debtors to receive a minimum 11% recovery on account of your allowed administrative claim (the "Settlement"). **The Debtors will not be authorized to pay the minimum 11% recovery under the Settlement on account of your administrative claim if the Plan is not confirmed. The Debtors therefore strongly encourage you to vote in favor of the Plan on account of your Crossover Unsecured Claim by submitting this Ballot prior to the voting deadline of August 30, 2021 at 4:00 p.m. prevailing Eastern Time.** For more information regarding the impact of the Plan on the Settlement, please review the separate letter included in the package (the "Solicitation Package") you are receiving with this Class 3A Ballot, the Plan, and the Disclosure Statement.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Class 3A Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at http://www.deb.uscourts.gov; or (b) at no charge from Prime Clerk LLC (the "Notice and Claims Agent") by: (i) accessing the Debtors' restructuring website at https://cases.primeclerk.com/forever21; (ii) writing to Forever 21 Inc., c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; (iii) emailing forever21ballots@primeclerk.com; or (iv) calling the Notice and Claims Agent at:

U.S. Toll Free: 877-510-9565
International: 917-947-5437

This Class 3A Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 3A Ballot in error, or if you believe you have received the wrong Ballot,

please contact the Notice and Claims Agent *immediately* at the address, telephone number, or email address set forth above.

**If you believe your Class 3A Crossover Unsecured Claim was incorrectly classified in Class 3A[2] rather than as a Class 3B Other Unsecured Claim,[3] you must comply with the procedures set forth in Section D.4.a of the Solicitation Procedures attached as <u>Exhibit 1</u> to the Disclosure Statement Order or you will be forever barred, estopped, and enjoined from any and all assertions that your Class 3A Claim was classified in the incorrect Class.**

You should review the Disclosure Statement, the Plan, and the instructions contained herein before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Crossover Unsecured Claim has been placed in Class 3A under the Plan.  If you hold Claims or Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

<u>Via Paper Ballot</u>.  **Complete, sign, and date this Ballot and return it (with an original signature) promptly via first class mail (or in the enclosed reply envelope provided), overnight courier, or hand delivery to:**

<div align="center">

**Forever 21, Inc. Ballot Processing**
**c/o Prime Clerk LLC**
**One Grand Central Place**
**60 East 42nd Street, Suite 1440**
**New York, NY 10165**

</div>

**If you would like to coordinate hand delivery of your Ballot, please send an email to forever21ballots@primeclerk.com and provide the anticipated date and time of your delivery.**

<div align="center">

*OR*

</div>

<u>Via E-Ballot Portal</u>.  **Submit your Ballot via the Notice and Claims Agent's online portal, by visiting https://cases.primeclerk.com/forever21 (the "<u>E-Ballot Portal</u>").  Click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

---

[2]   Class 3A includes any Crossover Unsecured Claim.  "Crossover Unsecured Claim" is defined in the Plan to mean "any General Unsecured Claim that is held by an Administrative Settlement Claimant."  Plan Art. I.A.31. "Administrative Settlement Claimant" is defined in the Plan to mean "those Holders of Administrative Claims that execute the Opt-In Form (as defined in the Settlement Order)."  Plan Art. I.A.5.

[3]   Class 3B includes any Other Unsecured Claim.  "Other Unsecured Claim" is defined in the Plan to mean "any General Unsecured Claim other than a Crossover Unsecured Claim."  Plan Art. I.A.67.

The Notice and Claims Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

Holders of Claims who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot. In the event you submit a Ballot using the E-Ballot Portal and a paper Ballot, the last properly executed Ballot timely received shall control.

<u>Item 1</u>.        Amount of Claim.

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Crossover Unsecured Claims in the following aggregate unpaid amount (insert amount in box below):

$\$$_____

Debtor:_____

<u>Item 2</u>.        Vote on Plan.

The Holder of the Crossover Unsecured Claims set forth in Item 1 votes to (please check only <u>one</u>):

**<u>ACCEPT</u>** (vote FOR) the Plan               **<u>REJECT</u>** (vote AGAINST) the Plan

<u>Item 3</u>.        Important information regarding the Third Party Release.

<u>Article IX.C. of the Plan contains the following provision</u>:

PURSUANT TO SECTION 1123(B) AND ANY OTHER APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE, AND EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THIS PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THE RELEASED PARTIES, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY AND ITS RESPECTIVE ASSETS AND PROPERTY ARE, AND ARE DEEMED TO BE, HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER, RELEASED AND DISCHARGED BY EACH RELEASING PARTY FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE,

INCLUDING ANY DERIVATIVE CLAIMS ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, THE SALE TRANSACTION, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A COMPANY PARTY AND ANOTHER COMPANY PARTY, THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE ASSET PURCHASE AGREEMENT, THE SETTLEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT RELATING TO ANY OF THE FOREGOING, CREATED OR ENTERED INTO BEFORE OR DURING THE CHAPTER 11 CASES, ANY PREFERENCE, FRAUDULENT TRANSFER, OR OTHER AVOIDANCE CLAIM ARISING PURSUANT TO CHAPTER 5 OF THE BANKRUPTCY CODE OR OTHER APPLICABLE LAW, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO ANY OF THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN. FOR THE AVOIDANCE OF DOUBT, NOTHING IN THIS PLAN SHALL BE DEEMED TO BE, OR CONSTRUED AS, A RELEASE, WAIVER, OR DISCHARGE OF ANY OF THE COMPANY INDEMNIFICATION OBLIGATIONS.

*     *     *

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, EACH OF, AND IN EACH CASE SOLELY IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT OR REJECT THE PLAN AND DO NOT (I) VALIDLY OPT-OUT OF THE RELEASES CONTAINED IN THE PLAN OR (II) FILE AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE UNIMPAIRED THAT DO NOT FILE AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN; (E) ALL HOLDERS OF GENERAL ADMINISTRATIVE CLAIMS AND OTHER PRIORITY CLAIMS THAT AFFIRMATIVELY OPT-IN TO THE RELEASES CONTAINED IN THE PLAN; (F) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH

(E); AND (G) WITH RESPECT TO EACH OF THE FOREGOING PARTIES IN CLAUSES (A) THROUGH (F), EACH OF SUCH PARTY'S CURRENT AND FORMER DIRECTORS, OFFICERS, MEMBERS, EMPLOYEES, PARTNERS, MANAGERS, GENERAL PARTNERS, LIMITED PARTNERS, MANAGING MEMBERS, INDEPENDENT CONTRACTORS, AGENTS, REPRESENTATIVES, PRINCIPALS, PROFESSIONALS, CONSULTANTS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, ADVISORY BOARD MEMBERS, INVESTMENT ADVISORS OR SUB-ADVISORS, AND OTHER PROFESSIONALS.

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS EACH OF AND IN EACH CASE SOLELY IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF INTERESTS; (D) THE OFFICIAL COMMITTEE AND EACH OF ITS MEMBERS; (E) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH (D); AND (F) WITH RESPECT TO EACH OF THE FOREGOING PARTIES IN CLAUSES (A) THROUGH (E), EACH OF SUCH PARTY'S CURRENT AND FORMER DIRECTORS, OFFICERS, MEMBERS, EMPLOYEES, PARTNERS, MANAGERS, GENERAL PARTNERS, LIMITED PARTNERS, MANAGING MEMBERS, INDEPENDENT CONTRACTORS, AGENTS, REPRESENTATIVES, PRINCIPALS, PROFESSIONALS, CONSULTANTS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, ADVISORY BOARD MEMBERS, INVESTMENT ADVISORS OR SUB-ADVISORS, AND OTHER PROFESSIONALS; *PROVIDED* THAT, IF ANY HOLDER OF A CLAIM OR INTEREST THAT WOULD OTHERWISE BE A RELEASED PARTY (X) VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN THE PLAN, (Y) FILES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN, OR (Z) DOES NOT VALIDLY OPT-IN TO THE RELEASES CONTAINED IN THE PLAN, AS APPLICABLE, SUCH HOLDER OF A CLAIM OR INTEREST SHALL NOT BE A RELEASED PARTY.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE IX.C OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE IX.C OF THE PLAN ONLY IF THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND <u>ONLY IF</u> YOU (A) SUBMIT THIS BALLOT AND CHECK THE BOX BELOW TO OPT-OUT OF THE RELEASES CONTAINED IN THE PLAN, (B) FILE AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN, OR (C) DO NOT SUBMIT THIS BALLOT. IN THE CASE OF SUCH A DETERMINATION BY THE BANKRUPTCY COURT, IF YOU DO NOT SUBMIT THIS BALLOT, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES. IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR DO NOT SUBMIT THIS BALLOT), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE BANKRUPTCY COURT. FOR THE AVOIDANCE OF DOUBT, TO THE EXTENT THE BANKRUPTCY COURT ORDERS THAT YOUR OPT-OUT IS EFFECTIVE, SUCH OPT-OUT WILL BE EFFECTIVE FOR ALL CLAIMS YOU HOLD AGAINST THE DEBTORS.

REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES, YOU WILL BE DEEMED TO

CONSENT TO THE RELEASES SET FORTH IN ARTICLE IX.C OF THE PLAN IF YOU SUBMIT THE BALLOT BUT FAIL TO EITHER CHECK THE BOX BELOW OR OBJECT TO THE RELEASES CONTAINED IN THE PLAN.

**The Holder of the Class 3A Crossover Unsecured Claims identified in Item 1 elects to:**



**Item 4.** **Certifications.**

By signing this Class 3A Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)  as of the Voting Record Date, either: (i) the Entity is the Holder of the Crossover Unsecured Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Crossover Unsecured Claims being voted;

(b)  the Entity (or in the case of an authorized signatory, the Holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)  the Entity has cast the same vote with respect to all Crossover Unsecured Claims; and

(d)  no other Class 3A Ballots with respect to the amount of the Crossover Unsecured Claims identified in Item 1 have been cast or, if any other Class 3A Ballots have been cast with respect to such Crossover Unsecured Claims, then any such earlier Class 3A Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE AUGUST 30, 2021 AT 4:00 P.M., PREVAILING EASTERN TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

## INSTRUCTIONS FOR COMPLETING THIS CLASS 3A BALLOT

1. The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Class 3A Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Class 3A Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Claims in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your Class 3A Ballot is counted, you ***must either***: (a) complete and submit this hard copy Class 3A Ballot or (b) vote through the E-Ballot Portal accessible through the Debtors' restructuring website at https://cases.primeclerk.com/forever21. **Ballots will not be accepted by facsimile or electronic means (other than the E-Ballot Portal).**

4. <u>Use of Ballot.</u> To ensure that your Class 3A Ballot is counted, you must: (a) complete your Class 3A Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 3A Ballot; and (c) clearly sign and submit your Class 3A Ballot as instructed herein.

5. <u>Use of Online Ballot Portal</u>. To ensure that your electronic Class 3A Ballot is counted, please follow the instructions on the Debtors' case administration website at https://cases.primeclerk.com/forever21. You will need to enter your unique E-Ballot identification number indicated above. The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. **Ballots will not be accepted by facsimile or electronic means (other than the E-Ballot Portal).**

6. Your Class 3A Ballot ***must*** be returned to the Notice and Claims Agent so as to be ***actually received*** by the Notice and Claims Agent on or before the Voting Deadline. **The Voting Deadline is <u>August 30, 2021 at 4:00 p.m.</u>, prevailing Eastern Time.**

7. If a Class 3A Ballot is received *after* the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Class 3A Ballots will *not* be counted**:

   (a) any Class 3A Ballot that partially rejects and partially accepts the Plan;

   (b) Class 3A Ballots sent to the Debtors, the Debtors' agents (other than the Notice and Claims Agent), any agent, indenture trustee, or the Debtors' financial or legal advisors;

(c)     Class 3A Ballots sent by facsimile or any electronic means other than via the E-Ballot Portal;

(d)     any Class 3A Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

(e)     any Class 3A Ballot cast by an Entity that does not hold a Claim in Class 3A;

(f)     any Class 3A Ballot submitted by a Holder not entitled to vote on the Plan;

(g)     any unsigned Class 3A Ballot (for the avoidance of doubt, Ballots validly submitted through the E-Ballot Portal will be deemed signed); and/or

(i)     any Class 3A Ballot not marked to accept or reject the Plan or any Class 3A Ballot marked both to accept and reject the Plan.

8.     The method of delivery of Class 3A Ballots to the Notice and Claims Agent is at the election and risk of each Holder of a Crossover Unsecured Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Notice and Claims Agent ***actually receives*** the originally executed Class 3A Ballot.  In all cases, Holders should allow sufficient time to assure timely delivery.

9.     If multiple Class 3A Ballots are received from the same Holder of Crossover Unsecured Claims with respect to the same Crossover Unsecured Claims prior to the Voting Deadline, the latest, timely received, and properly completed Class 3A Ballot will supersede and revoke any earlier received Class 3A Ballots.  If you wish to change your vote on the Plan prior to the Voting Deadline, please contact the Notice and Claims Agent at forever21ballots@primeclerk.com.

10.     You must vote all of your Crossover Unsecured Claims within Class 3A either to accept or reject the Plan and may ***not*** split your vote.  Further, if a Holder has multiple Class 3A Crossover Unsecured Claims, the Debtors may aggregate the Class 3A Crossover Unsecured Claims of any particular Holder with multiple Class 3A Crossover Unsecured Claims for the purpose of counting votes.

11.     This Class 3A Ballot does ***not*** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim or Interest.

12.     **<u>Please be sure to sign and date your Class 3A Ballot</u>**.  If you are signing a Class 3A Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Notice and Claims Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 3A Ballot.

13.     If you hold Claims or Interests in more than one Class under the Plan you may receive more than one ballot coded for each different Class. Each ballot votes *only* your Claims or Interests indicated on that ballot, so please complete and return each ballot that you receive.

**<u>PLEASE SUBMIT YOUR CLASS 3A BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 3A BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT:**

**U.S. TOLL FREE: 877-510-9565**
**INTERNATIONAL: 917-947-5437**

**OR EMAIL FOREVER21BALLOTS@PRIMECLERK.COM.**

---

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE AUGUST 30, 2021, AT 4:00 P.M., PREVAILING EASTERN TIME (AND IF THE VOTING DEADLINE IS NOT EXTENDED) YOUR VOTE TRANSMITTED BY THIS CLASS 3A BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

---

## Exhibit 3B

## Form of Class 3B Ballot

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOREVER 21, INC., *et al.*,[1] | ) | Case No. 19-12122 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### BALLOT FOR VOTING TO ACCEPT OR REJECT THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF FOREVER 21, INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

### BALLOT FOR HOLDERS OF CLASS 3B OTHER UNSECURED CLAIMS

**The following information is included for Korean, Mandarin, and Cantonese speakers:**

투표 용지 :"[한국어]로이 투표 용지를 보려면 [●]을 방문하십시오. 이 작성 및 서명 된 영어 투표 용지 만 플랜에 투표하는 데 사용할 수 있습니다. [한국어]로 번역 된 투표지는 정보 제공 목적으로 만 제공됩니다.

选票："若要查阅[国语]版选票，请访问[●]。只能用填妥并签名的英语版选票对本计划投票。[国语]版选票仅用于提供信息。

選票：「若要查閱[粵語]版選票，請訪問[●]。只能用填妥並簽名的英語版選票對本計畫投票。[粵語]版選票僅用於提供資訊。

### PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.

### IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE NOTICE AND CLAIMS AGENT BY AUGUST 30, 2021 AT 4:00 P.M., PREVAILING EASTERN TIME (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE WITH THE FOLLOWING:

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), are soliciting votes with respect to the *Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

*Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as may be amended, supplemented, or otherwise modified from time to time, the "<u>Plan</u>") as set forth in the *Disclosure Statement For the Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as may be amended, supplemented, or otherwise modified from time to time, the "<u>Disclosure Statement</u>"). The Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [DATE], 2021 [Docket No. [●]] (the "<u>Disclosure Statement Order</u>"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this Class 3B ballot (this "<u>Class 3B Ballot</u>" or "<u>Ballot</u>") because you are a Holder of an Other Unsecured Claim (your "<u>Other Unsecured Claim</u>") as of July 26, 2021 (the "<u>Voting Record Date</u>"). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the package (the "<u>Solicitation Package</u>") you are receiving with this Class 3B Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at http://www.deb.uscourts.gov; or (b) at no charge from Prime Clerk LLC (the "<u>Notice and Claims Agent</u>") by: (i) accessing the Debtors' restructuring website at https://cases.primeclerk.com/forever21; (ii) writing to Forever 21 Inc., c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; (iii) emailing forever21ballots@primeclerk.com; or (iv) calling the Notice and Claims Agent at:

<div align="center">

U.S. Toll Free: 877-510-9565
International: 917-947-5437

</div>

This Class 3B Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Class 3B Ballot in error, or if you believe you have received the wrong Ballot, please contact the Notice and Claims Agent ***immediately*** at the address, telephone number, or email address set forth above.

**If you believe your Class 3B Other Unsecured Claim was incorrectly classified in Class 3B[2] rather than as a Class 3A Crossover Unsecured Claim,[3] you must comply with the procedures set forth in Section D.4.a of the Solicitation Procedures attached as <u>Exhibit 1</u> to**

---

[2]   Class 3B includes any Other Unsecured Claim. "Other Unsecured Claim" is defined in the Plan to mean "any General Unsecured Claim other than a Crossover Unsecured Claim." Plan Art. I.A.67.

[3]   Class 3A includes any Crossover Unsecured Claim. "Crossover Unsecured Claim" is defined in the Plan to mean "any General Unsecured Claim that is held by an Administrative Settlement Claimant." Plan Art. I.A.31. "Administrative Settlement Claimant" is defined in the Plan to mean "those Holders of Administrative Claims that execute the Opt-In Form (as defined in the Settlement Order)." Plan Art. I.A.5.

the Disclosure Statement Order or you will be forever barred, estopped, and enjoined from any and all assertions that your Class 3B Claim was classified in the incorrect Class.

You should review the Disclosure Statement, the Plan, and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Other Unsecured Claim has been placed in Class 3B under the Plan. If you hold Claims or Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

**PLEASE SUBMIT YOUR BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

<u>Via Paper Ballot</u>. Complete, sign, and date this Ballot and return it (with an original signature) promptly via first class mail (or in the enclosed reply envelope provided), overnight courier, or hand delivery to:

<div align="center">

Forever 21, Inc. Ballot Processing
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, NY 10165

</div>

If you would like to coordinate hand delivery of your Ballot, please send an email to forever21ballots@primeclerk.com and provide the anticipated date and time of your delivery.

<div align="center">

*OR*

</div>

<u>Via E-Ballot Portal</u>. Submit your Ballot via the Notice and Claims Agent's online portal, by visiting https://cases.primeclerk.com/forever21 (the "<u>E-Ballot Portal</u>"). Click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

Unique E-Ballot ID#:_____

The Notice and Claims Agent's E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

Holders of Claims who cast a Ballot using the E-Ballot Portal should NOT also submit a paper Ballot. In the event you submit a Ballot using the E-Ballot Portal and a paper Ballot, the last properly executed Ballot timely received shall control.

**Item 1.** **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of Other Unsecured Claims in the following aggregate unpaid amount (insert amount in box below):

$\quad$ $\$$_____

Debtor:_____

**Item 2.** **Vote on Plan.**

The Holder of the Other Unsecured Claims set forth in Item 1 votes to (please check only <u>one</u>):

| | |
|---|---|
| **ACCEPT** (vote FOR) the Plan | **REJECT** (vote AGAINST) the Plan |

**Item 3.** **Important information regarding the Third Party Release.**

<u>**Article IX.C. of the Plan contains the following provision:**</u>

**PURSUANT TO SECTION 1123(B) AND ANY OTHER APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE, AND EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THIS PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THE RELEASED PARTIES, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY AND ITS RESPECTIVE ASSETS AND PROPERTY ARE, AND ARE DEEMED TO BE, HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER, RELEASED AND DISCHARGED BY EACH RELEASING PARTY FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, THE SALE TRANSACTION, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A COMPANY PARTY AND ANOTHER COMPANY PARTY, THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE ASSET PURCHASE AGREEMENT, THE SETTLEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT RELATING TO ANY OF THE FOREGOING, CREATED OR ENTERED INTO**

4

BEFORE OR DURING THE CHAPTER 11 CASES, ANY PREFERENCE, FRAUDULENT TRANSFER, OR OTHER AVOIDANCE CLAIM ARISING PURSUANT TO CHAPTER 5 OF THE BANKRUPTCY CODE OR OTHER APPLICABLE LAW, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO ANY OF THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN. FOR THE AVOIDANCE OF DOUBT, NOTHING IN THIS PLAN SHALL BE DEEMED TO BE, OR CONSTRUED AS, A RELEASE, WAIVER, OR DISCHARGE OF ANY OF THE COMPANY INDEMNIFICATION OBLIGATIONS.

<p style="text-align:center">*     *     *</p>

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, EACH OF, AND IN EACH CASE SOLELY IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT OR REJECT THE PLAN AND DO NOT (I) VALIDLY OPT-OUT OF THE RELEASES CONTAINED IN THE PLAN OR (II) FILE AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE UNIMPAIRED THAT DO NOT FILE AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN; (E) ALL HOLDERS OF GENERAL ADMINISTRATIVE CLAIMS AND OTHER PRIORITY CLAIMS THAT AFFIRMATIVELY OPT-IN TO THE RELEASES CONTAINED IN THE PLAN; (F) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH (E); AND (G) WITH RESPECT TO EACH OF THE FOREGOING PARTIES IN CLAUSES (A) THROUGH (F), EACH OF SUCH PARTY'S CURRENT AND FORMER DIRECTORS, OFFICERS, MEMBERS, EMPLOYEES, PARTNERS, MANAGERS, GENERAL PARTNERS, LIMITED PARTNERS, MANAGING MEMBERS, INDEPENDENT CONTRACTORS, AGENTS, REPRESENTATIVES, PRINCIPALS, PROFESSIONALS, CONSULTANTS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, ADVISORY BOARD MEMBERS, INVESTMENT ADVISORS OR SUB-ADVISORS, AND OTHER PROFESSIONALS.

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS EACH OF AND IN EACH CASE SOLELY IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF INTERESTS; (D) THE OFFICIAL COMMITTEE AND EACH OF ITS MEMBERS; (E) EACH CURRENT AND FORMER AFFILIATE OF EACH

ENTITY IN CLAUSE (A) THROUGH (D); AND (F) WITH RESPECT TO EACH OF THE FOREGOING PARTIES IN CLAUSES (A) THROUGH (E), EACH OF SUCH PARTY'S CURRENT AND FORMER DIRECTORS, OFFICERS, MEMBERS, EMPLOYEES, PARTNERS, MANAGERS, GENERAL PARTNERS, LIMITED PARTNERS, MANAGING MEMBERS, INDEPENDENT CONTRACTORS, AGENTS, REPRESENTATIVES, PRINCIPALS, PROFESSIONALS, CONSULTANTS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, ADVISORY BOARD MEMBERS, INVESTMENT ADVISORS OR SUB-ADVISORS, AND OTHER PROFESSIONALS; *PROVIDED* THAT, IF ANY HOLDER OF A CLAIM OR INTEREST THAT WOULD OTHERWISE BE A RELEASED PARTY (X) VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN THE PLAN, (Y) FILES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN, OR (Z) DOES NOT VALIDLY OPT-IN TO THE RELEASES CONTAINED IN THE PLAN, AS APPLICABLE, SUCH HOLDER OF A CLAIM OR INTEREST SHALL NOT BE A RELEASED PARTY.

AS A "RELEASING PARTY" UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASES CONTAINED IN ARTICLE IX.C OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE IX.C OF THE PLAN ONLY IF THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES AND ONLY IF YOU (A) SUBMIT THIS BALLOT AND CHECK THE BOX BELOW TO OPT-OUT OF THE RELEASES CONTAINED IN THE PLAN, (B) FILE AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN, OR (C) DO NOT SUBMIT THIS BALLOT. IN THE CASE OF SUCH A DETERMINATION BY THE BANKRUPTCY COURT, IF YOU DO NOT SUBMIT THIS BALLOT, YOU WILL AUTOMATICALLY BE CONSIDERED TO HAVE OPTED OUT OF THE RELEASES. IF YOU SATISFY THE ABOVE REQUIREMENTS AND CHECK THE BOX BELOW (OR DO NOT SUBMIT THIS BALLOT), YOUR OPT-OUT WILL ONLY BE EFFECTIVE IF SO ORDERED BY THE BANKRUPTCY COURT. FOR THE AVOIDANCE OF DOUBT, TO THE EXTENT THE BANKRUPTCY COURT ORDERS THAT YOUR OPT-OUT IS EFFECTIVE, SUCH OPT-OUT WILL BE EFFECTIVE FOR ALL CLAIMS YOU HOLD AGAINST THE DEBTORS.

REGARDLESS OF WHETHER THE BANKRUPTCY COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT-OUT OF THE RELEASES, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE IX.C OF THE PLAN IF YOU SUBMIT THE BALLOT BUT FAIL TO EITHER CHECK THE BOX BELOW OR OBJECT TO THE RELEASES CONTAINED IN THE PLAN.

**The Holder of the Class 3B Other Unsecured Claims identified in Item 1 elects to:**

> **OPT OUT of the Third Party Release**

**Item 4.** **Certifications.**

By signing this Class 3B Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a) as of the Voting Record Date, either: (i) the Entity is the Holder of the Other Unsecured Claims being voted; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Other Unsecured Claims being voted;

(b) the Entity (or in the case of an authorized signatory, the Holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) the Entity has cast the same vote with respect to all Other Unsecured Claims; and

(d) no other Class 3B Ballots with respect to the amount of the Other Unsecured Claims identified in Item 1 have been cast or, if any other Class 3B Ballots have been cast with respect to such Other Unsecured Claims, then any such earlier Class 3B Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | _____ |
| | *(Print or Type)* |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | *(If other than the Holder)* |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE AUGUST 30, 2021, AT 4:00 P.M., PREVAILING EASTERN TIME, (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

## <u>INSTRUCTIONS FOR COMPLETING THIS CLASS 3B BALLOT</u>

1.    The Debtors are soliciting the votes of Holders of Claims and Interests with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Class 3B Ballot or in these instructions but not otherwise defined therein or herein shall have the meaning set forth in the Plan, a copy of which also accompanies the Class 3B Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.    The Plan can be confirmed by the Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims or at least two-thirds in amount of Claims in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.    To ensure that your Class 3B Ballot is counted, you ***must either***: (a) complete and submit this hard copy Class 3B Ballot or (b) vote through the E-Ballot Portal accessible through the Debtors' restructuring website at https://cases.primeclerk.com/forever21. **Ballots will not be accepted by facsimile or electronic means (other than the E-Ballot Portal).**

4.    <u>**Use of Ballot.**</u> To ensure that your Class 3B Ballot is counted, you must: (a) complete your Class 3B Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Class 3B Ballot; and (c) clearly sign and submit your Class 3B Ballot as instructed herein.

5.    <u>**Use of Online Ballot Portal**</u>. To ensure that your electronic Class 3B Ballot is counted, please follow the instructions on the Debtors' case administration website at https://cases.primeclerk.com/forever21. You will need to enter your unique E-Ballot identification number indicated above. The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. **Ballots will not be accepted by facsimile or electronic means (other than the E-Ballot Portal).**

6.    Your Class 3B Ballot ***must*** be returned to the Notice and Claims Agent so as to be ***actually received*** by the Notice and Claims Agent on or before the Voting Deadline. **The Voting Deadline is <u>August 30, 2021, at 4:00 p.m.</u>, prevailing Eastern Time.**

7.    If a Class 3B Ballot is received *after* the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtors. Additionally, **the following Class 3B Ballots will *not* be counted**:

       (a)    any Class 3B Ballot that partially rejects and partially accepts the Plan;

       (b)    Class 3B Ballots sent to the Debtors, the Debtors' agents (other than the Notice and Claims Agent), any agent, indenture trustee, or the Debtors' financial or legal advisors;

(c)     Class 3B Ballots sent by facsimile or any electronic means other than via the E-Ballot Portal;

(d)     any Class 3B Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

(e)     any Class 3B Ballot cast by an Entity that does not hold a Claim in Class 3B;

(f)     any Class 3B Ballot submitted by a Holder not entitled to vote on the Plan;

(g)     any unsigned Class 3B Ballot (for the avoidance of doubt, Ballots validly submitted through the E-Ballot Portal will be deemed signed); and/or

(i)     any Class 3B Ballot not marked to accept or reject the Plan or any Class 3B Ballot marked both to accept and reject the Plan.

8.      The method of delivery of Class 3B Ballots to the Notice and Claims Agent is at the election and risk of each Holder of an Other Unsecured Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Notice and Claims Agent ***actually receives*** the originally executed Class 3B Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

9.      If multiple Class 3B Ballots are received from the same Holder of Other Unsecured Claims with respect to the same Other Unsecured Claims prior to the Voting Deadline, the latest, timely received, and properly completed Class 3B Ballot will supersede and revoke any earlier received Class 3B Ballots. If you wish to change your vote on the Plan prior to the Voting Deadline, please contact the Notice and Claims Agent at forever21ballots@primeclerk.com.

10.     You must vote all of your Other Unsecured Claims within Class 3B either to accept or reject the Plan and may ***not*** split your vote. Further, if a Holder has multiple Class 3B Other Unsecured Claims, the Debtors may aggregate the Class 3B Other Unsecured Claims of any particular Holder with multiple Class 3B Other Unsecured Claims for the purpose of counting votes.

11.     This Class 3B Ballot does ***not*** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim or Interest.

12.     **Please be sure to sign and date your Class 3B Ballot**. If you are signing a Class 3B Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Notice and Claims Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Class 3B Ballot.

13.     If you hold Claims or Interests in more than one Class under the Plan you may receive more than one ballot coded for each different Class.  Each ballot votes *only* your Claims or Interests indicated on that ballot, so please complete and return each ballot that you receive.

**<u>PLEASE SUBMIT YOUR CLASS 3B BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 3B BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE RESTRUCTURING HOTLINE AT:**

**U.S. TOLL FREE: 877-510-9565**
**INTERNATIONAL: 917-947-5437**

**OR EMAIL FOREVER21BALLOTS@PRIMECLERK.COM.**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE AUGUST 30, 2021, AT 4:00 P.M., PREVAILING EASTERN TIME (AND IF THE VOTING DEADLINE IS NOT EXTENDED) YOUR VOTE TRANSMITTED BY THIS CLASS 3B BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS.**

## Exhibit 4

## Form of Unimpaired Non-Voting Status Notice

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FOREVER 21, INC., *et al.*,[1] | ) | Case No. 19-12122 (MFW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## UNIMPAIRED CLAIMS CONCLUSIVELY DEEMED TO ACCEPT THE PLAN

       **PLEASE TAKE NOTICE THAT** on [DATE], 2021 the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) approving the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"); (b) establishing the voting record date, voting deadline, and other related dates in connection with confirmation of the *Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan");[2] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (d) approving the manner and forms of notice and other related documents as they relate to the Debtors.

       **PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, ***you are not entitled to vote on the Plan***. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is not Impaired and conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are *not* entitled to vote on the Plan.

       **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **September [24], 2021**, at [●] prevailing Eastern Time, before the Honorable Mary F. Walrath, in

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2]    Capitalized terms used but not defined herein have the meaning given to such terms in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Fifth Floor, Courtroom #4, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **August 30, 2021,** at **4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline"). Any objection to the Plan *must*: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be *actually received* on or before the Plan Objection Deadline:

| *Co-Counsel to the Debtors* | |
|---|---|
| **KIRKLAND & ELLIS LLP** | **PACHULSKI STANG ZIEHL & JONES LLP** |
| Attn: Joshua A. Sussberg, P.C. | Attn: Laura Davis Jones (DE Bar No. 2436) |
| Attn: Aparna Yenamandra | Attn: James E. O'Neill (DE Bar No. 4042) |
| 601 Lexington Avenue | Attn: Timothy P. Cairns (DE Bar No. 4228) |
| New York, New York 10022 | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| -and- | Wilmington, Delaware 19899-8705 (Courier 19801) |
| **KIRKLAND & ELLIS LLP** | |
| Attn: Anup Sathy, P.C. | |
| 300 North LaSalle | |
| Chicago, Illinois 60654 | |

| *U.S. Trustee* |
|---|
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE** |
| Attn: Juliet M. Sarkessian |
| 844 King Street, Suite 2207 |
| Wilmington, Delaware 19801 |

| *Counsel to the Official Committee* |
|---|
| **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| Attn: Robert T. Schmidt |
| Attn: Adam C. Rogoff |
| Attn: Nathaniel Allard |
| 1177 Avenue of the Americas |
| New York, New York 10036 |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Prime Clerk LLC, the voting and claims agent retained by the Debtors in the Chapter 11 Cases by: (a) calling the Debtors' restructuring hotline at (877) 510-9565 (toll free); (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/Forever21; (c) writing to Forever 21 Inc., c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (d) emailing forever21info@primeclerk.com. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.C. CONTAINS A THIRD-PARTY RELEASE**. PURSUANT TO THE PLAN YOU ARE DEEMED TO ACCEPT THE PLAN AND THEREFORE ARE DEEMED TO HAVE CONSENTED TO THE RELEASES SET FORTH IN ARTICLE IX.C, UNLESS YOU FILE A TIMELY OBJECTION TO THE RELEASES CONTAINED IN THE PLAN. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE NOTICE AND CLAIMS AGENT.**

---

Dated: _____, 2021
Wilmington, Delaware

/s/ _____

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:          ljones@pszjlaw.com
                joneill@pszjlaw.com
                tcairns@pszjlaw.com

-and-

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

-and-

Anup Sathy, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Co-Counsel for the Debtors and Debtors in Possession*

**Exhibit 5**

**Form of Impaired Non-Voting Status Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOREVER 21, INC., *et al.*,[1] | ) | Case No. 19-12122 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## IMPAIRED CLAIMS AND INTERESTS DEEMED TO REJECT THE PLAN

**PLEASE TAKE NOTICE THAT** on [DATE], 2021, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) approving the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"); (b) establishing the voting record date, voting deadline, and other related dates in connection with confirmation of the *Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (d) approving the manner and forms of notice and other related documents as they relate to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, ***you are not entitled to vote on the Plan***. Specifically, under the terms of the Plan, as a Holder of a Claim or Interest (as currently asserted against the Debtors) that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code and are ***not*** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **September [24], 2021**, at **[●]** prevailing Eastern Time, before the Honorable Mary F. Walrath, in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not defined herein have the meaning given to such terms in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Fifth Floor, Courtroom #4, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **August 30, 2021**, at **4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline"). Any objection to the Plan *must*: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be *actually received* on or before Plan Objection Deadline:

| Co-Counsel to the Debtors | |
|---|---|
| **KIRKLAND & ELLIS LLP** | **PACHULSKI STANG ZIEHL & JONES LLP** |
| Attn: Joshua A. Sussberg, P.C. | Attn: Laura Davis Jones (DE Bar No. 2436) |
| Attn: Aparna Yenamandra | Attn: James E. O'Neill (DE Bar No. 4042) |
| 601 Lexington Avenue | Attn: Timothy P. Cairns (DE Bar No. 4228) |
| New York, New York 10022 | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| -and- | Wilmington, Delaware 19899-8705 (Courier 19801) |
| **KIRKLAND & ELLIS LLP** | |
| Attn: Anup Sathy, P.C. | |
| 300 North LaSalle | |
| Chicago, Illinois 60654 | |

| U.S. Trustee |
|---|
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE** |
| Attn: Juliet M. Sarkessian |
| 844 King Street, Suite 2207 |
| Wilmington, Delaware 19801 |

| Counsel to the Official Committee |
|---|
| **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| Attn: Robert T. Schmidt |
| Attn: Adam C. Rogoff |
| Attn: Nathaniel Allard |
| 1177 Avenue of the Americas |
| New York, New York 10036 |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Prime Clerk LLC, the voting and claims agent retained by the Debtors in the Chapter 11 Cases by: (a) calling the Debtors' restructuring hotline at (877) 510-9565 (toll free); (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/Forever21; (c) writing to Forever 21 Inc., c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (d) emailing forever21info@primeclerk.com. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.C CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE NOTICE AND CLAIMS AGENT.**

---

*[Remainder of page intentionally left blank]*

Dated: _____, 2021      /s/ _____
Wilmington, Delaware          Laura Davis Jones (DE Bar No. 2436)
                              James E. O'Neill (DE Bar No. 4042)
                              Timothy P. Cairns (DE Bar No. 4228)
                              **PACHULSKI STANG ZIEHL & JONES LLP**
                              919 North Market Street, 17th Floor
                              P.O. Box 8705
                              Wilmington, Delaware 19899-8705 (Courier 19801)
                              Telephone:    (302) 652-4100
                              Facsimile:    (302) 652-4400
                              Email:        ljones@pszjlaw.com
                                            joneill@pszjlaw.com
                                            tcairns@pszjlaw.com

                              -and-

                              Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
                              Aparna Yenamandra (admitted *pro hac vice*)
                              **KIRKLAND & ELLIS LLP**
                              **KIRKLAND & ELLIS INTERNATIONAL LLP**
                              601 Lexington Avenue
                              New York, New York 10022
                              Telephone:    (212) 446-4800
                              Facsimile:    (212) 446-4900

                              -and-

                              Anup Sathy, P.C. (admitted *pro hac vice*)
                              **KIRKLAND & ELLIS LLP**
                              **KIRKLAND & ELLIS INTERNATIONAL LLP**
                              300 North LaSalle Street
                              Chicago, Illinois 60654
                              Telephone:    (312) 862-2000
                              Facsimile:    (312) 862-2200

                              *Co-Counsel for the Debtors and Debtors in Possession*

## Exhibit 6

## Form of Notice to Disputed Claim Holders

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOREVER 21, INC., *et al.*,[1] | ) | Case No. 19-12122 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS

**PLEASE TAKE NOTICE THAT** on [DATE], 2021, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) approving the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"); (b) establishing the voting record date, voting deadline, and other related dates in connection with confirmation of the *Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (d) approving the manner and forms of notice and other related documents as they relate to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement, the Disclosure Statement Order, the Plan, and other documents and materials included in the Solicitation Package, except the Ballots, may be obtained at no charge from Prime Clerk LLC, the notice and claims agent retained by the Debtors in the Chapter 11 Cases (the "Notice and Claims Agent") by: (a) calling the Debtors' restructuring hotline at (877) 510-9565 (toll free); (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/Forever21; (c) writing to Forever 21 Inc., c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (d) emailing forever21info@primeclerk.com. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not defined herein have the meaning given to such terms in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim that is subject to a pending objection by the Debtors. <u>**You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before August 26, 2021 (the date that is two business days before the Voting Deadline)**</u> (each, a "<u>Resolution Event</u>"):

1.      an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2.      an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3.      a stipulation or other agreement is executed between the Holder of such Claim and the Debtors (a) resolving the objection and allowing such Claim in an agreed upon amount or (b) agreeing upon an amount in which the Holder of such Claim may vote; or

4.      the pending objection to such Claim is voluntarily withdrawn by the objecting party.

Accordingly, this notice is being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than two business days thereafter, the Notice and Claims Agent shall distribute a ballot, and a pre-addressed envelope to you, which must be returned to the Notice and Claims Agent no later than the Voting Deadline, which is on **August 30, 2021** at **4:00 p.m.** prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims, you should contact the Notice and Claims Agent in accordance with the instructions provided above.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.C CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE NOTICE AND CLAIMS AGENT.**

---

Dated: _____, 2021     /s/ _____
Wilmington, Delaware     Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
joneill@pszjlaw.com
tcairns@pszjlaw.com

-and-

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

-and-

Anup Sathy, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Co-Counsel for the Debtors and Debtors in Possession*

## **Exhibit 7**

## **Form of Cover Letter**

<div style="text-align:center">

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

</div>

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FOREVER 21, INC., *et al.*,[1] | ) Case No. 19-12122 (MFW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

<div style="border:1px solid">

**The following information is included for Korean, Mandarin, and Cantonese speakers:**

커버 레터 : "[한국어]로이 편지를 보려면 [●]을 방문하십시오.

附信： "若要查阅[国语]版附信，请访问[●]。

附信：「若要查閱[粵語]版附信，請訪問[●]。

</div>

**TO ALL HOLDERS OF CLAIMS AND INTERESTS ENTITLED TO VOTE ON THE PLAN:**

Forever 21, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court") on September 29, 2019.

You have received this letter and the enclosed materials because you are entitled to vote on the *Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan").[2] On [DATE], 2021, the Court entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) approving the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"); (b) establishing the voting record date, voting deadline, and other related dates in connection with confirmation of the Plan; (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not defined herein have the meaning given to such terms in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

(d) approving the manner and forms of notice and other related documents as they relate to the Debtors.

<div style="border: 1px solid black; text-align: center;">

YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO VOTE ON THE PLAN.  THEREFORE, YOU SHOULD READ THIS LETTER CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

</div>

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to Holders of Claims and Interests in connection with the solicitation of votes to accept the Plan.  The Solicitation Package consists of the following:

    a.   the applicable Ballot, together with detailed voting instructions and a pre-addressed, postage prepaid return envelope;

    b.   this letter;

    c.   solely for Holders of Claims in Class 3A, the letter from the Debtors to Holders of Crossover Unsecured Claims;

    d.   the Disclosure Statement (and exhibits attached thereto, including the Plan);

    e.   the Solicitation Procedures;

    f.   the Disclosure Statement Order (excluding the exhibits thereto);

    g.   the notice of the hearing to consider confirmation of the Plan; and

    h.   such other materials as the Court may direct.

Forever 21, Inc. (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes to accept the Plan.  The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims, Holders of Interests, and all other parties in interest.  Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays, reduced recoveries, and increased administrative expenses.

THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY
SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN.  BALLOTS
SHOULD BE SUBMITTED IN ACCORDANCE WITH THE INSTRUCTIONS
INDICATED ON YOUR BALLOT OR TO THE TO THE FOLLOWING ADDRESS OR
VIA THE DEBTORS' E-BALLOT PORTAL, BY VISITING
HTTPS://CASES.PRIMECLERK.COM/FOREVER21 AND FOLLOWING THE
INSTRUCTIONS THEREIN:

Forever 21, Inc. Ballot Processing
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, New York 10165

THE VOTING DEADLINE IS 4:00 P.M. PREVAILING EASTERN TIME
ON AUGUST 30, 2021.

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions, however, please feel free to contact Prime Clerk LLC, the notice and claims agent retained by the Debtors in the Chapter 11 Cases (the "Notice and Claims Agent") by:  (a) calling the Debtors' restructuring hotline at (877) 510-9565 (toll free); (b) visiting the Debtors' restructuring website at:  https://cases.primeclerk.com/Forever21; (c) writing to Forever 21 Inc., c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (d) emailing forever21ballots@primeclerk.com.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.  Please be advised that the Notice and Claims Agent is authorized to answer questions about, and provide additional copies of, the solicitation materials, but may *not* advise you as to whether you should vote to accept or reject the Plan.


**HOLDERS OF UNSECURED CLAIMS WILL NOT RECEIVE ANY CASH RECOVERY ON ACCOUNT OF SUCH CLAIMS <u>UNLESS</u> HOLDERS OF ALLOWED GENERAL ADMINISTRATIVE CLAIMS AND ALLOWED OTHER PRIORITY CLAIMS ARE PAID IN FULL IN CASH.  HOWEVER, THE DEBTORS BELIEVE THAT ALLOWED GENERAL ADMINISTRATIVE CLAIMS AND ALLOWED OTHER PRIORITY CLAIMS WILL <u>NOT</u> BE PAID IN FULL IN CASH.  AS SUCH, THE DEBTORS ANTICIPATE THAT HOLDERS OF UNSECURED CLAIMS WILL NOT RECEIVE ANY CASH RECOVERY UNDER THE PLAN ON ACCOUNT OF SUCH CLAIMS.**

## Exhibit 8

## Form of Confirmation Hearing Notice

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FOREVER 21, INC., *et al.*,[1] | ) Case No. 19-12122 (MFW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## NOTICE OF HEARING TO CONSIDER
## CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY THE
## DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES

**PLEASE TAKE NOTICE THAT** on [DATE], 2021, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) approving the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"); (b) establishing the voting record date, voting deadline, and other related dates in connection with confirmation of the *Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (d) approving the manner and forms of notice and other related documents as they relate to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **September [24], 2021** at [●] prevailing Eastern Time, before the Honorable Mary F. Walrath, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Fifth Floor, Courtroom #4, Wilmington, Delaware 19801.

> **PLEASE BE ADVISED**: THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not defined herein have the meaning given to such terms in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**. The voting record date is **July 26, 2021** (the "Voting Record Date"), which is the date for determining which Holders of Claims in Class 3A (Crossover Unsecured Claims) and Class 3B (Other Unsecured Claims) are entitled to vote on the Plan.

**Voting Deadline**. The deadline for voting on the Plan is **August 30, 2021**, at **4:00 p.m.** prevailing Eastern Time (the "Voting Deadline"). If you received a Solicitation Package including a Ballot and intend to vote on the Plan, you ***must***: (a) follow the instructions carefully; (b) complete ***all*** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is ***actually received*** by the Debtors' notice and claims agent, Prime Clerk LLC (the "Notice and Claims Agent") on or before the Voting Deadline. ***A failure to follow such instructions may disqualify your vote***.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

<div style="border:1px solid black">

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION,
AND INJUNCTION PROVISIONS, AND **ARTICLE IX.C CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN
CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.
IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN
OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN
ADDITIONAL INFORMATION, CONTACT THE NOTICE AND CLAIMS AGENT.**

</div>

**Plan Objection Deadline**. The deadline for filing objections to the Plan is **August 30, 2021**, at **4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline"). All objections to the relief sought at the Confirmation Hearing ***must***: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; ***and*** (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be ***actually received*** on or before the Plan Objection Deadline:

| Co-Counsel to the Debtors | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn:  Joshua A. Sussberg, P.C.<br>Attn:  Aparna Yenamandra<br>601 Lexington Avenue<br>New York, New York 10022<br><br>-and-<br><br>**KIRKLAND & ELLIS LLP**<br>Attn:  Anup Sathy, P.C.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Attn:  Laura Davis Jones (DE Bar No. 2436)<br>Attn:  James E. O'Neill (DE Bar No. 4042)<br>Attn:  Timothy P. Cairns (DE Bar No. 4228)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801) |
| ***U.S. Trustee*** | |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn:  Juliet M. Sarkessian<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 | |
| ***Counsel to the Official Committee*** | |
| **KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>Attn:  Robert T. Schmidt<br>Attn:  Adam C. Rogoff<br>Attn:  Nathaniel Allard<br>1177 Avenue of the Americas<br>New York, New York 10036 | |

## CRITICAL INFORMATION REGARDING GENERAL ADMINISTRATIVE CLAIMS AND OTHER PRIORITY CLAIMS AND PROCEDURES FOR AGREEING TO DIFFERENT TREATMENT

Generally, holders of administrative or priority claims are entitled to be paid allowed amounts in full as a condition to the approval of a plan and do not have to take any action.  However, holders of administrative and priority claims can agree to "different treatment" for such claims and such agreement can enable a debtor to confirm a chapter 11 plan.

As explained in the Disclosure Statement approved by the Bankruptcy Court, including Article IV.E thereof, the Debtors are administratively insolvent and have insufficient funds to pay all Allowed General Administrative Claims (which, for the avoidance of doubt, include Priority Tax Claims) and Other Priority Claims in full.  Therefore, unless such Holders agree to a "different treatment" than what is normally contemplated by the Bankruptcy Code, the Debtors may not be able to confirm the Plan.  If the Holder of a General Administrative Claim or Other Priority Claim objects to Confirmation of the Plan asserting that it is entitled to payment in full

under section 1129(a)(9) of the Bankruptcy Code, the Debtors may not be able to confirm the Plan.

As a result, absent your agreement to accept a "different treatment" provided for under the Plan on account of your Allowed Claim other than payment in full, the Debtors anticipate that their chapter 11 cases may be dismissed or converted to chapter 7 cases. In a chapter 7 case, administrative and priority claims are subordinated to all chapter 7 claims, including fees of the chapter 7 trustee and its professionals. **The Liquidation Analysis attached to the Disclosure Statement as <u>Exhibit B</u> compares the projected recoveries for Holders of General Administrative Claims and Other Priority Claims under the Plan to recoveries in a hypothetical chapter 7 liquidation. As shown in the Liquidation Analysis, the Debtors anticipate that Holders of Allowed General Administrative Claims and Allowed Other Priority Claims would receive a smaller distribution on account of such Claims under any alternative to the Plan. The Debtors therefore urge you to agree to support (and not object to) the Plan and to agree to a "different treatment" as contemplated under the Bankruptcy Code.**

**The Debtors estimate, based on the assumptions set forth in the Disclosure Statement, that the amount of Distributable Cash as of the Effective Date available to pay Holders of General Administrative Claims and Other Priority Claims under the Plan will be equal to approximately $30.4 to $30.9 million.**

- ***Administrative, Priority Tax, and Other Priority Claims*. The Plan provides that Holders of Allowed General Administrative Claims and Allowed Other Priority Claims will be paid their Pro Rata share of the lesser of (a) any Distributable Cash in excess of amounts necessary to satisfy all Allowed Secured Claims as set forth in Article III of the Plan, and (b) Cash in an amount equal to the Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Other Priority Claims and, if such Holders agree to the "different treatment" as set forth in the Plan, they will receive their share to the extent their Claim is Allowed.**

**Holders of unsecured Claims will not receive any cash recovery on account of such Claims <u>unless</u> Holders of Allowed General Administrative Claims and Allowed Other Priority Claims are paid in full in cash. However, the Debtors believe that Allowed General Administrative Claims and Allowed Other Priority Claims will <u>not</u> be paid in full in cash. As such, the Debtors anticipate that Holders of unsecured Claims will not receive any cash recovery under the Plan on account of such Claims.**

**Since the closing of the Sale, the Debtors have been working on certain value accretive workstreams to bring in additional value to their estates for distribution to Holders of Claims. The Debtors closed on the sale of certain real property (the "<u>Warehouse Sale</u>") that brought approximately $16.0 million of net available proceeds for distribution. The Debtors also received certain tax refunds in the amount of approximately $22.4 million under the Coronavirus Aid, Relief, and Economic Security Act, approximately $1.9 million of refunds of certain state income tax prepayments upon the filing of the Debtors' fiscal 2019 tax returns, and proceeds of a certain Court-approved settlement of intercompany claims between the Debtors and Forever 21 Korea Retail, LLC in the amount of approximately $205,000. Additionally, the Debtors anticipate receiving certain additional**

state tax refunds in the amount of approximately $500,000.  Such proceeds and others will be used to fund the distributions provided for in the Plan.

Given the outcome of these value-enhancing workstreams, the Debtors estimate that Holders of Allowed General Administrative Claims and Allowed Other Priority Claims will receive a recovery of at least 11% on account of such Allowed Claims.  However, the Debtors cannot predict at this time the exact recovery that Holders of Allowed General Administrative Claims and Other Priority Claims will receive as such recovery will depend on the total amount of value distributable to Holders of Allowed Claims as well as the total amount of Allowed Claims entitled to share in such distribution.

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a an electronic version), please feel free to contact the Notice and Claims Agent by:  (a) calling the Debtors' restructuring hotline at (877) 510-9565 (toll free); (b) visiting the Debtors' restructuring website at:  https://cases.primeclerk.com/Forever21; (c) writing to Forever 21 Inc., c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (d) emailing forever21info@primeclerk.com.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at:  http://www.deb.uscourts.gov.  Please be advised that the Notice and Claims Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may ***not*** advise you as to whether you should vote to accept or reject the Plan.

**The Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) on or before **August 25, 2021**, and will serve notice on all Holders of Claims and Interests entitled to vote on the Plan, which will:  (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

---

**BINDING NATURE OF THE PLAN**:

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THE CHAPTER 11 CASES, FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN, OR VOTED TO REJECT THE PLAN.**

---

*[Remainder of page intentionally left blank]*

Dated: _____, 2021
Wilmington, Delaware

*/s/* _____

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:          ljones@pszjlaw.com
                joneill@pszjlaw.com
                tcairns@pszjlaw.com

-and-

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

-and-

Anup Sathy, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Co-Counsel for the Debtors and Debtors in Possession*

**<u>Exhibit 9</u>**

**Form of Plan Supplement Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOREVER 21, INC., *et al.*,[1] | ) | Case No. 19-12122 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF FILING OF PLAN SUPPLEMENT

      **PLEASE TAKE NOTICE THAT** on [DATE], 2021, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) approving the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"); (b) establishing the voting record date, voting deadline, and other related dates in connection with confirmation of the *Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (d) approving the manner and forms of notice and other related documents as they relate to the Debtors.

      **PLEASE TAKE FURTHER NOTICE THAT,** as contemplated by the Plan and the Disclosure Statement Order, the Debtors filed the Plan Supplement with the Court on [DATE], 2021 [Docket No. [●]]. The Debtors shall have the right to amend the documents contained in, and exhibits to, the Plan Supplement through the Effective Date, subject to the terms of the Plan.

      **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **September [24], 2021,** at [●] prevailing Eastern Time, before the Honorable Mary F. Walrath, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Fifth Floor, Courtroom #4, Wilmington, Delaware 19801.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2]    Capitalized terms used but not defined herein have the meaning given to such terms in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **August 30, 2021**, at **4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before the Plan Objection Deadline:

| *Co-Counsel to the Debtors* | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Joshua A. Sussberg, P.C.<br>Attn: Aparna Yenamandra<br>601 Lexington Avenue<br>New York, New York 10022<br><br>-and-<br><br>**KIRKLAND & ELLIS LLP**<br>Attn: Anup Sathy, P.C.<br>300 North LaSalle<br>Chicago, Illinois 60654 | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Attn: Laura Davis Jones (DE Bar No. 2436)<br>Attn: James E. O'Neill (DE Bar No. 4042)<br>Attn: Timothy P. Cairns (DE Bar No. 4228)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801) |

| *U.S. Trustee* |
|---|
| **THE OFFICE OF THE UNITED STATES**<br>**TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn: Juliet M. Sarkessian<br>844 King Street, Suite 2207<br>Wilmington, Delaware 19801 |

| *Counsel to the Official Committee* |
|---|
| **KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>Attn: Robert T. Schmidt<br>Attn: Adam C. Rogoff<br>Attn: Nathaniel Allard<br>1177 Avenue of the Americas<br>New York, New York 10036 |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Prime Clerk LLC, the notice and claims agent retained by the Debtors in the Chapter 11 Cases (the "Notice and Claims Agent") by: (a) calling the Debtors' restructuring hotline at

(877) 510-9565 (toll free); (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/Forever21; (c) writing to Forever 21 Inc., c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (d) emailing forever21info@primeclerk.com. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

<div style="border:1px solid black; padding:10px;">

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.C CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE NOTICE AND CLAIMS AGENT.**

</div>

*[Remainder of page intentionally left blank]*

Dated: _____, 2021
Wilmington, Delaware

/s/ _____

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Timothy P. Cairns (DE Bar No. 4228)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:          ljones@pszjlaw.com
                joneill@pszjlaw.com
                tcairns@pszjlaw.com

-and-

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

-and-

Anup Sathy, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Co-Counsel for the Debtors and Debtors in Possession*

## Exhibit 10

**Administrative/Priority Claim Consent Form**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FOREVER 21, INC., *et al.*,[1] | ) | Case No. 19-12122 (MFW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE TO HOLDERS OF
## GENERAL ADMINISTRATIVE CLAIMS AND OTHER
## PRIORITY CLAIMS REGARDING CONSENT TO PLAN TREATMENT

**PLEASE TAKE NOTICE THAT** on [DATE], 2021, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"), (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as may be modified, amended, or supplemented from time to time, the "Plan"); (b) approving the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as may be modified, amended, or supplemented from time to time, the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation package; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT**, because of the nature and treatment of your Claim under the Plan, you are *not* entitled to vote on the Plan. However, you may choose to opt-out of the proposed treatment of your Allowed Claim under the Plan by returning this form (this "Opt-Out Form") with the applicable box checked before August 30, 2021, at 4:00 p.m. prevailing Eastern Time. **Failure to return this Opt-Out Form with the applicable box checked before August 30, 2021, at 4:00 p.m. prevailing Eastern Time shall be deemed your consent to the treatment of your Claim under the Plan unless you otherwise object to the Plan before August 30, 2021, at 4:00 p.m. prevailing Eastern Time. If you agree with the treatment of your Claim under the Plan you do *not* need to return this Opt-Out Form.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan or Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT**, on December 22, 2020, the Court entered the *Order (I) Approving the Administrative Claims Settlement Procedures and (II) Granting Related Relief* [Docket No. 1724] (the "Settlement Order") which authorized the Debtors to solicit the affirmative consent of Holders of General Administrative Claims pursuant to the opt-in form attached to the Settlement Order as Exhibit 1 (the "Opt-In Form"). **This Opt-Out Form is separate and distinct from the Opt-In Form and is only being sent to Holders of General Administrative Claims that did not return the Opt-In Form.**

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **September [24], 2021,** at [●] prevailing Eastern Time, before the Honorable Mary F. Walrath, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market Street, 5th Floor, Courtroom No. 4 Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Prime Clerk LLC, the voting and claims agent retained by the Debtors in the Chapter 11 Cases by: (a) calling the Debtors' restructuring hotline at (877) 510-9565 (toll free); (b) visiting the Debtors' restructuring website at: https://cases.primeclerk.com/Forever21; (c) writing to Forever 21 Inc., c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165; and/or (d) emailing forever21ballots@primeclerk.com. You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

## CRITICAL INFORMATION REGARDING GENERAL ADMINISTRATIVE AND OTHER PRIORITY CLAIMS AND PROCEDURES FOR AGREEING TO DIFFERENT TREATMENT

Under section 1129(a)(9) of the Bankruptcy Code, holders of an administrative or priority claim must be paid in full under the plan for it to be confirmed. However, holders of administrative and priority claims can agree to "different treatment" for such claims and such agreement can enable a debtor to confirm a chapter 11 plan.

As explained in the Disclosure Statement approved by the Bankruptcy Court, including Article IV.E thereof, there are insufficient funds to pay all Allowed General Administrative Claims (which, for the avoidance of doubt, include Priority Tax Claims) and Other Priority Claims in full. Therefore, unless such Holders agree to a "different treatment" than what is normally contemplated by the Bankruptcy Code, the Debtors may not be able to confirm the Plan. Additionally, if the Holder of a General Administrative Claim or Other Priority Claim objects to Confirmation of the Plan asserting that it is entitled to payment in full under section 1129(a)(9) of the Bankruptcy Code, the Debtors may not be able to confirm the Plan.

As a result, absent your agreement to accept a "different treatment," the Debtors anticipate that it is likely that their chapter 11 cases may be dismissed or converted to chapter 7 cases. In a chapter 7 case, administrative and priority claims are subordinated to all chapter 7 claims, including fees of the chapter 7 trustee and its professionals. The Liquidation Analysis attached to the Disclosure Statement as Exhibit B compares the projected recoveries for Holders of

General Administrative Claims and Other Priority Claims under the Plan to recoveries in a hypothetical chapter 7 liquidation. **As shown in the Liquidation Analysis, the Debtors anticipate that Holders of Allowed General Administrative Claims and Allowed Other Priority Claims would receive a smaller distribution on account of such Claims under any alternative to the Plan. The Debtors therefore urge you to agree to support (and not object to) the Plan and thereby <u>agree to "different treatment"</u> contemplated under the Bankruptcy Code.**

The Debtors estimate, based on the assumptions set forth in the Disclosure Statement, that the amount of Distributable Cash as of the Effective Date available to pay Holders of General Administrative Claims and Other Priority Claims under the Plan will be equal to approximately $30.4 to $30.9 million. The Plan provides for Holders of Allowed General Administrative Claims and Allowed Other Priority Claims to be paid their Pro Rata share of the lesser of (a) any Distributable Cash in excess of amounts necessary to satisfy all Allowed Secured Claims as set forth in Article III of the Plan, and (b) Cash in an amount equal to the the Allowed Administrative Claims, Allowed Priority Tax Claims, and Allowed Other Priority Claims and, if such Holders agree to the "different treatment" as set forth in the Plan, they will receive their share to the extent their Claim is Allowed. As set forth in the Disclosure Statement, because the Debtors believe that Allowed General Administrative Claims and Other Priority Claims will not be paid in full in Cash, they anticipate that Holders of Allowed Crossover Unsecured Claims and Allowed Other Unsecured Claims will likely not receive a Cash recovery under the Plan on account of such Claims.

The Debtors have worked diligently to maximize the distributable value in the Debtors' estate. The Debtors closed on the sale of certain real property (the "<u>Warehouse Sale</u>") that brought approximately $16.0 million of net available proceeds for distribution.[3] The Debtors also received certain tax refunds in the amount of approximately $22.4 million under the Coronavirus Aid, Relief, and Economic Security Act, approximately $1.9 million of refunds of certain state income tax prepayments upon the filing of the Debtors' fiscal 2019 tax returns, and proceeds of a certain Court-approved settlement of intercompany claims between the Debtors and Forever 21 Korea Retail, LLC in the amount of approximately $205,000. Additionally, the Debtors anticipate receiving certain additional state tax refunds in the amount of approximately $500,000. Such proceeds and others will be used to fund the distributions provided for in the Plan. **Given the outcome of these value-enhancing workstreams, the Debtors estimate that Holders of Allowed General Administrative Claims and Allowed Other Priority Claims will receive a recovery of at least 11% on account of their Claims.** However, the Debtors cannot predict at this time the exact amount of recovery that Holders of Allowed General Administrative Claims and Other Priority Claims will receive as it will depend on the total amount of recoveries that will be available for distribution.

---

[3] *See Order (I) Authorizing the Sale of Certain of the Debtors' Real Property Free and Clear of Liens, Claims, and Encumbrances, (II) Authorizing the Retention and Employment of the Quantum Associates* Nunc Pro Tunc *to November 18, 2019, (III) Approving the Terms of the Purchase Agreements, and (IV) Granting Related Relief* [Docket No. 956].

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN OR CONSENTING TO THE TREATMENT THEREUNDER

<div style="border:1px solid black;">

**Binding nature of the Plan**:

**If confirmed, the Plan will bind all Holders of Claims to the maximum extent permitted by applicable law, whether or not such Holder will receive or retain any property or interest in property under the Plan, or has filed a Proof of Claim in these Chapter 11 Cases.**

</div>

<div style="border:1px solid black;">

**IMPORTANT**

**You may wish to seek legal advice before you decide whether to agree to the treatment under the Plan.**

**For your election to be counted, this Opt-Out Form must be properly completed, signed, and returned so that it is <u>actually received</u> by Prime Clerk LLC (the "<u>Notice and Claims Agent</u>") on or before 4:00 P.M., prevailing Eastern Time, on August 30, 2021, unless such time is extended in writing by the Debtors.**

**YOU MAY CHOSE NOT TO RETURN THIS OPT-OUT FORM, IN WHICH CASE YOU WILL BE DEEMED TO CONSENT TO THE TREATMENT OF YOUR CLAIM UNDER THE PLAN. THE DEBTORS RECOMMEND THAT YOU AGREE TO THE TREATMENT UNDER THE PLAN BY EITHER (A) NOT RETURNING THIS OPT-OUT FORM OR (B) RETURNING THIS OPT-OUT FORM AND CHECKING THE "AGREE" BOX BELOW.**

</div>

**Please submit this Opt-Out Form with your election in the envelope provided or by *one* of the following methods:**

**If through the E-Forms Portal:**

The Notice and Claims Agent will accept Opt-Out Forms if properly completed through the E-Forms Portal. To submit your Opt-Out Form via the E-Form Portal, visit https://cases.primeclerk.com/forever21, click on the "Submit E-Ballot" section of the website for the Debtors, and follow the instructions to submit your Opt-Out Form.

> **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Opt-Out Form:**

> **Unique E-Form ID#:_____**

Opt-Out Forms submitted by facsimile, electronic mail, telecopy, or other means of electronic transmission (other than the E-Form Portal) will not be counted.

Each E-Form ID# is to be used solely for agreeing to or opting out of the treatment under the Plan for those claims described in <u>Item 1</u> in your electronic Opt-Out Form. Please complete and submit an electronic Opt-Out Form for each E-Form ID# you receive, as applicable. If you are unable to

submit your Opt-Out Form through the E-Form Portal, please email forever21ballots@primeclerk.com for further assistance.

**If by First Class Mail, Overnight Courier, or Hand Delivery:**

Forever 21, Inc. – Form Processing,
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, NY 10165

**OPT-OUT FORMS WILL NOT BE ACCEPTED BY TELECOPY, ELECTRONIC MAIL, FACSIMILE, OR OTHER ELECTRONIC MEANS OF TRANSMISSION (OTHER THAN THE E-FORM PORTAL).**

**If your Opt-Out Form is not received by the Notice and Claims Agent on or before 4:00 p.m., prevailing Eastern Time, on August 30, 2021, and such deadline is not extended by the Debtors as noted above, your election to agree to the treatment under the Plan may not be counted.**

**Your receipt of this Opt-Out Form does not signify that your Claim has been or will be Allowed. The Debtors reserve all rights to dispute such Claims. Please note that Holders of General Administrative Claims and Other Priority Claims who make the below election and transfer their Claim after the Voting Record Date may not be the Holder entitled to receive the distribution as of the Distribution Date. Holders of General Administrative Claims and Other Priority Claims who transfer their Claim after the Voting Record Date should communicate any elections made on this Ballot to the counterparty associated with such transfer.**

---

**PLEASE CHECK ONLY ONE BOX**

☐ **Agrees** to the treatment for Holders of General Administrative Claims or Other Priority Claims under the Plan.

☐ **Does not agree** to the treatment for Holders of General Administrative Claims or Other Priority Claims under the Plan.

---

1.  **Print or Type Name of Claimant:** _____
2.  **Signature:** _____
3.  **Name of Signatory (if different than Claimant):** _____
4.  **If by Authorized Agent, Title of Agent:** _____
5.  **Street Address:** _____
6.  **City, State, and Zip Code:** _____
7.  **Telephone Number:** _____
8.  **Email Address:** _____
9.  **Amount of Claim:** _____
10. **Nature of Claim:** _____
11. **Date Completed:** _____

*[Remainder of page intentionally left blank]*

## Exhibit 11

**Letter to Holders of Crossover Unsecured Claims**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FOREVER 21, INC., *et al.*,[1] | ) Case No. 19-12122 (MFW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

> **The following information is included for Korean, Mandarin, and Cantonese speakers:**
>
> 커버 레터 : "[한국어]로이 편지를 보려면 [●]을 방문하십시오.
>
> 附信： "若要查阅[国语]版附信，请访问[●]。
>
> 附信：「若要查閱[粵語]版附信，請訪問[●]。

**TO ALL HOLDERS OF CROSSOVER UNSECURED CLAIMS:**

You are receiving this letter because you are the holder of an administrative claim against Forever 21, Inc. or its affiliated debtors and debtors in possession (collectively, the "Debtors") and have previously returned an opt-in form (the "Opt-In Form") to consent to a settlement with the Debtors to receive a minimum 11% recovery on account of your allowed administrative claim (the "Settlement"). The Debtors' books and records indicate that you may also be the holder of a general unsecured claim against the Debtors. In your capacity of general unsecured claimant, you are therefore entitled to vote on the *Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan").[2] **The Debtors will not be authorized to pay the minimum 11% recovery under the Settlement if the Plan is not confirmed. In order to ensure that the Debtors are authorized to pay you under the Settlement, it is critical that you vote in favor of the Plan by**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Plan or the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"), as applicable. This letter is qualified in its entirety by the terms of the Plan and Disclosure Statement. To the extent there is any inconsistency between the terms of this letter and the terms of the Settlement Order, the Plan, or the Disclosure Statement, the terms of the Settlement Order, Plan, or Disclosure Statement, as applicable, shall govern.

**submitting the ballot enclosed herein prior to the voting deadline of August 30, 2021 at 4:00 p.m. prevailing Eastern Time.**

As set forth in the Opt-In Form, administrative creditors that opted-in to the Settlement are entitled to receive a minimum distribution of 11% of the allowed amount of their administrative claims. However, as the Opt-In Form made clear, such distributions are subject to confirmation of the Debtors' chapter 11 plan. **Therefore, the Debtors must secure sufficient votes in favor of the Plan by holders of Crossover Unsecured Claims like you in order for the Plan to be approved and for you to receive the payments contemplated by the Opt-In Form. If the Debtors are unable to confirm the Plan, the Debtors anticipate that these chapter 11 cases will be either converted to a chapter 7 liquidation or dismissed. The Debtors strongly believe that conversion or dismissal would result in substantially delayed and reduced recoveries on account of your administrative claims.**[3]

**Classification of Your Claims**. As explained in greater detail in Article III of the Plan and Article IV.C of the Disclosure Statement, because you submitted the Opt-In Form on account of your administrative claim, your general unsecured claim is classified in Class 3A of the Plan as a Crossover Unsecured Claim and you are therefore entitled to vote to accept or reject the Plan on account of such Crossover Unsecured Claim. On the other hand, the Bankruptcy Code does not entitle you to vote on the Plan on account of your administrative claim.

**Treatment of Your Claims**. Allowed Crossover Unsecured Claims are entitled to receive (a) a pro rata share of the General Unsecured Claims Recovery (*i.e.*, cash, if any, available after payment in full of all allowed administrative and priority claims) and (b) a waiver of all avoidance actions held by the Debtors (*i.e.*, a waiver of preference and fraudulent transfer actions, if any, that could otherwise be asserted against you). The Debtors believe that allowed administrative and priority claims will not be paid in full in cash. Therefore, it is not likely that you will receive a cash recovery on account of your Crossover Unsecured Claim. **You are nevertheless entitled to a recovery on account of your allowed administrative claim. However, payment on account of such administrative claim (as contemplated by the Opt-In Form) is dependent on the Plan being confirmed by the Court. As such, it is imperative that you vote to accept the Plan before the Voting Deadline of August 30, 2021, at 4:00 p.m., prevailing Eastern Time, in order to ensure the Plan has the requisite voting support for confirmation.**

If you have any questions regarding the Disclosure Statement or the Plan, you may contact Prime Clerk LLC, the Debtors' Notice and Claims Agent, by email at forever21ballots@primeclerk.com or by telephone at (877) 510-9565 (US/Canada) or (917) 947-5437 (International).

---

[3]   More detailed information about the likely consequences of conversion or dismissal is included in the Opt-In Form and Articles III.A and XI.B of the Disclosure Statement.

Dated: _____, 2021  
Wilmington, Delaware

/s/ _____

Laura Davis Jones (DE Bar No. 2436)  
James E. O'Neill (DE Bar No. 4042)  
Timothy P. Cairns (DE Bar No. 4228)  
**PACHULSKI STANG ZIEHL & JONES LLP**  
919 North Market Street, 17th Floor  
P.O. Box 8705  
Wilmington, Delaware 19899-8705 (Courier 19801)  
Telephone:   (302) 652-4100  
Facsimile:   (302) 652-4400  
Email:       ljones@pszjlaw.com  
              joneill@pszjlaw.com  
              tcairns@pszjlaw.com

-and-

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)  
Aparna Yenamandra (admitted *pro hac vice*)  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
601 Lexington Avenue  
New York, New York 10022  
Telephone:   (212) 446-4800  
Facsimile:   (212) 446-4900

-and-

Anup Sathy, P.C. (admitted *pro hac vice*)  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
300 North LaSalle Street  
Chicago, Illinois 60654  
Telephone:   (312) 862-2000  
Facsimile:   (312) 862-2200

*Co-Counsel for the Debtors and Debtors in Possession*

<u>**Exhibit 12**</u>

**Release Consent Form**

<div align="center">

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

</div>

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FOREVER 21, INC., *et al.*,[1] | ) Case No. 19-12122 (MFW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

<div align="center">

**NOTICE AND RELEASE CONSENT FORM FOR HOLDERS OF**
**GENERAL ADMINISTRATIVE CLAIMS AND OTHER PRIORITY CLAIMS**

</div>

---

**The following information is included for Korean, Mandarin, and Cantonese speakers:**

커버 레터 : "[한국어]로이 편지를 보려면 [●]을 방문하십시오.

附信 : "若要查阅[国语]版附信，请访问[●]。

附信 : 「若要查閱[粵語]版附信，請訪問[●]。

---

      **PLEASE TAKE NOTICE THAT** on [DATE], 2021, the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") entered an order [Docket No. [●]] (the "<u>Disclosure Statement Order</u>"):   (a) approving the *Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>"); (b) establishing the voting record date, voting deadline, and other related dates in connection with confirmation of the *Third Amended Joint Chapter 11 Plan of Forever 21, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "<u>Plan</u>");[2] (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (d) approving the manner and forms of notice and other related documents as they relate to the Debtors.

      **PLEASE TAKE FURTHER NOTICE THAT, with respect to your General Administrative Claims or Other Priority Claims against the Debtors, you are entitled to**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928).  The location of the Debtors' service address is:  3880 N. Mission Road, Los Angeles, California 90031.

[2]    Capitalized terms used but not defined herein have the meaning given to such terms in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

elect to opt-in to the releases contained in the Plan by submitting this release consent form (this "Release Consent Form") in accordance with the directions set forth below. Only those Holders that validly and timely submit this Release Consent Form will be "Releasing Parties" under the Plan with respect to their General Administrative Claims or Other Priority Claims.

PLEASE TAKE FURTHER NOTICE THAT if you opt-in to the release provisions contained in the Plan by checking the box below and properly and timely submitting this Release Consent Form, you will be deemed to have unconditionally, irrevocably, and forever released and discharged the Released Parties from, among other things, any and all Causes of Action except as otherwise specifically provided in the Plan.

<u>Important Information Regarding the Third Party Release</u>

<u>Article IX.C. of the Plan contains the following provision</u>:

PURSUANT TO SECTION 1123(B) AND ANY OTHER APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE, AND EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THIS PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, IN EXCHANGE FOR GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THE RELEASED PARTIES, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH RELEASED PARTY AND ITS RESPECTIVE ASSETS AND PROPERTY ARE, AND ARE DEEMED TO BE, HEREBY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER, RELEASED AND DISCHARGED BY EACH RELEASING PARTY FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED ON BEHALF OF THE DEBTORS, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE DEBTORS' IN- OR OUT-OF-COURT RESTRUCTURING EFFORTS, THE SALE TRANSACTION, INTERCOMPANY TRANSACTIONS BETWEEN OR AMONG A COMPANY PARTY AND ANOTHER COMPANY PARTY, THE CHAPTER 11 CASES, THE FORMULATION, PREPARATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE ASSET PURCHASE AGREEMENT, THE SETTLEMENT, THE DISCLOSURE STATEMENT, THE PLAN, THE PLAN SUPPLEMENT, OR ANY RESTRUCTURING TRANSACTION, CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT RELATING TO ANY OF THE FOREGOING, CREATED OR ENTERED INTO BEFORE OR DURING THE CHAPTER 11 CASES, ANY PREFERENCE, FRAUDULENT TRANSFER, OR OTHER AVOIDANCE CLAIM ARISING PURSUANT TO CHAPTER 5 OF THE BANKRUPTCY CODE OR OTHER APPLICABLE LAW, THE FILING OF THE CHAPTER 11 CASES, THE PURSUIT OF CONFIRMATION, THE PURSUIT OF CONSUMMATION, THE ADMINISTRATION AND IMPLEMENTATION OF THE PLAN, INCLUDING THE ISSUANCE OR

**DISTRIBUTION OF SECURITIES PURSUANT TO THE PLAN, OR THE DISTRIBUTION OF PROPERTY UNDER THE PLAN OR ANY OTHER RELATED AGREEMENT, OR UPON ANY OTHER RELATED ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED OR RELATING TO ANY OF THE FOREGOING. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PARTY OR ENTITY UNDER THE PLAN, ANY RESTRUCTURING TRANSACTION, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN, INCLUDING ANY CLAIM OR OBLIGATION ARISING UNDER THE PLAN. FOR THE AVOIDANCE OF DOUBT, NOTHING IN THIS PLAN SHALL BE DEEMED TO BE, OR CONSTRUED AS, A RELEASE, WAIVER, OR DISCHARGE OF ANY OF THE COMPANY INDEMNIFICATION OBLIGATIONS.**

\*　　\*　　\*

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, EACH OF, AND IN EACH CASE SOLELY IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF CLAIMS THAT VOTE TO ACCEPT OR REJECT THE PLAN AND DO NOT (I) VALIDLY OPT-OUT OF THE RELEASES CONTAINED IN THE PLAN OR (II) FILE AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN; (D) ALL HOLDERS OF CLAIMS THAT ARE UNIMPAIRED THAT DO NOT FILE AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN; (E) ALL HOLDERS OF GENERAL ADMINISTRATIVE CLAIMS AND OTHER PRIORITY CLAIMS THAT AFFIRMATIVELY OPT-IN TO THE RELEASES CONTAINED IN THE PLAN; (F) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH (E); AND (G) WITH RESPECT TO EACH OF THE FOREGOING PARTIES IN CLAUSES (A) THROUGH (F), EACH OF SUCH PARTY'S CURRENT AND FORMER DIRECTORS, OFFICERS, MEMBERS, EMPLOYEES, PARTNERS, MANAGERS, GENERAL PARTNERS, LIMITED PARTNERS, MANAGING MEMBERS, INDEPENDENT CONTRACTORS, AGENTS, REPRESENTATIVES, PRINCIPALS, PROFESSIONALS, CONSULTANTS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, ADVISORY BOARD MEMBERS, INVESTMENT ADVISORS OR SUB-ADVISORS, AND OTHER PROFESSIONALS.

UNDER THE PLAN, "*RELEASED PARTIES*" MEANS EACH OF AND IN EACH CASE SOLELY IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE WIND-DOWN DEBTORS; (C) ALL HOLDERS OF INTERESTS; (D) THE OFFICIAL COMMITTEE AND EACH OF ITS MEMBERS; (E) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH (D); AND (F) WITH RESPECT TO EACH OF THE FOREGOING PARTIES IN CLAUSES (A) THROUGH (E), EACH OF SUCH PARTY'S CURRENT AND FORMER DIRECTORS, OFFICERS, MEMBERS, EMPLOYEES, PARTNERS, MANAGERS, GENERAL PARTNERS, LIMITED PARTNERS, MANAGING MEMBERS, INDEPENDENT CONTRACTORS, AGENTS, REPRESENTATIVES,

PRINCIPALS, PROFESSIONALS, CONSULTANTS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, ADVISORY BOARD MEMBERS, INVESTMENT ADVISORS OR SUB-ADVISORS, AND OTHER PROFESSIONALS; *PROVIDED* THAT, IF ANY HOLDER OF A CLAIM OR INTEREST THAT WOULD OTHERWISE BE A RELEASED PARTY (X) VALIDLY OPTS OUT OF THE RELEASES CONTAINED IN THE PLAN, (Y) FILES AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN, OR (Z) DOES NOT VALIDLY OPT-IN TO THE RELEASES CONTAINED IN THE PLAN, AS APPLICABLE, SUCH HOLDER OF A CLAIM OR INTEREST SHALL NOT BE A RELEASED PARTY.

**TO BE A "RELEASING PARTY" UNDER THE PLAN WITH RESPECT TO YOUR GENERAL ADMINISTRATIVE CLAIMS OR OTHER PRIORITY CLAIMS, YOU MUST CHECK THE BOX BELOW AND SUBMIT THIS RELEASE CONSENT FORM SUCH THAT IT IS ACTUALLY RECEIVED (IN THE MANNER SET FORTH BELOW) BY THE NOTICE AND CLAIMS AGENT NO LATER THAN AUGUST 30, 2021, AT 4:00 P.M., PREVAILING EASTERN TIME, UNLESS SUCH TIME IS EXTENDED IN WRITING BY THE DEBTORS.**

**YOU MAY CHOSE NOT TO RETURN THIS RELEASE CONSENT FORM, IN WHICH CASE YOU WILL NOT BE BOUND BY THE RELEASES CONTAINED IN THE PLAN WITH RESPECT YOUR GENERAL ADMINISTRATIVE CLAIMS OR OTHER PRIORITY CLAIMS. THE DEBTORS RECOMMEND THAT YOU AGREE TO THE RELEASE CONTAINED IN THE PLAN BY RETURNING THIS RELEASE CONSENT FORM AND CHECKING THE "OPT-IN" BOX BELOW.**

**FOR THE AVOIDANCE OF DOUBT, YOUR FAILURE TO CHECK THE BOX BELOW AND VALIDLY SUBMIT THIS RELEASE CONSENT FORM WILL <u>NOT</u> IMPACT WHETHER YOU ARE A "RELEASING PARTY" WITH RESPECT TO ANY CLAIMS THAT YOU HOLD THAT ARE NOT GENERAL ADMINISTRATIVE CLAIMS OR OTHER PRIORITY CLAIMS. PLEASE REFER TO THE PLAN TO DETERMINE THE CIRCUMSTANCES UNDER WHICH YOU WILL BE DEEMED TO BE A "RELEASING PARTY" OR "RELEASED PARTY" WITH RESPECT TO CLAIMS YOU HOLD THAT ARE NOT GENERAL ADMINISTRATIVE CLAIMS OR OTHER PRIORITY CLAIMS.**

<div style="border:1px solid black; text-align:center;">

**OPT IN to the Third Party Release**

</div>

**<u>CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN OR CONSENTING TO THE THIRD PARTY RELEASE</u>**

<div style="border:1px solid black;">

**<u>Binding nature of the Plan</u>**:

**If confirmed, the Plan will bind all Holders of Claims to the maximum extent permitted by applicable law, whether or not such Holder will receive or retain any property or interest in property under the Plan, or has filed a Proof of Claim in the Chapter 11 Cases.**

</div>

---

**IMPORTANT**

**You may wish to seek legal advice before you decide whether to agree to the releases contained in the Plan.**

**For your election to be counted, this Release Consent Form must be properly completed, signed, and returned so that it is <u>actually received</u> by Prime Clerk LLC (the "<u>Notice and Claims Agent</u>") on or before 4:00 p.m., prevailing Eastern Time, on August 30, 2021, unless such time is extended in writing by the Debtors.**

---

**If you would like to consent to the releases contained in the Plan, please submit this Release Consent Form with your election in the envelope provided or by *one* of the following methods:**

**<u>If through the E-Forms Portal:</u>**

The Notice and Claims Agent will accept Release Consent Forms if properly completed through the E-Forms Portal. To submit your Release Consent Form via the E-Forms Portal, visit https://cases.primeclerk.com/forever21, click on the "Submit E-Ballot" section of the website for the Debtors, and follow the instructions to submit your Release Consent Form.

> **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Release Consent Form:**
>
> **Unique E-Form ID#:_____**

Release Consent Forms submitted by facsimile, electronic mail, telecopy, or other means of electronic transmission (other than the E-Form Portal) will not be counted.

Each E-Form ID# is to be used solely for opting in to the releases contained in the Plan for those claims described in <u>Item 1</u> in your electronic Release Consent Form. Please complete and submit an electronic Release Consent Form for each E-Form ID# you receive, as applicable. If you are unable to submit your Release Consent Form through the E-Form Portal, please email forever21ballots@primeclerk.com for further assistance.

**<u>If by First Class Mail, Overnight Courier, or Hand Delivery:</u>**

Forever 21, Inc. Form Processing,
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, NY 10165

**RELEASE CONSENT FORMS WILL NOT BE ACCEPTED BY TELECOPY, ELECTRONIC MAIL, FACSIMILE, OR OTHER ELECTRONIC MEANS OF TRANSMISSION (OTHER THAN THE E-FORM PORTAL).**

**If your Release Consent Form is not received by the Notice and Claims Agent on or before 4:00 p.m., prevailing Eastern Time, on August 30, 2021, and such deadline is not extended by the Debtors as noted above, your election to agree to the releases contained in the Plan may not be counted.**

**Your receipt of this Release Consent Form does not signify that your Claim has been or will be Allowed. The Debtors reserve all rights to dispute such Claims. Please note that Holders of Claims who make the above election and transfer their Claim after the Voting Record Date may not be the Holder that is deemed to have granted the releases contained in the Plan. Holders of Claims who transfer their Claim after the Voting Record Date should communicate any elections made on this Release Consent Form to the counterparty associated with such transfer.**

1. **Print or Type Name of Claimant:**      _____

2. **Signature:**      _____

3. **Name of Signatory (if different than Claimant):**      _____

4. **If by Authorized Agent, Title of Agent:**      _____

5. **Street Address:**      _____

6. **City, State, and Zip Code:**      _____

7. **Telephone Number:**      _____

8. **Email Address:**      _____

9. **Amount of Claim:**      _____

10. **Nature of Claim:**      _____

11. **Date Completed:**      _____

*[Remainder of page intentionally left blank]*