# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FOREVER 21, INC., *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 19-12122 (MJW)<br>(Jointly Administered)<br><br>**Hearing Date: July 22, 2021, at 3:00 p.m.**<br>**Objection Deadline: July 12, 2021 at 4 p.m.**<br>**Extended for the U.S. Trustee until 9 p.m.**<br><br>**Ref: Docket Nos. 585, 1957, 1959, and 1960** |

**DECLARATION OF ALFRED T. GIULIANO IN CONNECTION WITH THE UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING THE VOTING RECORD DATE, VOTING DEADLINE, AND OTHER DATES, (C) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE PLAN, AND (D) APPROVING THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS**

I, Alfred T. Giuliano, of full age, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.　　I submit this declaration in connection with the U.S. Trustee's objection to the Debtors' motion for approval of their disclosure statement and solicitation procedures.

---

[1]　The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

2.	I am a principal in the accounting firm of Giuliano, Miller & Co., LLC, located at 2301 E. Evesham Road, Pavilion 800, Suite 210, Voorhees, New Jersey, 08043. I have held that position for approximately thirty two (32) years.

3.	I am a Certified Public Accountant (CPA), Certified Insolvency and Restructuring Advisor (CIRA), and Certified Distressed Business Valuator (CDBV).

4.	I am currently a Chapter 7 bankruptcy panel trustee for the District of Delaware. I have held that position for over twenty years. During that time I have been appointed to serve as chapter 7 trustee on many corporate bankruptcy cases, both those that filed directly as chapter 7 cases, and those that converted from chapter 11 cases. I have also served as a plan administrator, or a liquidating trustee in a thirteen chapter 11 cases in Delaware and other jurisdictions.

5.	A copy of my Curriculum Vitae is attached as Exhibit 1 to this declaration.

6.	The U. S. Trustee has asked me to opine on whether the figures set forth in the Liquidation Analysis attached to the Debtors' Disclosure Statement [Dkt. No. 1957] with respect to the fees of a chapter 7 trustee's professionals are within the range of what would be expected given the facts and circumstances of the Forever 21 Debtors and their current assets and liabilities.

7.	The range of the fees of a chapter 7 trustee's professionals set forth in the Debtors' Liquidation Analysis are between $4.5 million and $5.7 million. *See* Dkt. No. 1957, ecf page 61 of 61. These fees are in addition to, and apart from, the "Chapter 7 Trustee Costs," listed at $ 1 million, which appear to reflect the trustee's anticipated statutory commission.

8.      In contrast, the Liquidation Analysis shows the costs of the Plan Administrator under a plan scenario to be $1.5 million.  Note "D" to the Liquidation Analysis indicates that such amount "represents estimates of Plan Administrator fees in the Plan scenario."  It is not clear whether such fees include the fees of the Plan Administrators' professionals.  However, as there is no other line in the Liquidation Analysis for such professional fees, I will assume for the purpose of this declaration that the $1.5 million is intended to cover the fees of both the Plan Administrator and his or her professionals.

9.      My opinion, based on the facts as I understand them, as detailed below, is that the professional fees of a chapter 7 trustee should be approximately the same as the professional fees a plan administrator would incur in these cases to do the similar work.

10.     It is also my opinion, based on the facts as I understand them, as detailed below, that the Debtors' estimate of between $4.5 million and $5.7 million for a chapter 7 trustee's professional fees in these cases is significantly higher than what reasonably could be expected.

11.     The reason for my opinions set forth in paragraphs 9 and 10 above is that the amount of work to be done by a chapter 7 trustee and his or her professionals if these cases were to convert to chapter 7 would appear to be limited primarily to completing the reconciliation work the Debtors have undertaken regarding administrative claims, and disbursing funds to chapter 7 administrative creditors and chapter 11 administrative creditors.  Disbursement work should be done by the chapter 7 trustee and his or her staff (paid by way of the trustee's statutory commission), and not by the trustee's professionals.  To the extent that the administrative claims reconciliation work is not completed by the Debtors before the cases convert, the initial review of administrative claims should be done by the trustee and his or her staff.  With respect to the

claim reconciliation process, the trustee's professionals should only be involved if there is the need to file claims objections, provide related legal work, or to review accounting and tax records that would assist the trustee in his/her analysis of the administrative claims. This should result in savings to the Chapter 7 estate vs. the Chapter 11 Plan with respect to professional fees.

12. The following are the facts I considered in forming my opinion:

   a. The debtors have no ongoing business, and no employees.

   b. There are no material assets to liquidate. According to the Liquidation Analysis, all of the Debtors' assets have already been liquidated. The sole exception is for receivables of between a half a million and a million dollars, which note B of the Liquidation Analysis indicates are "potential state tax refunds, duty drawback claims and other claims."

   c. To the best of my knowledge, all tax refund applications have been filed. To the extent they have not been filed, both the Chapter 7 estate and the Debtor would have to expend similar amounts to procure the refund(s).

   d. There are no avoidance actions or other causes of action that could be pursued in a chapter 7 case, as all such causes of action were sold to the buyer of the Debtors' assets. *See* Note C to the Liquidation Analysis ("The Debtor is not aware of any other claims or causes of action available to creditor in a chapter 7 scenario."); and Notice of Filing of Final Asset Purchase Agreement, Dkt. No. 922-1, § 1.1 (v)(definition of "Acquired

        Assets"), and § 2.1 ("Purchase and Sale of Assets"), ecf pp. 9-10 and 31 of 83.

    e.    Note F on the Liquidation Analysis, which relates to the estimate of $4.5 million to $5.7 million for chapter 7 professional fees, indicates that such fees include an estimate for evaluating and pursuing causes of actions. However, that statement conflicts with the fact that all causes of action were sold to the buyer of the Debtors' assets. If, however there were causes of action available to pursue, and if the Chapter 7 trustee incurred $4.5 million to $5.7 million to pursue the causes of action, I would expect that there would be recoveries that were at least that much, if not double or triple that amount.

    f.    The Debtors have filed a number of omnibus claims objections relating to administrative claims, and orders have been entered reducing or disallowing some of those claims. The Debtors have also filed agreements with certain administrative creditors stipulating to the amounts of their claims.

    g.    There would be no need in a chapter 7 conversion for the trustee to conduct any claims reconciliation regarding priority claims or general unsecured claims, because there does not appear to be any scenario in which such claims could receive any distribution.

13. I have not had any publications in the last ten years.

14. In the last four years I testified as an expert witness at trial and by deposition in one case, *Color Spot Holdings*, a Delaware bankruptcy case, case number 18-11272, on the issue of adequate assurance. That testimony was in 2018. Within the last four years I have also testified as a fact witness in connection with cases on which I serve as the chapter 7 trustee.

15. I am not receiving any compensation for my testimony in these cases or in connection with this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Alfred T. Giuliano*
Alfred T. Giuliano

Dated: July 12, 2021

# EXHIBIT 1

**ALFRED T. GIULIANO, CPA, CIRA, CDBV**
Giuliano Miller & Company, LLC
2301 E. Evesham Road
Pavilion 800, Suite 210
Voorhees, NJ 08043
856-767-3000 ext. 11
atgiuliano@giulianomiller.com

## Curriculum Vitae

### EXECUTIVE SUMMARY:

I am a Chapter 7 Panel Trustee for the District of Delaware. I am the founding member of Giuliano Miller & Company, LLC, a certified public accounting and financial advisory firm located in New Jersey that specializes in bankruptcy and litigation support. I have over thirty-nine years of professional experience and over thirty years experience in the specialized fields of bankruptcy and litigation support.

### EXPERIENCE:

#### Bankruptcy/Asset Liquidation

I have served as a Chapter 7 Panel Trustee for the District of Delaware since 2002 in more than 200 asset cases. As a Delaware trustee, I have been appointed in some of the largest and most complex bankruptcy cases representing companies in diverse industries with operations throughout the US and abroad. I have operated some of these companies until they could be sold to increase the value to stakeholders.

For example, I managed and operated St. Joseph's Medical Center ("SJC") in Houston, Texas for thirty months. It is a 792 bed hospital with 2,000 employees. During two years while under my management, SJC was voted by the Houston Business Journal as one of the best places to work in Houston. I sold the hospital for $156 million. I also served as the Bankruptcy Trustee for Trinity Medical Center, a 200 bed, leased hospital for seven months until it could be sold for $13 million.

I served as the Chapter 7 Trustee in LTC Holdings, Inc., a Detroit based civil engineering and government contractor with assets located in and recovered from Afghanistan, Iraq, Guantanamo Bay, Guam and the Republic of Djibouti (Africa). Another case was the Hard Rock Park in Myrtle Beach, South Carolina that I successfully sold the park during the peak of the financial crisis.

I have also served as a Court Appointed Receiver, Examiner, Chapter 11 Trustee, Plan Administrator, Assignee for the Benefit of Creditors, and Liquidating Trustee in many other bankruptcy/insolvency matters.

I have served as the Liquidating Trustee in the Atlantic Club Hotel & Casino and the financial advisor in the matter Claridge Hotel and Casino and Sands Casino cases in Atlantic City, New Jersey.

Previously, I served as the Liquidating Trustee of Getty Petroleum Marketing, Inc. a leading marketer of gasoline and oil products. It was a former subsidiary of the Russian company, Lukoil Holdings. Its primary asset was its network of nearly 800 gas stations in the Mid-Atlantic region.

I have managed three mobile home parks in Atlantic County, NJ. . The sale of two of the parks allowed me to pay all creditors in full, and distribute one park plus $400,000 to the equity holder.

As a receiver in the Daystar case, I managed and sold several significant commercial properties in Cumberland County, NJ . The net result was that all creditors were paid in full with a dividend of over $1 million paid to equity class.

Another real estate receivership case involved the former Parkade office building which comprised an entire city block and was located directly across the street from City Hall in Camden, NJ. The sale of the property was critical to the revitalization of Camden. I negotiated and navigated a sale to the city. The transaction was very complicated and political, but I was eventually able to complete the sale for $4.5 million. This allowed me to pay all creditors in full and to pay a distribution to equity of $250,000. In addition, I have sold and managed many other commercial and residential properties in bankruptcy

**Litigation**

I have testified on numerous occasions as an expert on damages, solvency, business valuation, and causation. I have also testified extensively in bankruptcy court as trustee or examiner. I have issued reports in litigation matters in which I have testified, in addition to numerous other legal matters that were settled prior to testimony. As the Chapter 7 Trustee in DSI Renal Holdings, LLC, I brought a lawsuit for breach of fiduciary duty resulting from a global restructuring. The matter recently settled for $52.5 million. Also, as a Liquidating Trustee, I brought a lawsuit against Lukoil in the Southern District of New York Bankruptcy Court alleging a fraudulent conveyance. This matter eventually settled for $93 million.

**Valuation**

I negotiated the sales of hospitals, amusement parks, office buildings, mobile home parks, casino sites, intellectual property, and many other assets to third parties. Frequently, these sales require the preparation or review of valuations based on the traditional methods of valuation. In addition, I am certified in distressed business valuation that requires the application of critical factors specifically encountered by distressed companies.

**Reorganization and Turnaround**

I have assisted numerous companies in the formal reorganization process and in out-of-court turnaround situations. I have evaluated operations and determined breakeven sales level, identified unprofitable business lines and/or sectors, implemented systems of cash management, and analyzed specific areas for cost control. I have met with creditors/lenders to re-negotiate debt terms and conditions.I have reviewed proposed plans of reorganization. I have prepared budgets and cash forecasts that were used to obtain debtor-in-possession financing and the use of cash collateral.

**Accounting and Tax**

I have provided financial and tax advice throughout my professional career to clients ranging from the financially sound to those operating in a bankruptcy or in a receivership. As a certified public accountant, I have provided tax advice, prepared returns, and sought tax refunds. As an accountant and financial advisor, I have rendered services to several other trustees, debtors-in-possession, and unsecured creditors' committees. I have prepared financial statements, bankruptcy schedules, and debtor monthly operating reports filed with the bankruptcy courts.

**Forensic Analysis**

As a certified fraud examiner, I have conducted several fraud investigations, and have testified regarding my findings.

## PANELS AND COMMITTEES:

**United States Department of Justice - Office of the United States**
Chapter 7 Panel Trustee for the District of Delaware (2002-Current)

**Supreme Court of New Jersey - New Jersey Lawyers Fund for Client Protection**
Member of Board of Trustees, Vice-Chairman (2005), Treasurer (2002-2004)

**Office of Attorney Ethics of the Supreme Court of New Jersey District IIIB**
Fee Arbitration Committee (2000-2001)

**Evesham Education Foundation**
Member of Board of Trustees, Treasurer (1995-2016), Vice-Chairman of Annual Wine-Tasting Event

**American Red Cross – Penn Jersey Region**
Member of the Board of Directors, Chair – Finance Committee (2000)

**PUBLIC SPEAKING:**

**Villanova University School of Business**
- MBA Bankruptcy Seminar (2014)

**Association of Insolvency and Restructuring Advisors (AIRA)**
- Valcon 2015 Emerging Issues in Bankruptcy & Beyond: Liquidating Trusts (2015)
- 31st Annual Bankruptcy & Restructuring Conference: Post Confirmation Planning (2015)

**American Bankruptcy Institute Mid-Atlantic Bankruptcy Workshop (ABI)**
- Benefit Plan and Claims Issues – Post Confirmation (2011)
- Commercial Chapter 7 Issues – Operating Chapter 7 Cases (2013)
- Commercial Chapter 7 Conversions (2014)
- Restoring & Saving Electronic Data (2016)

**US Trustee – Department Of Justice**
- Annual Trustee Training Seminar for Region III – Panelist
- 721 Operating Cases in Bankruptcy, Trustee Taxation Issues, 401(k) Plan Administration, Use of Business Case Checklist Developed (2003, 2007, 2008, 2011, 2014)

**University of Pennsylvania Wharton School of Business**
- Business Opportunities in Bankruptcy - The Acquisition Process of Buying Companies, Assets, and Claims

**G2E – Global Gaming Expo**
- Gaming Bankruptcy and Reorganization: Issues and Strategies (November 2011)

**The Richard Stockton College of New Jersey**
- The Bankruptcy Process (Undergraduate Lectures-2011, 2013)
- The Accountants' Role in the Bankruptcy Process (Graduate Lecture-2007)

**New Jersey Banker's Committee Risk Management Association**
- Court Trends in Bankruptcy and Turnarounds (2011)

**Camden County Bar Association**
- Debtor/Creditor Committee - Technology and the Forensic Accountant: Their Application in the Bankruptcy and Reorganization Process

**Atlantic/Cape Community College**
- Accountants' Role in Bankruptcy Matters

**Burlington County Bar Association**
- Concealment of Assets

**Versis Corporation**
- The Payment Process When Dealing With Bankrupt General Contractors or Builders

**EDUCATION AND CERTIFICATIONS:**

- BS in Accounting/Business Management, Widener University, Summa Cum Laude (1978)
- Certified Public Accountant (CPA) State of New Jersey
- Certified Insolvency and Restructuring Advisor (CIRA)
- Certified in Distressed Business Valuation (CDBV)

**PROFESSIONAL ASSOCIATIONS:**

- American Institute of Certified Public Accountants (AICPA)
- New Jersey Society of Certified Public Accountants (NJSCPA)
    Former Committee Person Insolvency and Reorganization Subcommittee
- National Association of Bankruptcy Trustees (NABT)
- Association of Insolvency and Restructuring Advisors (AIRA)
- American Bankruptcy Institute (ABI)
- The Association of Certified Fraud Examiners (ACFE)