# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FOREVER 21, INC., *et al.*,[1] | ) Case No. 19-12122 (MFW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No.  2082** |

# ORDER (I) APPROVING
## PROCEDURES FOR (A) THE DISMISSAL
## OF THE DEBTORS' CHAPTER 11 CASES, (B) THE
## RECONCILIATION, RESOLUTION, AND ALLOWANCE
## OR DISALLOWANCE OF CERTAIN CLAIMS AGAINST THE
## DEBTORS, (C) THE ABANDONMENT OF CERTAIN PROPERTY, AND
## (D) THE DISSOLUTION OF THE DEBTOR ENTITIES IN ACCORDANCE
## WITH APPLICABLE STATE LAW AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) approving procedures for (i) the dismissal of the Debtors' chapter 11 cases, (ii) the reconciliation, resolution, and allowance or disallowance of certain Claims against the Debtors, (iii) the abandonment of certain property, and (iv) the dissolution of the Debtor entities in accordance with applicable state law; and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928).  The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2), and that this Court may enter a final order consistent with Article III of the United

States Constitution; and this Court having found that venue of this proceeding and the Motion in

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that

the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate

and no other notice need be provided, except as set forth herein; and this Court having reviewed

the Motion and having heard the statements in support of the relief requested therein at a hearing

before this Court (the "Hearing"); and counsel to the Debtors having made representations on the

record at the Hearing concerning the agreement of certain of the Debtors' professionals not to seek

allowance or payment of fees or reimbursement of expenses for the period commencing on

July 18, 2020, through the closing of these chapter 11 cases if the Motion is granted; and, in light

of such representations, and certain modifications reflected in this Order and the proposed forms

of subsequent orders attached as exhibits hereto, the Office of the United States Trustee (the "U.S.

Trustee") having withdrawn both its objection to the Motion [Docket No. 2104] and the *United

States Trustee's Renewed Motion for an Order, Pursuant to 11 U.S.C. § 1112(b), Converting the

Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code* [Docket No. 2083];

and this Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The following procedures shall govern the reconciliation, resolution, and allowance of Claims asserted against the Debtors and the distributions to be made to holders of such Claims (the "<u>Claims Resolution Process</u>"):

a.      As soon as practicable following entry of this Order, the Debtors shall file a notice with the Court, the form of which is attached hereto as **<u>Exhibit 1</u>** (the "<u>Claims Schedule Notice</u>"), which notice shall include a list (the "<u>Proposed Claims Schedule</u>") of each Administrative Claim and Secured Claim that (i) is either (x) listed in the Debtors' schedules of assets and liabilities as neither contingent, unliquidated, nor disputed or (y) the subject of a timely filed proof of claim, and (ii) which has not been disallowed by separate order of the Court (including, for the avoidance of doubt, any stipulation or settlement approved by the Court).

b.      The Proposed Claims Schedule shall set forth the proposed allowed amount and classification of each Claim listed therein.

c.      The Debtors shall serve the Claims Schedule Notice on each known holder of a Claim against the Debtors that is listed on the Proposed Claims Schedule; the Claims Schedule Notice shall be served by both email and mail to all holders of Administrative Claims and/or Secured Claims for whom the Debtors possess email addresses; *provided* that, for those holders with a fax number but without an email address, the Debtors shall serve by fax and mail.

d.      If a party disputes the amount or classification of their Claim set forth on the Proposed Claims Schedule or otherwise objects to the Proposed Claims Schedule, such party must file an objection (each, a "<u>Claim Schedule Objection</u>") with the Court, in writing and in conformity with the Bankruptcy Rules and Local Rules, and serve it upon the undersigned counsel to the Debtors on or before 4:00 p.m. prevailing Eastern Time on the date that is 30 days after service of the Claims Schedule Notice (the "<u>Claim Schedule Objection Deadline</u>").    Any Claim Schedule Objection must contain, at a minimum, the following:

i.      a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the document to which the response is directed;

ii.     the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the Claim;

iii.    the specific factual basis and supporting legal argument upon which the party will rely in opposing the Proposed Claims Schedule;

iv. any supporting documentation, to the extent it was not included with the proof of claim previously filed with the Clerk of the Court or the Debtors' notice and claims agent, Prime Clerk LLC, upon which the party will rely to support the basis for, amounts, and priority asserted in the proof of claim; and

v. the name, address, telephone number, and email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the Claim or the Proposed Claims Schedule and who possesses authority to reconcile, settle, or otherwise resolve the priority and amount of the disputed Claim on behalf of the claimant.

e. Any party that does not file a Claim Schedule Objection by the Claim Schedule Objection Deadline shall be barred from subsequently asserting a Claim against the Debtors or from challenging the proposed allowed Claim amounts set forth in the Proposed Claim Schedule.

f. A hearing to approve the Proposed Claims Schedule shall be held on the date and time set forth in the Claims Schedule Notice.

3. The requirements of Bankruptcy Rule 3007 and Local Rule 3007-1 are waived to the extent inconsistent with the Claims Resolution Process and the Debtors shall not be required to comply with such rules.

4. All final requests for compensation for services rendered or reimbursement of expenses incurred by professionals retained by the Debtors or the Creditors' Committee (the "Professionals") on or prior to the date of the entry of this Order (such Claims, "Professional Fee Claims") shall be filed with the Court no later than 4:00 p.m. prevailing Eastern Time on the first business day that is 45 days after the entry of this Order.  After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior Court orders, the allowed amounts of such Professional Fee Claims shall be determined by the Court.

5. As soon as reasonably practicable following the Court's determination of the allowed amount of Professional Fee Claims and approval of the Proposed Claims Schedule (as approved, the "Claims Schedule"), the Debtors shall file a certification of counsel requesting entry

an order (the "Distribution Order"), the form of which is attached hereto as **Exhibit 2**, which shall, among other things, authorize and direct the Debtors to distribute all Distributable Cash in excess of amounts necessary to satisfy all allowed Secured Claims *pro rata* to holders of allowed Administrative Claims based on the allowed amount of each such holder's Administrative Claims set forth in the Claims Schedule; *provided* that the Debtors shall notify the Office of the U.S. Trustee and Brutzkus Gubner Rozansky Seror Weber LLP ("Brutzkus Gubner") prior to making such filing.

6.       The following conditions shall be required to be satisfied prior to the dismissal of the chapter 11 of cases (collectively, the "Dismissal Conditions"): (a) the filing of all monthly reports of the Debtors, including the report for the month in which the Dismissal Order (as defined below) is entered; (b) the payment of all quarterly U.S. Trustee fees pursuant to 28 U.S.C. § 1930, plus any interest due and payable under 31 U.S.C. § 3717 on all disbursements, including the payments and disbursements in and outside the ordinary course of the Debtors' business (or such amount agreed to with the U.S. Trustee or ordered by the Court), for each quarter (including any fraction thereof) through and including the month in which the Dismissal Order is entered; (c) the payment of all allowed Secured Claims and Administrative Claims as set forth in the Distribution Order; (d) the dates related to undeliverable distributions, as set forth in paragraph 11 of the Distribution Order, have passed; and (e) the Debtors have filed the final report in compliance with Local Rule 3022-1(c) at least fourteen days prior to filing the certification of counsel seeking entry of the Dismissal Order, and such report shall include a schedule of all Secured Claims and Administrative Claims that were paid, enumerating both the allowed amount of each such claim and the amount paid pursuant to each such claim.  As soon as reasonably practicable following the satisfaction of all Dismissal Conditions, the Debtors shall file a certification of counsel verifying

that all of the Dismissal Conditions have been satisfied and requesting entry of an order dismissing the chapter 11 cases (the "Dismissal Order"), the form of which is attached hereto as **Exhibit 3**. The certification of counsel shall indicate that it was provided to the Office of the U.S. Trustee and Brutzkus Gubner before its filing and that the Office of the U.S. Trustee concurs that all fees due and owing to the Office of the U.S. Trustee have been paid.

7.      At least fourteen days prior to seeking entry of the Dismissal Order, the Debtors shall file a notice of property to be abandoned or destroyed (if any) (the "Notice of Property to be Abandoned or Destroyed") identifying any property the Debtors seek to destroy, abandon, or otherwise dispose of and including an estimate of the value, if any, of all such property.  The Debtors shall serve the Notice of Property to be Abandoned or Destroyed on parties that have requested service pursuant to Bankruptcy Rule 2002 and afford such parties fourteen days to object.

8.      The claims register shall be deemed closed as of the date of this Order and any party responsible for making distributions shall instead be authorized and entitled to recognize only those holders of Claims listed on the Claims Schedule.

9.      If a Claim, other than one based on a publicly traded security, is transferred twenty (20) or fewer days before the entry of the Distribution Order, the Debtors shall make distributions to the transferee only to the extent practical and, in any event, only if the relevant transfer form contains an unconditional and explicit certification and waiver of any objection to the transfer by the transferor.

10.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity, priority, or amount of any particular Claim against a Debtor entity; (b) a waiver of the Debtors' or any other

party in interest's right to dispute any particular Claim on any grounds; (c) a promise or requirement to pay any particular Claim; (d) an implication or admission that any particular Claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.  Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular Claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such Claim.

11.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: October 4th, 2021**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

7