**Exhibit 2**

**Form of Distribution Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | )  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FOREVER 21, INC., *et al.*,[1] | ) Case No. 19-12122 (MFW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. \_\_\_\_** |

## ORDER (I) APPROVING DISTRIBUTIONS ON ACCOUNT OF ALLOWED ADMINISTRATIVE CLAIMS AND SECURED CLAIMS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>") (a) approving procedures for (i) the dismissal of the Debtors' chapter 11 cases, (ii) the reconciliation, resolution, and allowance or disallowance of certain Claims against the Debtors, (iii) the abandonment of certain property, and (iv) the dissolution of the Debtor entities in accordance with applicable state law; and (b) granting related relief, all as more fully set forth in the Motion and the *Order (I) Approving Procedures for (A) the Dismissal of the Debtors' Chapter 11 Cases, (B) the Reconciliation, Resolution, and Allowance or Disallowance of Certain Claims Against the Debtors, (C) the Abandonment of Certain Property, and (D) the Dissolution of the Debtor Entities in Accordance With Applicable State Law and (II) Granting Related Relief* [Docket No. [●]] (the "<u>Dismissal

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion or the Dismissal Procedures Order (as defined herein), as applicable.

Procedures Order"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Claims set forth in the claims schedule attached hereto as **Exhibit 1** (the "Claims Schedule") are allowed in the amounts and priority set forth therein.

3. Except to the extent that a holder of an allowed Secured Claim as set forth in the Claims Schedule agrees to less favorable treatment, each holder thereof shall receive, at the option of the Debtors: (i) payment in full in cash of the due and unpaid portion of its allowed Secured Claim; (ii) the collateral securing its allowed Secured Claim; or (iii) such other treatment rendering its allowed Secured Claim unimpaired in accordance with section 1124 of the Bankruptcy Code.

4. Following payment in full of all allowed Professional Fee Claims, any remaining funds in the Carve-Out Account, as defined in the Sale Order, or the Wind Down Amount, as

defined in the Asset Purchase Agreement, shall be included in Distributable Cash used to fund distributions to holders of allowed Administrative Claims.

5.	The Debtors are authorized and directed to distribute any Distributable Cash in excess of amounts necessary to satisfy all allowed Secured Claims *pro rata* to holders of allowed Administrative Claims based on the allowed amount of such Claims set forth in the Claims Schedule.

6.	Holders of a Priority Claim against the Debtors shall not be entitled to receive any distribution or recovery from the Debtors on account of such Priority Claim unless and until all allowed Secured Claims, Administrative Claims, and Professional Fee Claims are paid in full. To the extent any Distributable Cash remains after payment of all allowed Secured Claims, Administrative Claims, and Professional Fee Claims, any such remaining Distributable Cash shall be distributed *pro rata* to holders of allowed Priority Claims.

7.	Holders of a general unsecured Claim against the Debtors shall not be entitled to receive any distribution or recovery from the Debtors on account of such general unsecured Claim unless and until all allowed Secured Claims, Administrative Claims, Professional Fee Claims, and Priority Claims are paid in full. To the extent any Distributable Cash remains after payment of all allowed Secured Claims, Administrative Claims, Professional Fee Claims, and Priority Claims, any such remaining Distributable Cash shall be distributed *pro rata* to holders of allowed general unsecured Claims.

8.	Distributions made in accordance with this Order are intended to be final.

9.	The Debtors shall make distributions to holders of allowed Claims at the address for each such holder as indicated in the Debtors' records as of the date of any such distribution,

including the address set forth in any proof of claim filed by the applicable holder; *provided* that the manner of such distributions shall be determined at the discretion of the Debtors.

10. Notwithstanding anything herein to the contrary, the Debtors shall not be required to make distributions or payments of less than $25 and shall not be required to make partial distributions or payments of fractions of dollars.

11. Provisions regarding undeliverable distributions:

   a. The Debtors shall file with the Court a list of the holders of (i) any un-negotiated checks and (ii) any undeliverable distributions (together, the "Undeliverable Distributions") no later than sixty (60) days after the initial distribution is made to holders of allowed Claims (the date such list is filed, the "Undeliverable Distribution Date"). This list shall be maintained and updated periodically in the sole discretion of the Debtors for as long as the chapter 11 cases stay open. Undeliverable Distributions shall remain in the possession of the Debtors until such time as any such distributions become deliverable. Undeliverable Distributions shall not be entitled to any additional interest, dividends, or other accruals of any kind on account of such distribution being undeliverable.

   b. Requests for reissuance of any check or delivery to an alternate address, as applicable, shall be made in writing (email being sufficient) (each, a "Reissuance Request") directly to the Debtors no later than thirty (30) days after the Undeliverable Distribution Date by the holder of the relevant allowed Claim with respect to which such check originally was issued. The Debtors shall reissue such check as soon as practicable following receipt of a timely Reissuance Request and in no event later than sixty (60) days after the Undeliverable Distribution Date.

   c. On the date that is thirty (30) days after the Undeliverable Distribution Date, any Claim attributable to an Undeliverable Distribution for which there is not a timely Reissuance Request shall be forever barred, estopped, and enjoined from being asserted against the Debtors or their property.

   d. Notwithstanding anything to the contrary herein, on the date that is one-hundred twenty (120) days after the Undeliverable Distribution Date, notwithstanding applicable escheatment laws, all non-negotiated distributions and all undeliverable distributions as of such date shall revert to the Debtors for final disposition by the Debtors. Nothing contained herein shall require the Debtors to attempt to locate any holder of an allowed Claim.

  e. The Debtors shall donate any cash returned to the Debtors pursuant to this paragraph 11 to a charity of their choosing; *provided* that such charity has no affiliation whatsoever with the Debtors or their Debtors' directors, officers, shareholders, or professionals.

  12. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular Claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular Claim on any grounds; (c) a promise or requirement to pay any particular Claim; (d) an implication or admission that any particular Claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular Claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

  13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

  14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.