# Exhibit 3

**Form of Dismissal Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FOREVER 21, INC., *et al.*,[1] | ) ) ) | Case No. 19-12122 (MFW) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  | ) | **Re: Docket No. \_\_\_\_** |

**ORDER (I) DISMISSING THE
CHAPTER 11 CASES, (II) AUTHORIZING THE
DISSOLUTION OF THE DEBTORS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>") (a) approving procedures for (i) the dismissal of the Debtors' chapter 11 cases, (ii) the reconciliation, resolution, and allowance or disallowance of certain claims against the Debtors, (iii) the abandonment of certain property, and (iv) the dissolution of the Debtor entities in accordance with applicable state law; and (b) granting related relief, all as more fully set forth in the Motion, the *Order (I) Approving Procedures for (A) the Dismissal of the Debtors' Chapter 11 Cases, (B) the Reconciliation, Resolution, and Allowance or Disallowance of Certain Claims Against the Debtors, (C) the Abandonment of Certain Property, and (D) the Dissolution of the Debtor Entities in Accordance With Applicable State Law and (II) Granting Related Relief* [Docket No. [●]] (the "<u>Dismissal

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion, the Dismissal Procedures Order, or the Distribution Order (each as defined herein), as applicable.

Procedures Order"), and the *Order (I) Approving Distributions On Account of Allowed Administrative Clams and Secured Claims and (II) Granting Related Relief* (the "Distribution Order"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Debtors' counsel having filed a certification of counsel verifying that all Dismissal Conditions, as defined in the Dismissal Procedures Order, have been satisfied; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Pursuant to section 1112(b) of the Bankruptcy Code, the chapter 11 case of each of the Debtors is hereby dismissed.

2. The Debtors are permitted to file a certificate of dissolution, cancellation, or other applicable notice as may be required in the jurisdiction of formation of each Debtor. The Debtors shall not be required to adopt a plan of dissolution to cause such dissolution. The Debtors are

authorized to execute and file any and all notices or documents necessary and proper to memorialize, effectuate, or consummate the dissolution of the Debtors.

3. Notwithstanding anything in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of the chapter 11 cases, including, without limitation, the Sale Order and the Final DIP Order,[3] shall remain in full force and effect, shall be unaffected by the dismissal of the Debtors' chapter 11 cases, and are specifically preserved for purposes of finality of judgment and *res judicata.* For the avoidance of doubt, all assets acquired by the Buyer pursuant to the Sale Order and the Asset Purchase Agreement (each as defined in the Sale Order), shall remain assets of the Buyer (or a subsequent transferee of Buyer) following entry of this Order and shall not revest with the Debtors pursuant to section 349(b)(3) of the Bankruptcy Code.

4. Each of the professional's retentions by the Debtors' estates is terminated without the need for further action on the part of this Court, the Debtors, or such firms.

5. Prime Clerk LLC, as the Debtors' noticing, claims, and solicitation agent (the "Notice and Claims Agent"), is relieved of its responsibilities as the Debtors' noticing, claims, and solicitation agent in these cases; *provided*, that the Notice and Claims Agent shall comply with the requirements of Local Rule 2002-1(f)(ix).

6. The Creditors' Committee is hereby dissolved without the need for further action on the part of this Court or the Creditors' Committee or its members; *provided, however*, that

---

[3] "Final DIP Order" means the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition ABL Secured Parties, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 397], entered by the Court on November 5, 2019.

obligations arising under confidentiality agreements, joint interest agreements, and protective orders, if any, entered into during the chapter 11 cases shall remain in full force and effect in accordance with their terms.

7. Pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rule 6007, the Debtors are authorized to destroy, abandon, or otherwise dispose of the property identified in the Notice of Property to be Abandoned or Destroyed (as defined in the Dismissal Procedures Motion) in their discretion and to make all payments necessary to effectuate such destruction, abandonment, or disposal; *provided* that any documents containing personally identifiable information must be shredded and computer databases containing personally identifiable information must be removed or rendered inaccessible.

8. The Debtors shall provide notice of this Order to: (a) the U.S. Trustee for the District of Delaware; (b) the United States Attorney's Office for the District of Delaware; (c) the Internal Revenue Service; (d) the state attorneys general for all states in which the Debtors conduct business; (e) counsel to certain majority equity holders for Debtor Forever 21, Inc.; (f) counsel to the Creditors' Committee; (g) any holder of a Claim that (i) is either (x) listed in the Debtors' schedules of assets and liabilities as neither contingent, unliquidated, nor disputed or (y) the subject of a timely filed proof of claim, and (ii) which has not been disallowed by separate order of the Court (including, for the avoidance of doubt, any stipulation or settlement approved by the Court, the Dismissal Procedures Order, or the Distribution Order); and (h) any party that requests service pursuant to Bankruptcy Rule 2002. No further notice regarding the dismissal of the chapter 11 cases shall be required.

9. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or

4

amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.  Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.