**UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FOREVER 21, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12122 (MFW)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 1457, 1983, 2174, 2212, 2228, 2229, 2233, 2234, 2262,** |

**FEE EXAMINER'S CONSOLIDATED FINAL REPORT PERTAINING TO
FINAL FEE APPLICATIONS OF CERTAIN RETAINED PROFESSIONALS**

David M. Klauder (the "Fee Examiner"), the Fee Examiner for the bankruptcy estates (the "Bankruptcy Estates") of Forever 21, Inc., *et al.* (the "Debtors"), hereby submits this Final Report (the "Final Report") pursuant to the Court's *Order Appointing Fee Examiner and Establishing Related Procedures for the Review of Applications of Retained Professionals* [D.I. 588] (the "Fee Examiner Order") in connection with final applications for the allowance of compensation and reimbursement of expenses (the "Final Fee Applications") of certain professionals retained in the above-referenced cases (the "Retained Professionals") as listed on **Exhibit A**. In support of this Final Report, the Fee Examiner respectfully represents as follows:

**BACKGROUND**

1.      On September 29, 2019 (the "Petition Date"), the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.      On December 19, 2019, David M. Klauder was appointed as the Fee Examiner for these cases. As noted and set out in detail in the Fee Examiner Order, the Fee Examiner is

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

tasked with reviewing the various fee applications filed by retained professionals in the case and recommending any reductions in fees or expenses sought in the fee applications. The Fee Examiner Order also sets out in detail the process for the Fee Examiner's review, including issuance of initial reports, a consultation period with retained professionals, and the filing of this Final Report, which contains the Fee Examiner final recommendations to this Court with respect to the Final Fee Applications.

3. The Fee Examiner reviewed the Final Fee Applications for compliance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the Order Pursuant to Bankruptcy Code Sections 105(a) and 331, Bankruptcy Rule 2016, and Local Bankruptcy Rule 7016-2 Establishing Interim Compensation Procedures [D.I. 162] (the "Interim Compensation Order"), and the Appendix B Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses filed under United States Code by Attorneys in Large Chapter 11 Cases (78 Fed. Reg. No. 116, page 36248 (June 17, 2013)) (the "UST Guidelines"). In addition, the Fee Examiner reviewed the Final Fee Applications for general compliance with legal precedent established by the District Courts and Bankruptcy Courts for the District of Delaware, the Third Circuit Court of Appeals, and other applicable precedent.

4. Following that review, the Fee Examiner issued an Interim Reports to the Retained Professionals regarding the Final Fee Applications. The Interim Report set forth the legal and other standards governing the review, and raised questions as to certain designated time entries or expenses. The Retained Professionals were invited to respond to the Interim Report, and they did so through email exchange and/or discussions with the Fee Examiner. Resolution

was then reached between the Fee Examiner and each of the Retained Professionals as described below.

### THE FEE EXAMINER'S RECOMMENDATIONS AS TO THE FINAL FEE APPLICATIONS

5. The Fee Examiner makes the following recommendations for the Final Fee Applications. Attached as Exhibit A is the chart summarizing the fees and expenses sought by the Retained Professionals in the Final Fee Applications along with the agreed-upon reductions between the Fee Examiner and the Retained Professionals and the Fee Examiner's suggested allowances.

**Kirkland & Ellis LLP and Kirkland & Ellis International LLP**

6. Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively "K&E") is lead counsel to the Debtors. On December 3, 2021, K&E filed its *Second Interim and Final Fee Application* [D.I. 2262] (the "K&E Final Fee Application"). In the K&E Final Fee Application, K&E requests approval of compensation in the amount of $10,043,212.00 and reimbursement of expenses in the amount of $142,416.16 for the period of September 19, 2019 through July 17, 2020.

7. The Fee Examiner reviewed the K&E Final Fee Application to ensure compliance with the applicable rules, orders and guidelines.

8. After that review, the Fee Examiner determined not to raise any issues, and as such did not produce an interim report.[2]

9. As a result, K&E and the Fee Examiner have agreed to a recommended reduction of **$0.00** in compensation and **$0.00** in expenses. After consideration of the agreed-upon

---

2 The primary factor for the Fee Examiner in determining not to raise any additional issues with the K&E Final Fee Application were the substantial fees that have been waived by K&E in this case.

reductions, K&E is requesting allowance of compensation in the amount of **$10,043,212.00** and **$142,416.16** in expenses.   The Fee Examiner has no objection to K&E's modified request and to this Court's approval of the K&E Final Fee Application as modified.

**Pachulski Stang Ziehl & Jones LLP**

10.   Pachulski Stang Ziehl & Jones LLP ("PSZJ") is co-counsel to the Debtors.   On October 29, 2021, PSZJ filed its *Final Fee Application* [D.I. 2174] (the "Final Fee Application"). In the PSZJ Final Fee Application, PSZJ requests final approval of compensation in the amount of $1,308,730.50 and reimbursement of expenses in the amount of $60,153.22 for the period of September 29, 2019 through July 17, 2020.

11.   The Fee Examiner reviewed the PSZJ Final Fee Application to ensure compliance with the applicable rules, orders and guidelines.

12.   After that review, the Fee Examiner determined not to raise any issues, and as such did not produce an interim report.[3]

13.   As a result, PSZJ and the Fee Examiner have agreed to a reduction of **$0.00** in fees.   As a result, PSZJ is requesting allowance of compensation in the amount of **$1,308,730.50** and **$60,153.22** in expenses.   The Fee Examiner has no objection to PSZJ's request and to this Court's approval of the PSZJ Final Fee Application as modified.

**Connor Group Global Services, LLC**

14.   Connor Group Global Services, LLC ("GC") is the technical accounting consultant and advisor to the Debtors.   On July 24, 2020, GC filed its *Second Interim and Final Fee Application* [D.I. 1457] (the "GC Final Fee Application").   In the GC Final Fee Application, GC requests final approval of compensation in the amount of $1,502,263.44 and

---

3 The primary factor for the Fee Examiner in determining not to raise any additional issues with the Final Fee Application were the substantial fees that have been waived by Pachulski in this case.

reimbursement of expenses in the amount of $288,166.34 for the period of October 1, 2019 through February 18, 2020.

15. The Fee Examiner reviewed the GC Final Fee Application to ensure compliance with the applicable rules, orders and guidelines. Based on that review, the Fee Examiner generated an interim report that identified the following general issues with the GC Final Fee Application:

(a) Certain questionable time entries and time billers; and
(b) Questions on certain expenses

16. In response to the Fee Examiner's interim report, GC and the Fee Examiner engaged in an exchange to address and resolve the issues raised by the interim report.

17. As a result, GC and the Fee Examiner have agreed that a reduction of **$14,354.92** in compensation and **$0.00** in expenses is appropriate. As a result, GC is requesting allowance of compensation in the amount of **$1,487,908.52** and **$288,166.34** in expenses. The Fee Examiner has no objection to GC's request and to this Court's approval of GC Final Fee Application as modified.

**Kramer Levin Naftalis & Frankel LLP**

21    Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") is lead counsel to the Official Committee of Unsecured Creditors (the "Committee"). On November 18, 2021, Kramer Levin filed its *Second Interim and Final Fee Application* [D.I. 2234] (the "Kramer Levin Final Fee Application"). In the Kramer Levin Final Fee Application, Kramer Levin requests final approval of compensation in the amount of $4,183,428.75 and reimbursement of expenses in the amount of $37,964.68 for the period of October 11, 2019 through October 4, 2021.

22    The Fee Examiner reviewed the Kramer Levin Final Fee Application to ensure compliance with the applicable rules, orders and guidelines. Based on that review, the Fee

Examiner generated an interim report that identified the following general issues with the Kramer Levin Final Fee Application:

    (a) Hearing attendance; and
    (b) Various issues/questions with expenses.

23. In response to the Fee Examiner's interim report, Kramer Levin and the Fee Examiner engaged in an exchange to address and resolve the issues raised by the interim report.

24. As a result, Kramer Levin and the Fee Examiner have agreed to a recommended reduction of **$20,250.00** in compensation and **$0.00** in expenses. After consideration of the agreed-upon reductions, Kramer Levin is requesting allowance of compensation in the amount of **$4,163,178.75** and **$37,964.68** in expenses. The Fee Examiner has no objection to Kramer Levin's modified request and to this Court's approval of the Kramer Levin Final Fee Application as modified.

**AlixPartners LLP**

23. AlixPartners LLP ("AlixPartners") is financial advisor to the Committee. On November 17, 2021, AlixPartners filed its *Final Fee Application* [D.I. 2229] (the "AlixPartners Final Fee Application"). In the AlixPartners Final Fee Application, AlixPartners requests approval of compensation in the amount of $1,949,715.75 and reimbursement of expenses in the amount of $23,133.84 for the period of October 11, 2019 through December 31, 2020.

24. The Fee Examiner reviewed the AlixPartners Final Fee Application to ensure compliance with the applicable rules, orders and guidelines. Based on that review, the Fee Examiner generated an interim report that identified the following general issues with the AlixPartners Final Fee Application:

    (a) Transient timekeepers; and
    (b) Excessive staffing at hearings, meetings and calls.

25. In response to the Fee Examiner's interim report, AlixPartners and the Fee Examiner engaged in an exchange to address and resolve the issues raised by the interim report.

26. As a result, AlixPartners and the Fee Examiner have agreed to a recommended reduction of **$13,266.00** in compensation and **$0.00** in expenses. After consideration of the agreed-upon reductions, AlixPartners is requesting allowance of compensation in the amount of **$1,936,449.75** and **$23,133.84** in expenses. The Fee Examiner has no objection to AlixPartners' modified request and to this Court's approval of the AlixPartners Final Fee Application as modified.

**Retained Professionals with No Issues Noted by the Fee Examiner**

27. The relevant fee applications for the following Retained Professionals were reviewed by the Fee Examiner and no issues were noted. As such, the Fee Examiner has no objection to the requested compensation and expenses for these Retained Professionals.

> a.) Saul Ewing Arnstein & Lehr LLP (Co-counsel to the Committee) – *FInal Fee Application* [D.I. 2228] - $312,901.75 in fees/$24,928.14 in expenses.
>
> b.) Deloitte Tax LLP (Tax Services Provider to the Debtors) – *Final Fee Application* [D.I. 2233] - $2,338,638.60 in fees/$4,436.98 in expenses.
>
> c.) Retail Consulting Services Inc. d/b/a RCS Real Estate Advisors (Real Estate Advisor to the Debtors) – *First and Final Fee Application* [D.I. 2212] - $4,000,000.00 in fees/$0.00 in expenses.
>
> d.) KPMG LLP (Auditor, Tax Compliance Service Provider, and Tax Consultant to the Debtors) – *Fourth Interim and Final Fee Application* [D.I. 1983] - $701,223.90 in fees/$832.83 in expenses.

**CONCLUSION**

Accordingly, the Fee Examiner recommends that the compensation and expenses sought by the Retained Professionals in the Interim Fee Applications be allowed as modified, and for such other relief that this Court deems just and appropriate.

Respectfully submitted,

Dated:   January 14, 2022

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
**Bielli & Klauder, LLC**
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 806-4600
Fax: (302) 397-2557
dklauder@bk-legal.com

*Fee Examiner*