# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| FOREVER 21, INC., *et al.*,[1] | ) Case No. 19-12122 (MFW) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket Nos. 2082, 2118, 2320** |

## ORDER (A) TO DISMISS
## CERTAIN OF THE DEBTORS'
## CASES AND ALLOW THE DISSOLUTION
## OF SUCH DEBTORS IMMEDIATELY THEREAFTER,
## (B) TO AMEND THE DISMISSAL PROCEDURES ORDER
## TO ALLOW FOR THE SAME, AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Amended Dismissal Procedures Order") attached hereto as **Schedule 1** (a) to dismiss certain of the Debtor's cases and allow the dissolution of such Debtors immediately thereafter, (b) to amend the Dismissal Procedures Order to allow for the same, and (c) granting related relief, all as more fully set forth in the Motion; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The following provisions are added to the Dismissal Procedures Order:

    i. Notwithstanding anything to the contrary herein, the following chapter 11 cases shall be dismissed upon entry of this Amended Dismissal Procedures Order: *Alameda Holdings, LLC*, Case No 19-12123 (MFW); *Forever 21*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Forever 21, Inc. (4795); Alameda Holdings, LLC (2379); Forever 21 International Holdings, Inc. (4904); Forever 21 Logistics, LLC (1956); Forever 21 Real Estate Holdings, LLC (4224); Forever 21 Retail, Inc. (7150); Innovative Brand Partners, LLC (7248); and Riley Rose, LLC (6928). The location of the Debtors' service address is: 3880 N. Mission Road, Los Angeles, California 90031.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

|      | *International Holdings, Inc.*, Case No 19-12124 (MFW); *Forever 21 Logistics, LLC*, Case No 19-12125 (MFW); *Forever 21 Real Estate Holdings, LLC*, Case No 19-12126 (MFW); *Forever 21 Retail, Inc.*, Case No 19-12127 (MFW); *Innovative Brand Partners, LLC*, Case No 19-12128 (MFW); and *Riley Rose, LLC*, Case No 19-12129 (MFW) (collectively, the "Closing Cases"). |
|------|---|
| ii.  | *Forever 21, Inc.*, Case No. 19-12122 (MFW) (the "Remaining Case") shall remain open pending further order of the Court and the requirements of this Amended Dismissal Procedures Order, and, after entry of this Amended Dismissal Procedures Order, all motions, contested matters, adversary proceedings, notices, and other pleadings relating to any of the Debtors shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen the Closing Cases. |
| iii. | Upon entry of this Amended Dismissal Procedures Order, the Debtors are authorized to dissolve all Debtor and non-debtor entities other than the Remaining Case. Prior to such dissolution, each such Debtor shall pay any amounts that may be due under 28 U.S.C. § 1930(a)(6), including for the quarter in which the Closing Cases are closed. For the avoidance of doubt, the Debtors are authorized to deduct any such amount as well as any such expected fees on account of the Remaining Case from Distributable Cash (as defined in the Amended Dismissal Procedures Order). |
| iv.  | Notwithstanding any provision to the contrary in the Dismissal Procedures Order, as to the United States, nothing in this Amended Dismissal Procedures Order shall: (1) discharge, release, exculpate, enjoin, impair or otherwise preclude any claim, interest, lien, liability, suit, right or cause of action of the United States; (2) release, nullify, preclude or enjoin the enforcement of any police or regulatory power; (3) confer exclusive jurisdiction to the Bankruptcy Court; (4) affect any setoff or recoupment rights of the United States and such rights are preserved; (5) be construed as a compromise or settlement of any liability, lien, claim, cause of action, suit, right or interest of the United States; or (6) affect or impair any claim, interest, lien, liability, suit, right or cause of action against any surety, including but not limited to, the right to be paid by or to pursue any surety that is liable on any debt owed to the United States. The Debtors shall timely file all outstanding federal tax returns. |
| v.   | On or about the date hereof, the Internal Revenue Service ("IRS") filed an administrative priority claim in the amount of $1,202,665 ("IRS Claim"). With respect to the IRS Claim, the IRS shall be deemed to hold an allowed claim that will be paid from distributable cash in accordance with the Dismissal Procedures Order and the Amended Dismissal Procedures Order, as applicable. Notwithstanding the foregoing, the United States shall have the right to the extent entitled under non-bankruptcy law, to assert and recover against the Debtors and any non-debtor the balance of |

the IRS Claim not paid from distributable cash, including but not limited to, any subsequently determined amounts related to the IRS Claim, or any other claim, interest, lien, liability, suit, right or cause of action of the United States.

3. Paragraph 10 of the Proposed Distribution Order is modified as follows:

> Notwithstanding anything herein to the contrary, the Debtors shall not be required to make distributions or payments (a) of less than $25 and shall not be required to make partial distributions or payments of fractions of dollars and (b) on account of allowed Claims for which the Debtors have not received, as of the distribution date, the appropriate tax forms required for the Debtors to comply with their tax reporting and withholding obligations; *provided*, for the avoidance of doubt, that all Distributable Cash that would have otherwise been distributed on account of such allowed Claims shall be distributed *pro rata* to other holders of allowed Claims in accordance with this Order, and failure to provide the Debtors with such appropriate tax forms by the distribution date shall result in the final forfeiture of such holder's distribution on account of its allowed Claim.

4. No other provision of the Dismissal Procedures Order or Proposed Distribution Order is modified in any way.