# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOREVER 21, INC. | ) | Case No. 19-12122 (MFW) |
| | ) | |
| Debtor. | ) | **Objection Deadline:** May 20, 2022, at 4:00 p.m. (ET) |
| | ) | **Hearing Date:** June 7, 2022, at 11:30 a.m. (ET) |

## MOTION OF FOREVER 21, INC. SEEKING ENTRY OF AN ORDER (A) APPROVING ENTRY INTO THE ENGAGEMENT LETTERS WITH DELOITTE TAX LLP, (B) AUTHORIZING PAYMENT IN FULL OF DELOITTE TAX LLP'S ADDITIONAL FEES, AND (C) GRANTING RELATED RELIEF

The undersigned counsel for Forever 21, Inc. (the "Remaining Debtor")[1] respectfully states as follows in support of this motion (the "Motion"):

### Relief Requested

1. By this Motion, the Remaining Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) approving the Remaining Debtor's entry into the engagement letters with Deloitte Tax LLP ("Deloitte Tax") (the "Engagement Letters"), which letters are attached hereto as **Exhibit B**, (b) authorizing payment in full of the Additional Fees (as defined herein) in consideration of Deloitte Tax's performance of the Additional Services (as defined herein) under the Engagement Letters, and (c) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Remaining Debtor

---

[1] Defined terms used but not otherwise defined herein shall have the meanings set forth in the Amended Dismissal Procedures Order, as defined herein.

confirms its consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 503(b)(1) of the Bankruptcy Code.

**Preliminary Statement**

5. On October 4, 2021, the Court entered an order establishing procedures for the dismissal of these chapter 11 cases and the orderly wind down of the Debtors' estate [Docket No. 2118] (the "Dismissal Procedures Order").[2] Pursuant to the Dismissal Procedures Order, all final requests by retained professionals for compensation for services rendered or reimbursement of expenses incurred through the period ending October 4, 2021, were due on November 18, 2021. The Debtors received no objections to any of the professionals' final fee applications, including to Deloitte Tax's.

6. On January 14, 2022, David M. Klauder, the fee examiner in these chapter 11 cases (the "Fee Examiner"), submitted his final report, *see* Docket No. 2300, reflecting his analysis of

---

[2] The Dismissal Procedures Order was later amended by order of the Court (such order, the "Amended Dismissal Procedures Order") to, *inter alia*, adjust provisions related to undeliverable distributions and dismiss the chapter 11 cases of all Debtors apart from the Remaining Debtor. *See* Docket No. 2347. Concurrently with the entry of the Amended Dismissal Procedures Order, the Court entered an order finalizing the schedule of Administrative Claims to receive distributions in these chapter 11 cases [Docket No. 2342] (the "Distribution Order").

the final fee applications. On February 9, 2022, the Court entered an order [Docket No. 2348] (the "Final Fee Order") approving the fees requested by the retained professionals, including Deloitte Tax, in the amounts recommended by the Fee Examiner.

7. As set forth in greater detail therein, except with respect to Deloitte Tax, the Final Fee Order approved payment only of fees and expenses incurred prior to October 4, 2021. Deloitte Tax had continued to perform valuable services for the Remaining Debtor following entry of the Dismissal Procedures Order and continued to provide similar services to the Remaining Debtor following entry of the Amended Dismissal Procedures Order. Deloitte Tax' fees for these services through January 31, 2021, were included in a supplement to its final fee application [Docket No. 2333] and approved by the Final Fee Order.

8. Deloitte Tax is now the only professional in this chapter 11 case with material work remaining. Specifically, under the Engagement Letters, Deloitte Tax will prepare the Debtors' (and Remaining Debtor's, as applicable) 2021 and 2022 federal and state income tax returns as specified therein (the "2021 Returns" and the "2022 Returns," respectively, and collectively, the "Additional Services"). As of the date hereof, Deloitte Tax estimates that it will be approximately 12 to 14 months before the Additional Services can be completed. The length of this period is due, in part, to the expected timing of the dissolution of the Remaining Debtor, which cannot occur until distributions contemplated in the Amended Dismissal Procedures Order are complete and the Remaining Debtor's chapter 11 case is dismissed. Furthermore, the 2022 tax return forms are not likely to be available until late 2022 or early 2023.[3]

---

[3] *See Declaration of Mary Fuerst in Support of the Motion of Forever 21, Inc. Seeking Entry of an Order (A) Approving Entry into Engagement Letters with Deloitte Tax LLP, (B) Authorizing Payment in Full of Deloitte Tax LLP'S Additional Fees, and (C) Granting Related Relief* filed contemporaneously herewith (the "Fuerst Declaration"), ¶ 4.

3

9.      The Remaining Debtor does not wish to further delay distributions to administrative creditors by waiting until Deloitte Tax completes the Additional Services to commence distributions. However, should distributions to holders of Administrative Claims commence without compensating Deloitte Tax, all estate funds will be distributed prior to the commencement of the Additional Services. If the Remaining Debtor cannot employ Deloitte Tax to perform the Additional Services, the timely and orderly distributions contemplated by the Dismissal Procedures Order will be threatened, and failure to submit tax returns as required by applicable law could result in civil penalties.

10.     Accordingly, the Remaining Debtor seeks authority to pay $550,000 of estate funds in consideration of the fees and expenses incurred by Deloitte Tax in performance of the Additional Services (such fees and expenses, the "Additional Fees"). The Additional Fees will be paid into a segregated account (the "Segregated Account") controlled by Prime Clerk LLC ("Prime Clerk"), the Remaining Debtors' claims and noticing agent, and upon entry of the Order will become due and payable to Deloitte Tax in separate installments: (i) $290,000 will become due and payable when Deloitte Tax completes the federal return included among the 2021 Tax Returns; (ii) $60,000 will become due and payable when Deloitte Tax completes the state returns included among the 2021 Tax Returns; (iii) $190,000 will become due and payable when Deloitte Tax completes the federal return included among the 2022 Tax Returns; and (iv) $10,000 will become due and payable when Deloitte Tax completes the state returns included among the 2022 Tax Returns. Prior to the dismissal of the Remaining Debtor's chapter 11 case, no disbursement from the Segregated Account shall occur absent an order from this Court approving such disbursement. Following dismissal of the Remaining Debtor's chapter 11 case, Prime Clerk will disburse funds

from the Segregated Account upon receipt of notice from the Remaining Debtors' chief restructuring officer approving such disbursement.

11. The amount and manner of payment are consistent with what Deloitte Tax charges for non-debtor clients of similar size and complexity for work of this nature and scope.[4] Deloitte Tax estimates that completion of the Additional Services will entail approximately 1,900 hours of work by approximately 18 tax professionals.[5] Similarly, the manner and timing of payment of the Additional Fees is consistent with Deloitte Tax's practices.[6] Deloitte Tax regularly charges fixed fees for tax return preparation services.[7] Such a payment structure is particularly appropriate in these circumstances given the desire to distribute all other available funds to holders of claims pursuant to the Dismissal Order as soon as possible. In light of the circumstances, the Remaining Debtor submits that this relief is necessary to achieve an orderly completion of the remaining chapter 11 case.

## Basis for Relief

12. Section 503(b) of the Bankruptcy Code provides special priority for "actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commission for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A). Parties seeking administrative expense status must demonstrate that the costs and fees for which it seeks payment provided an actual benefit to the estate and that these costs were "necessary to preserve the value of the estate assets." *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 533 (3d Cir. 1999);

---

[4] *Id.* ¶ 5.

[5] *Id.*

[6] *Id.*

[7] *Id.*

5

*see also In re Goody's Family Clothing Inc.*, 610 F.3d 812, 818 (3d Cir. 2010) (same); *In re Subscription Tel. of Greater Atlanta*, 789 F.2d 1530, 1532 (11th Cir. 1986) ("There must be an actual concrete benefit to the estate before a claim is allowable as an administrative expense.").

13. Here, Deloitte Tax's performance of the Additional Services is crucial to preserving the integrity of the Remaining Debtor's orderly wind-down and to dismissing and dissolving the Remaining Debtor. Failure to file tax returns as required by applicable state and federal law could result in civil penalties. Furthermore, Deloitte Tax is plainly able to complete the Additional Services in the most efficient manner relative to available alternative professionals. Deloitte Tax has been working with the Debtors (and Remaining Debtors, as applicable) for nearly two years and is intimately familiar with the Remaining Debtors' books and records and the major events of these chapter 11 cases. Retaining a professional other than Deloitte Tax to perform the Additional Services would delay distributions given that it would, among other things, require any replacement professional to dedicate substantial time and resources to reviewing the Debtors' (and Remaining Debtor's, as applicable) financial circumstances prior to commencing the Additional Services. Thus, in order to wind down the remaining chapter 11 case in the most efficient manner possible, the Remaining Debtor seeks authorization to enter into the Engagement Letters and to compensate Deloitte Tax for the Additional Services as described herein.

14. In addition, section 105(a) of the Bankruptcy Code grants the Court broad authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). One of the Bankruptcy Code's core functions is to help maximize estate value available for distribution to creditors and other stakeholders. Absent entry of the Order, the Remaining Debtor will be required to delay distributions to administrative creditors for several months until a replacement for Deloitte Tax completes the Additional

Services.  Such a delay would further erode the value of estate assets without any concomitant benefit to stakeholders.  Entry of the Order, however, would authorize the Remaining Debtor to commence distributions on the most expeditious practicable timeline while Deloitte Tax completes the Additional Services in parallel.  It falls squarely within the Court's equitable powers under section 105(a) of the Bankruptcy Code to enter the Order as requested herein.

15. For these reasons, the Remaining Debtor respectfully requests that the Court grant the relief requested herein.

**Notice**

16. The Remaining Debtor will provide notice of this Motion to:  (a) the U.S. Trustee for the District of Delaware; (b) the Remaining Debtor; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to the administrative agent under the Remaining Debtor's prepetition revolving credit facility and the Remaining Debtor's debtor in possession ABL financing facility; (d) counsel to the administrative agent under the Remaining Debtor's debtor in possession term loan facility; (e) counsel to certain majority equity holders for Remaining Debtor Forever 21, Inc.; and (f) those parties requesting notice pursuant to rule 2002 of the Bankruptcy Rules.  The Remaining Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

17. No prior request for the relief sought in this Motion has been made to this or any other court.

| Dated: May 6, 2022 | */s/ Laura Davis Jones* |
| Wilmington, Delaware | Laura Davis Jones (DE Bar No. 2436) |
| | James E. O'Neill (DE Bar No. 4042) |
| | Timothy P. Cairns (DE Bar No. 4228) |
| | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, Delaware 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email: ljones@pszjlaw.com |
| | joneill@pszjlaw.com |
| | tcairns@pszjlaw.com |

-and-

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

-and-

Anup Sathy, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Co-Counsel for the Remaining Debtor*