# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
| :
In re: | :
| : Chapter 11
| : Case No. 19-12122 (MFW)
FOREVER 21, INC., | :
| :
Debtor. | : **Re: D.I. 2343 & __**
| :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER MODIFYING, IN PART, THE FEBRUARY 7, 2022 ORDER APPROVING DISTRIBUTIONS ON ACCOUNT OF ALLOWED ADMINISTRATIVE CLAIMS AND SECURED CLAIMS

Upon the motion (the "Motion")[1] of TRC Master Fund LLC ("TRC") to reconsider, in limited part, the *Order (I) Approving Distributions on Account of Allowed Administrative Claims and Secured Claims and (II) Granting Related Relief* (the "Distribution Order") [D.I. 2343] and modify that portion of the Distribution Order that requires the above-captioned debtor (the "Debtor") to donate to charity all cash held by the Debtor on account of Undeliverable Distributions (as defined in the Motion) that revert to the Debtor pursuant to the Distribution Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that TRC's notice of the Motion and opportunity for a hearing on the

---

[1] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion or the Distribution Order, as applicable.

{00034278. }

Motion were appropriate and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HERBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Distribution Order hereby is modified solely to delete the entirety of Paragraph 11(d) therein and replace Paragraph 11(d) as follows:

> d. On the date that is one-hundred fifty (150) days after the Undeliverable Distribution Date, the Debtor shall make a further distribution to holders of allowed Claims (other than holders of Claims attributable to Undeliverable Distributions) of all non-negotiated distributions and all undeliverable distributions as of such date. Notwithstanding anything to the contrary herein, on the date that is one-hundred eighty (180) days after the Undeliverable Distribution Date, notwithstanding applicable escheatment laws, all non-negotiated distributions and all undeliverable distributions as of such date shall revert to the Debtor for final disposition by the Debtor. Nothing contained herein shall require the Debtor to attempt to locate and holder of an allowed Claim.

3. Except as modified herein, the Distribution Order remains in full force and effect.

4. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.